# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

KRYSTIAN WNOROWSKI, individually
and on behalf of all others similarly situated,

   Plaintiff,

 v.

UNIVERSITY OF NEW HAVEN,

   Defendant.

Case No.: 3:20-cv-01589-MPS

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTICIATION AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii

INTRODUCTION ............................................................................................................ 1

FACTUAL BACKGROUND .......................................................................................... 3

LEGAL STANDARD ...................................................................................................... 4

ARGUMENT .................................................................................................................... 4

    I.    THE PROPOSED CLASSES MEET THE REQUIREMENTS OF RULE 23(A). .... 5

        A)    The Proposed Classes are Sufficiently Numerous. .................................................. 5

        B)    There Are Questions of Law and Fact Common to the Proposed Classes. ......... 6

        C)    Plaintiff's Claims Are Typical of the Other Members of the Classes' Claims and
Plaintiff and His Counsel Will Adequately Represent the Proposed Classes. ................ 8

    II.    THE PROPOSED CLASSES ARE DEFINITE AND ASCERTAINABLE .............. 10

    III.  THE PROPOSED CLASSES SATIFY RULE 23(B)(3). ............................................. 11

        A)    Common Issues Predominate. ................................................................................ 12

        B)    A Class Action is the Superior Procedure for Managing this Case. .................. 14

    IV.    THE CLASS ALSO SATISFIES RULE 23(b)(2). ..................................................... 15

    V.  ALTERNATIVELY, CLASS CERTIFICATION UNDER RULE 23(c)(4) is
APPROPRIATE ........................................................................................................... 17

    VI.    THE COURT SHOULD APPOINT PLAINTIFF AS CLASS REPRESENATIVE
AND APPOINT UNDERSIGNED COUNSEL AS CLASS COUNSEL............................ 18

CONCLUSION ............................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alderman v. The Bd. of Governors of the Colorado State University System*, 2020CV31410 (Dist. Ct. Denver ................................................................................................................ 10

*Alexander v. Florida International University Board of Trustees*, Case No. 2021-009869-CA-01(44), Order (Fla. 11th Cir. Ct. Dec. 30, 2021) ........................................................ 2

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................... 4, 14

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455 (2013) ...................... 1, 4

*Arredondo v. Univ. of La Verne*, Case No. 2:20-cv-07665, Order (C.D. Cal. Feb. 2, 2022) ......... 2

*Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52 (2d Cir. 2000) ................. 8

*Bergeron v. Rochester Inst. of Tech.*, 6:20-cv-06283 (W.D.N.Y) ............................... 10

*Brecher v. Republic of Argentina*, 806 F.3d 22 (2d Cir. 2015).................................... 11

*Cross v. Univ. of Toledo*, Case No. 2020-00274, 2021 WL 1822676 (Ohio Ct. Cl. Apr. 26, 2021) ....................................................................................................................... 2, 4

*Ellis v. Gen. Revenue Corp.*, 274 F.R.D. 53 (D. Conn. 2011) ...................................... 5

*Espejo v. Cornell Univ.*, 3:20-cv-00467 (N.D.N.Y) .................................................... 10

*Esposito v. Nations Recovery Center, Inc.*, 2020 WL 348917 (D. Conn. 2020) ............. 5

*Estate of Gardner v. Continental Casualty Co.*, 316 F.R.D. 57 (D. Conn. 2016) ............... 7, 9, 12

*Ford v. Rensselaer Polytechnic Insti.*, 1:20-cv-470 (N.D.N.Y.) ................................. 10

*Hill v. City of New York*, 136 F. Supp. 3d 304 (E.D.N.Y. 2015).................................... 5

*In re Columbia University Tuition Refund Litigation*, 1:20-cv-03208-JMF (S.D.N.Y. .............. 10

*In re Motor Fuel Temperature Sales Practices Litig.*, MDL No. 1840, 2013 WL 1397125 (D. Kan. Apr. 5, 2013)........................................................................................................... 17

*In re Nassau Cty. Strip Search Cases,* 461 F.3d. 219 (2nd Cir. 2006) ......................... 17

*In Re Petrobras Sec.*, 862 F.3d 250 (2d. Cir. 2017) .................................................... 11

*In re Restasis Antitrust Litigation*, 335 F.R.D. 1 (E.D.N.Y. 2020) .............................................. 12

*In re: University of Miami COVID-19 Tuition and Fee Refund Litigation*, 0:20-cv-60851 (S.D. Fla.) ............................................................................................................................ 10

*Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578 (S.D.N.Y. 2013) .................................................... 17

*Levin v. Bd. of Regents of the Univ. of Colorado*, 2020-CV-31409 (Dist. Ct. Denver) .............. 10

*Little v. Grand Canyon Univ.*, Case No. CV-20-00795, 2022 WL 266726 (D. Ariz. Jan. 28, 2022 ...................................................................................................................................... 2

*Montesano v. Catholic Univ. of America*, 1:20-cv-01496 (D.D.C.) ............................................ 10

*Pennsylvania Pub. Sch. Employees' Ret. System v. Morgan Stanley & Co. Inc.*, 772 F.3d 111 (2d Cir. 2014) ...................................................................................................................... 5

*Quereshi v. American Univ.*, 1:20-cv-01141 (D.D.C.) ................................................................ 10

*Roach v. T.L. Cannon Corp.*, 778 F.3d. 401(2nd Cir. 2015) ...................................................... 12

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) .................................................................... 6, 8

*Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147 (2d Cir. 2001) ...................................... 8

*Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813, Order (S.D. Fla. Sept. 9, 2021) ......................... 2

*Ryan v. Temple Univ.*, 2:20-cv-03434 (E.D. Pa.) ........................................................................ 10

*Schonfeld v. Hilliard*, 218 F.3d 164 (2d Cir. 2000) .................................................................... 13

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) ................ 15

*Smith v. The Ohio State Univ.*, Case No. 2020-00321, Order (Ohio Ct. Cl. Jan. 21, 2022) .......... 2

*Waitt v Kent State Univ.*, Case No. 2020-00392, Order (Ohio Ct. Cl. Feb. 11, 2022) ................ 2

*Wal-Mart Stores, Inc. v. Dukes, et al.*, 564 U.S. 338 (2011) ......................................... 2, 7, 15, 16

*Weiman v. Miami Univ.*, Case No. 2020-00614, Order (Ohio Ct. Cl. Dec. 13, 2021) ................ 2

*Wright v. Southern N.H. Univ.*, No. 20-cv-609, Order (D. N.H. Sept. 22, 2021)........................... 2

**Rules**

Fed. R. Civ. P. 23(a)(2) ................................................................................................ 6, 7

Fed. R. Civ. P. 23(a)(4) ................................................................................................... 9

Fed. R. Civ. P. 23(b)(2) ............................................................................................... 4, 15

Fed. R. Civ. P. 23(b)(3) ................................................................................... 5, 11, 12, 14

Fed. R. Civ. P. 23(c)(1)(A .............................................................................................. 4

Fed. R. Civ. P. 23(c)(4 ................................................................................................... 5

Fed. R. Civ. P. 23(g) ..................................................................................................... 10

Fed. R. Civ. P. 23(g)(1) ................................................................................................. 18

Fed. R. Civ. P. 23(g)(1)(A). ............................................................................................. 9

**Other Authorities**

2 Newberg on Class Actions § 4:26 (5th ed. 2020) ....................................................... 16

MOORE'S FEDERAL Practice § 23.120(3)(a) (3d ed. 2007) ....................................... 18

Plaintiff, Krystian Wnorowski ("Plaintiff") individually and on behalf of all others similarly situated (the "Tuition Class," the "Fees Class," collectively the "Classes" as defined herein), by his undersigned counsel and pursuant to Rule 23 of the Federal Rules of Civil Procedure, submit this Memorandum of Law in Support of his Motion for Class Certification and Appointment of Class Representative and Class Counsel.

## **INTRODUCTION**

Plaintiff moves for certification of the proposed Classes because the issues in this case arise from the common experience of approximately 6,800 students of Defendant University of New Haven ("Defendant"). Every member of the proposed Classes was enrolled in on-campus classes as a student at University of New Haven, which required payment of tuition and mandatory fees for access to various services and facilities to be fully available throughout the Spring 2020 semester. However, on March 9, 2020, Defendant cancelled in-person instruction and closed down campus in response to the COVID-19 crisis. Every member of the proposed Classes was deprived the benefit of their bargain because they were denied access to the services and facilities for the remainder of the semester. Defendant, however, has refused to refund the tuition and fees paid as consideration for this on-campus experience, breaching its agreement with Plaintiff and similarly situated students and unjustly enriching itself at the expense of its students. As a result of Defendant's uniform conduct, Plaintiff brought this action, alleging claims of breach of contract or, alternatively, unjust enrichment, on behalf of himself and all members of the proposed Classes.

At this stage of the litigation, the Court need "not [] adjudicate the case; rather, [the Court must] select the method best suited to adjudication of the controversy fairly and efficiently. *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 460 (2013)(internal quotation and brackets omitted). Proceeding as a class action will undoubtedly provide the most efficient and fair method

of adjudication.  Indeed, this case seems tailor-made for class certification and class adjudication.[1]

It would be inefficient and a waste of judicial resources to require students to file lawsuits, one by one, seeking the same relief, based on the same facts.  The answers to the common questions regarding Defendant's liability and the method for calculating damages will be the same for all members of the Classes.  *See Wal-Mart Stores, Inc. v. Dukes, et al.*, 564 U.S. 338, 350 (2011)(recognizing that a proceeding's ability to "generate common answers" is "what matters").

In addition, since Defendant has refused to – and should be ordered to – take action on grounds that apply to every member of the proposed Classes, declaratory and injunctive relief also are appropriate for the class as a whole.  *Dukes*, 564 at 360 ("Rule 23(b)(2) allows class treatment when . . . final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.")  Accordingly, Plaintiff's motion for class certification and appointment of Class Representative and Class Counsel should be granted.

---

[1] Courts have readily concluded that class treatment is appropriate in similar cases.  *See, e.g.*, *Arredondo v. Univ. of La Verne*, Case No. 2:20-cv-07665, Order (C.D. Cal. Feb. 2, 2022)(granting class certification as to tuition and fees)(Exhibit 1); *Waitt v Kent State Univ.*, Case No. 2020-00392, Order (Ohio Ct. Cl. Feb. 11, 2022)(same)(Exhibit 2);  *Smith v. The Ohio State Univ.*, Case No. 2020-00321, Order (Ohio Ct. Cl. Jan. 21, 2022)(same)(Exhibit 3). *Weiman v. Miami Univ.*, Case No. 2020-00614, Order (Ohio Ct. Cl. Dec. 13, 2021)(same)(Exhibit 4);*Cross v. Univ. of Toledo*, Case No. 2020-00274, 2021 WL 1822676 (Ohio Ct. Cl. Apr. 26, 2021)(same with the addition of a room and board class)(Exhibit 5); *Wright v. Southern N.H. Univ.*, No. 20-cv-609, Order (D. N.H. Sept. 22, 2021)(certifying a settlement class as to all students for tuition and fees)(Exhibit 6); *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813, Order (S.D. Fla. Sept. 9, 2021)(same with the addition of a room and board class)(Exhibit 7); *Little v. Grand Canyon Univ.*, Case No. CV-20-00795, 2022 WL 266726 (D. Ariz. Jan. 28, 2022)(granting class certification as to all students for fees)(Exhibit 8); and *Alexander v. Florida International University Board of Trustees*, Case No. 2021-009869-CA-01(44), Order (Fla. 11th Cir. Ct. Dec. 30, 2021)(certifying as to all students for fees)(Exhibit 9).

## FACTUAL BACKGROUND

All of the proposed members of the Classes, including Plaintiff, paid tuition and fees to University of New Haven for the 2020 Spring semester. ¶¶[2] 17, 28.  Students at University of New Haven make these payments in exchange for in-person and on-campus educational services, experiences, and opportunities as detailed in Defendant's marketing, advertisements, and other public representations.  ¶¶ 21-25.  The 2020 Spring 2020 semester began on January 22, 2020 and was scheduled to conclude on May 13, 2020.  ¶¶ 35-36.

On March 9, 2020, university president Steven Kaplan announced: "Out of an abundance of caution, **I have made the decision to suspend all in-person classes** and exams . . . **All currently scheduled events and athletic contests are cancelled** as of 6 p.m. today, Monday, March 9 through March 24 . . . **Residence halls will close** as of 5 p.m. on Tuesday, March 10. Those who need extra time to make travel accommodations must leave the residence halls by noon on Wednesday, March 11."[3]  This campus closure continued throughout the remainder of the semester.  ¶ 37.  Despite this campus shutdown, Defendant never offered a refund for the services it did not provide.  ¶ 44.

Plaintiff, individually and on behalf of the other members of the proposed Classes, seeks the entry of an Order requiring Defendant's disgorgement of the pro-rated tuition and fees proportionate to the amount of time that remained in the Spring 2020 semester-approximately

---

[2] Citations to "¶" herein shall refer to paragraphs in the Amended Class Action Complaint ("FAC")(ECF 9).

[3] Steven H. Kaplan, *Breaking News: University of New Haven Suspends All Classes Amid Conronvirus Concerns*, THE CHARGE BULLETIN (Mar. 9, 2020), https://chargerbulletin.com/breaking-news-university-of-new-haven-suspends-all-classes-amid-conronvirus-concerns/.

53%-when Defendant moved classes on-line and stopped providing on-campus services and activities.  ¶ 4.

## LEGAL STANDARD

To determine whether a plaintiff's proposed class should be certified courts will look to see whether all four requirements of Rule 23(a) have been satisfied along with one of the three categories of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).  The Court may only consider questions regarding the merits of the case "to the extent that they are relevant to determining whether the Rule 23 requirements for class certification are satisfied." *Amgen*, 568 U.S. at 466.  When the plaintiffs' claims raise common questions of law and fact, as in this case common adjudication is superior to individual treatment.  *See Cross*, 2021 WL 1822676, at *5 ("whether [named plaintiff], as well as those similarly situated, are entitled to remediation for tuition, … and fees are questions of law or fact common to [named plaintiff] and those similarly situated, and, in the Court's view, [named plaintiff's] relative to remediation for tuition, … and fees are typical of the claims of the proposed class. The Court therefore finds that there are questions of law or fact common to members of the proposed class.")

## ARGUMENT

Federal Rule of Civil Procedure 23(c)(1)(A) provides that "at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Plaintiff is able to meet all requirements of Fed. R. Civ. P. 23(a) and at least one prong of Rule 23(b) or Rule 23(c)(4). Rule 23(b)(2) requires that Defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(3) requires common questions of law and

fact to predominate over questions affecting only individual class members, and a class action is "superior to other available methods of adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Lastly, Rule 23(c)(4) provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). Plaintiff meets all prerequisites of Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3). In the alternative, Plaintiff also meets the requirements of Rule 23(c)(4).

## I.      THE PROPOSED CLASSES MEET THE REQUIREMENTS OF RULE 23(A).

"The Party seeking to certify a class bears the burden of demonstrating numerosity, commonality, typicality, and adequacy' under the Federal Rule of Civil Procedure 23." *Esposito v. Nations Recovery Center, Inc.*, 2020 WL 348917 at *2 (D. Conn. 2020). The moving party, therefore must show the four threshold requirements of Rule 23(a): "the class must be so numerous that joinder of all members is impracticable ('numerosity'); there must be questions of law or fact common to the class ('commonality'); the claims or defenses of the representative parties are typical of the claims or defenses of the class ('typicality'); and the representative parties will fairly and adequately protect the interests of the class ('adequacy of the representation')" and the class must also meet at least "satisfy one of the requirements of Rule 23(b)." *Ellis v. Gen. Revenue Corp.*, 274 F.R.D. 53, 60 (D. Conn. 2011). Here, the Class meets all requirements of Rule 23(a).

### A)      The Proposed Classes are Sufficiently Numerous.

"Numerosity is presumed for classes larger than forty members." *Pennsylvania Pub. Sch. Employees' Ret. System v. Morgan Stanley & Co. Inc.*, 772 F.3d 111, 120 (2d Cir. 2014), *as amended* (Nov. 12, 2014); *see also Hill v. City of New York*, 136 F. Supp. 3d 304, 353 (E.D.N.Y. 2015), *order amended and supplemented*, 2019 WL 1900503 (E.D.N.Y. Apr. 29, 2019)("While there is no magic minimum number to establish numerosity, courts in the Second Circuit generally

presume that a class consisting of 40 or more members is sufficiently numerous.")(internal quotation marks omitted).  "Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement." *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993).

Here, Plaintiff seeks to certify two classes ("the Class") under Rule 23(b)(2), 23(b)(3),

**The Tuition Class:**
All persons whom paid tuition for or on behalf of students enrolled in classes at the University of New Haven for the Spring 2020 Semester and were denied live in-person instruction from March 9, 2020 until the end of the Semester.

**The Fees Class:**
All persons whom paid fees for or on behalf of students enrolled at the University of New Haven who were charged fees for services, facilities, resources, events and/or activities for the Spring 2020 Semester that were not provided in whole or in part.

¶ 45.  According to Defendant's website, "The University of New Haven has a total of 6,793 students . . ."[4] Defendant cannot contest that more than 40 students were enrolled at its university during the Spring 2020 semester and. that those individuals paid tuition and fees.  This requirement of Federal Rule of Civil Procedure 23(a)(1) is easily satisfied.

**B)      There Are Questions of Law and Fact Common to the Proposed Classes.**

Federal Rule of Civil Procedure requires that plaintiffs seeking class certification demonstrate that all members of the class share "common questions of fact or law."  Fed. R. Civ. P. 23(a)(2).  "To satisfy the commonality requirement, class members' claim must 'depend upon a common contention,' and the common contention 'must be of such a nature that it is capable of classwide resolution.'"  *Estate of Gardner v. Continental Casualty Co.*, 316 F.R.D. 57, 70 (D.

---

[4] *Fast Facts*, UNIVERSITY OF NEW HAVEN (Jan. 20, 2020),
https://web.archive.org/web/20200120102705/http://newhaven.edu/about/facts-figures.php.

Conn. 2016) (internal citations omitted).  Thus, Fed. R. Civ. P. 23(a)(2) "requires the plaintiff to demonstrate that class members 'have suffered the same injury'" and "[e]ven a single question of law or fact" will satisfy the commonality requirement of Rule 23(a)(2).  *Dukes,* 564 U.S. 338, 350, 369 (2011).  Furthermore, the commonality requirement will be met if [where] the determination of [the common contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* at 350.  That is the case here, where the answers to common questions will drive the resolution of each of Plaintiff's and the other members of the Classes' claims.

This case centers around Defendant's misconduct, which was uniformly experienced by the entirety of the proposed Classes, raising common issues of fact and law.  Defendant acts and omissions were applicable to and affected every member of the proposed Classes who was enrolled for on-campus learning at University of New Haven for the Spring 2020 semester.  This action involves common question of law and fact, which predominate over any questions affecting individual members of the Classes members, including, without limitation:

- Whether Defendant engaged in the conduct alleged in the FAC;

- Whether there is a difference in value between online distance learning and live in—person instruction;

- Whether Defendant breached its contract with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and living in-person instruction;

- Whether Defendant was unjustly enriched by retaining tuition payment of Plaintiff and the Tuition Class representing the different between the value of online distance learning and live in-person instruction;

- Whether Defendant breached its contacts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

- Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

¶ 50.

The answered to these questions will be determinative of the outcome of this litigation for all proposed members of the Classes.  Thus, common issues in this case will be sufficiently specific and relevant to both Classes to ensure a vigorous and full presentation of all claims for relief. Plaintiff therefore satisfies the commonality requirement.

### C) Plaintiff's Claims Are Typical of the Other Members of the Classes' Claims and Plaintiff and His Counsel Will Adequately Represent the Proposed Classes.

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001)(internal quotation marks and citation omitted).  Adequacy requires "inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).

"When it is alleged that the same unlawful conduct was direct at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims."  *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993).

In the present case, Plaintiff and all members of the Class contracted with the Defendant for in-person, on-campus instruction, educational services, and use of facilities in exchange for payment of tuition and fees. Defendant stopped providing in-person, on-campus instruction,

8

educational services, and use of facilities on March 9, 2020.  ¶¶ 37-38. Thus, all members of the Classes, including named Plaintiff, were denied the full benefit of their bargain. All claims brought in this action arise out of this uniform misconduct by Defendant. Furthermore, the damages caused by Defendant's misconduct are identical across the proposed Classes including named Plaintiff. Therefore, Plaintiff's claims are typical of the proposed Classes claims, thereby satisfying Rule 23(a)(3).

The final requirement of Rule 23(a) requires the class representative to "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4). "Adequacy under Rule 23(a)(4) consists of two requirements: 'First, class counsel must be qualified, experienced and generally able to conduct the litigation. Second, the class members must not have interests that are antagonistic to one another.'" *Estate of Gardner*, 316 F.R.D. 57, 73 (internal citations omitted). Additionally, in evaluating the adequacy of plaintiffs' counsel, the court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other class complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).

Plaintiff has no conflicts of interest with absent members of the proposed Classes, and has every interest and intention of prosecuting this case vigorously. *See* Plaintiff Decl. ¶ 15. To date, Plaintiff has actively participated in this litigation by providing counsel with documents, emailing his counsel, and providing privileged interviews with counsel about his experiences. *See* Plaintiff Decl. ¶ 12.  He has chosen to serve as the named Plaintiff and as Class Representative to ensure that all Class members receive proper relief for Defendant's wrongdoing here. Plaintiff's claims

arise from the same misconduct, ask the same questions of fact and law, and seek the same damages, which may vary in amount but will be calculated by the same method.

Plaintiff is represented by highly qualified counsel with extensive experience conducting class and complex litigation particularly in breach of contract and consumer protection cases. Counsel has committed significant resources to developing the claims in this case, are committed to continuing to prosecute this action vigorously, and should be appointed to serve as Class Counsel under Rule 23(g).   Fed. R. Civ. P. 23(g); *See, also* Anastopoulo Firm Resume. Anastopoulo Law Firm has been at the forefront of college and university COVID-19 litigation. It has assembled an in-house team of lawyers, together with dedicated support staff, who are working exclusively on these cases.  Collectively, this team has spent over 17,000 hours on the tuition refund litigation nationwide.  In recognition of its qualifications, Anastopoulo Law Firm has been appointed lead or co-lead counsel in ten (10) analogous cases seeking pro-rated refunds based on universities' decision to cancel in-person classes and close campus.[5] *See* Lead Counsel Decl. ¶ 5; Anastopoulo Firm Resume. Thus, Plaintiff has established the adequacy of counsel to represent the Class.

## II.      THE PROPOSED CLASSES ARE DEFINITE AND ASCERTAINABLE

The Second Circuit has "recognized an 'implied requirement of ascertainability' in Rule 23 of the Federal Rules of Civil Procedure."  *Brecher v. Republic of Argentina*, 806 F.3d 22, 24

---

[5] *See*, *In re Columbia University Tuition Refund Litigation*, 1:20-cv-03208-JMF (S.D.N.Y.)(currently pending final approval of class-wide settlement); *Ford v. Rensselaer Polytechnic Insti.*, 1:20-cv-470 (N.D.N.Y.); *Espejo v. Cornell Univ.*, 3:20-cv-00467 (N.D.N.Y); *Bergeron v. Rochester Inst. of Tech.*, 6:20-cv-06283 (W.D.N.Y); *In re: University of Miami COVID-19 Tuition and Fee Refund Litigation*, 0:20-cv-60851 (S.D. Fla.); *Quereshi v. American Univ.*, 1:20-cv-01141 (D.D.C.); *Montesano v. Catholic Univ. of America*, 1:20-cv-01496 (D.D.C.); *Ryan v. Temple Univ.*, 2:20-cv-03434 (E.D. Pa.); *Levin v. Bd. of Regents of the Univ. of Colorado*, 2020-CV-31409 (Dist. Ct. Denver); *Alderman v. The Bd. of Governors of the Colorado State University System*, 2020CV31410 (Dist. Ct. Denver).

(2d Cir. 2015). The ascertainability doctrine "requires only that a class be defined using objective criteria that establish a membership with definite boundaries." *In Re Petrobras Sec.*, 862 F.3d 250, 264 (2d. Cir. 2017). The analysis is therefore "limited to [the] narrow[] question of whether those determinations are objectively possible." *Id.*, at 269 (emphasis in original). So, while members of the class must be identifiable, "ascertainability does not require a complete list of class members at the certification stage." *Id.* at 266 n.16 (internal quotations marks omitted). Thus, ascertainability is a "modest threshold requirement" that "will only preclude certification if a proposed class definition is indeterminate in some fundamental way. *Id.* at 269.

The Classes proposed by Plaintiff are objectively defined and establishes definite boundaries. First, the Classes are specific to students who were enrolled or those who paid on behalf of a student enrolled at the University of New Haven during the Spring 2020 semester. Second, the Classes are exclusive to tuition and fees. Lastly, the Classes are limited to only the Spring 2020 semester.

The Classes are objectively defined and the members can be readily and easily ascertained from Defendant's records. Therefore, the ascertainability threshold requirement of Rule 23 is met.

## III.    THE PROPOSED CLASSES SATIFY RULE 23(B)(3).

Federal Rule of Civil Procedure 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In reviewing this issue, courts consider (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the

particular forum; and (d) the likely difficulties in managing a class action."  Fed. R. Civ. P. 23(b)(3).

**A)** **Common Issues Predominate.**

"Rule 23(b)(3)'s predominance requirement tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Estate of Gardner*, 316 F.R.D. 57, 76 (internal citations omitted). The purpose of the predominance requirement is to "ensure that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id.* The predominance requirement will be satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Roach v. T.L. Cannon Corp.*, 778 F.3d. 401, 405 (2nd Cir. 2015) (internal citations omitted). "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof.'" *In re Restasis Antitrust Litigation*, 335 F.R.D. 1, 14 (E.D.N.Y. 2020) (internal citations omitted).

In the present case, the common issue—whether Defendant breached its contract with Plaintiff and members of the proposed Classes by failing to provide them with in-person, on-campus education, educational services, and use of facilities after March 9, 2020—clearly predominates over any individual issues that may exist.  Furthermore, all proposed class members were subject to the same standardized documents and representations made by Defendant through its application, acceptance, admissions, enrollment, registration, and payment processes.  Thus, all

members of the proposed Classes were subject to the same contractual arrangement—students will receive in-person, on-campus instruction, educational services, and use of facilities in exchange for payment of tuition and fees—and identical breach of the contract by Defendant, regardless of what major, scholarship or other ancillary agreements students may have had with Defendant. Class certification is proper here because the determination of Defendant's liability will be based upon the common facts and circumstances applicable to all class members.

Predominance is further satisfied because the damages that Plaintiff seeks for himself, and on behalf of all class members, includes the prorated amount of tuition and fees that Plaintiff, and students like Plaintiff, paid for the off-campus, online portion of the Spring 2020 Semester, adjusted for the limited services that Defendant provided Plaintiff and students like Plaintiff. Here, Plaintiff has detailed his methodology for calculating damages, including a few key points.

Defendant's Spring 2020 semester began on January 22, 2020 and was scheduled to end on May 13, 2020, for a term length of 113 days.  ¶ 35-36.  However, on March 9, 2020, Defendnat cancelled in-person instruction for the remainder of the semester and transitioned all classes to remote instruction on March 14, 2020.  ¶ 37.  Therefore, Plaintiff, along with all of the members of the proposed class, lost 60 total days of in-person instruction and on-campus services or activities, or 53% of the semester.  Based on this, Plaintiff seeks to recover the market value of the 53% of the Spring 2020 semester which contained no in-person instruction and students could not access on-campus services, facilities, or activities.  *See Schonfeld v. Hilliard*, 218 F.3d 164, 175-76 (2d Cir. 2000) ("General damages are sometimes called 'market' damages because, when the promised performance is the delivery of goods, such damages are measured by the difference between the contract price and the market value of the goods at the time of the breach.").  Plaintiff will calculate damages based on net revenue collected by Defendant for the Spring 2020 semester

in the form of tuition and fees, divided by the number of students enrolled during the spring 2020 semester, further divided by the percentage of days remaining in the Spring 2020 semester when Defendant ceased in-person instruction and required students to vacate campus.   The resulting number may be further adjusted based upon expert testimony and/or other evidence or damages models set forth by Defendant with respect to any credit Defendant might be owed for the value of such minimal services that remained available past the date when Defendant ceased in-person instruction and required students to vacate campus.   Therefore, Rule 23(b)(3)'s predominance requirement is satisfied.

**B)     A Class Action is the Superior Procedure for Managing this Case.**

Several factors are relevant to assessing superiority including: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action."   Fed. R. Civ. P. 23(b)(3)(A)-(D).

Plaintiff and the other members of the proposed Classes experienced virtually identical circumstances as a result of Defendant's misconduct.   At its core, this is a case of common factual questions, the answers to which will be driven by discovery.   Relitigation these issues repeatedly contravenes the purposes of the Federal Rules.   Further, a class action will not "sacrifice[e] procedural fairness or bring[] about other undesirable results."   *Amchem*, 521 U.S. at 615.

As set forth in the Amended Complaint, thousands of students paid for and attended the University of New Haven for the Spring 2020 semester.   Requiring all the students to litigate their own claim would not only be judicially inefficient, but would also reduce the students' incentive to litigate the common questions presented here because the potential damages awarded may be

14

significantly lower than the cost of litigation.  It is clear that litigating this action as a class action is more practical and efficient than to litigate thousands of individual claims for damage awards that simply do not justify lengthy and complex trials.  However, a class action would allow this Court to resolve all the common questions of fact and law in one action, and, therefore, would avoid disincentivizing students from not seeking relief and the risk of inconsistent results.

Furthermore, Plaintiff is unaware of any other action or controversy commenced against Defendant that is seeking the same relief on behalf of the same classes.  Additionally, the University of New Haven is headquartered in this District and there are no difficulties likely to arise in the management of this case as it involves the straightforward claims of breach of contract and unjust enrichment.  Thus, a class action is the most practical, efficient, and fair method of adjudication.  *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 402 (2010) (Rule 23 is "designed to further procedural fairness and efficiency.").  Accordingly, a class action is the superior procedure for managing this case; satisfying Rule 23(b)(3)'s superiority requirement.

## IV.    THE CLASS ALSO SATISFIES RULE 23(b)(2).

A class action can be certified, under Rule 23(b)(2), where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. 23(b)(2); see also *Dukes*, 564 U.S. 338, at 360 (certification under Rule 23(b)(2) is appropriate "when a single injunction or declaratory judgement would provide relief to each member of the class"). As the Supreme Court has explained, "[t]he key to the (b)(2) class is the 'indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct

15

is such that it can be enjoined or declared unlawful only as to all the class members or as to none of them.'" *Dukes*, at 360 (internal citations omitted).

Unlike Rule 23(b)(3), when seeking certification under Rule 23(b)(2) "there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is a superior method of adjudicating the dispute. Predominance and superiority are self-evident." *Dukes*, at 362–363. Rather, class certification under Rule 23(b)(2) is sufficient if class members complain of a pattern or practice that is applicable to the class as a whole. See 2 Newberg on Class Actions § 4:26 (5th ed. 2020) ("Rule 23(b)(2) authorizes certification in situations affecting the class as a whole, when 23(b)(2) circumstances are present, unitary adjudication is not only preferable, but it is also essential.").

In the present case, all members of the proposed Class and Plaintiff, were all suffered the same harm arising from the University's uniform conduct and policies. The University's refusal to issue prorated refunds for tuition and fees monies collected for in-person, on-campus instruction, educational services, facilities, and activities for the Spring 2020 Semester is the uniform misconduct that is applicable to all proposed Class members. To rectify this harm suffered by all proposed Class members, Plaintiff, individually and on behalf of all others Class members, seeks declaratory and injunctive relief, declaring that Defendant has wrongfully retained the monies that he and the other Class members paid in the form of tuition and fees, and enjoining Defendant from retaining the prorated, unused portion of those tuition and fees. This is the type of "indivisible injunction [that] benefit[s] all its members at once", which satisfies Rule 23(b)(2). Therefore, Plaintiff has satisfied the class certification requirement under Rule 23(b)(2).

## V.     ALTERNATIVELY, CLASS CERTIFICATION UNDER RULE 23(c)(4) is APPROPRIATE

Courts may, in the alternative, allow claims to be adjudicated as a class action under Federal Rule of Civil Procedure 23(c)(4).  Class certification under Rule 23(c)(4) is appropriate "to certify a class on a particular issue even if the action as a whole does not satisfy Rule 23(b)(3)'s predominance requirement."  *In re Nassau Cty. Strip Search Cases,* 461 F.3d. 219, 225 (2nd Cir. 2006) (internal citations omitted).  However, "[c]ourts should use Rule 23(c)(4) only 'where resolution of the particular common issues would materially advance the disposition of the litigation as a whole.'" *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 589 (S.D.N.Y. 2013) (internal citations omitted).

In this case, the Defendant's liability issues are best litigated in a class action. For the purposes of alternatively certifying classes under Rule 23(c)(4), "liability issues" would include all substantive elements of the Plaintiff's, and proposed Class members', breach of contract and unjust enrichment claims for tuition and fees.  *See In re Motor Fuel Temperature Sales Practices Litig.*, MDL No. 1840, 2013 WL 1397125 (D. Kan. Apr. 5, 2013) (allowing class certification as to only liability and leaving damages for a separate, individual determination).  Thus, if the Court finds that the Rule 23(b)(3)'s predominance requirement is not met, which for the reasons stated above would not be appropriate, Rule 23(c)(4) authorizes the Court to certify the class and proceed with Class adjudication of Defendant's liability.  Therefore, if the Court finds that the proposed Classes does not meet the requirements of Rule 23(b)(3), this Court can, alternatively, certify the proposed Class under Rule 23(c)(4).

## VI.    THE COURT SHOULD APPOINT PLAINTIFF AS CLASS REPRESENATIVE AND APPOINT UNDERSIGNED COUNSEL AS CLASS COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiff requests his counsel to be appointed to represent the Class and be identified as "Class Counsel." Under Rule23(g)(1), "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1).

Pursuant to Rule 23(g), Plaintiff requests his counsel be appointed to represent the Class and identified as "Class Counsel." This factor focuses "on the actual performance of counsel acting on behalf of the class." Fed. R. Civ. P. 23 Advisory Committee Notes (Dec. 1, 2018).  Rule 23(g)(1)(A) provides, in relevant part, that in appointing Class counsel the Court must consider:

(i)  the work counsel has done in this action for identifying or investigating potential claims;

(ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in this action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL Practice § 23.120(3)(a) (3d ed. 2007) (emphasis added).

Here, Plaintiff has assembled a reputable team consisting of national counsel experienced in this particular field of litigation, reliable and reputable local counsel, and are intimately familiar

with the local rules and customs of this Court. This team of lawyers and law firms has and will continue to work tirelessly to represent the interests of the Classes.

Plaintiff's counsel's work in identifying and investigating the claims, in this case, demonstrates that they have and will continue to represent the proposed Classes fairly and adequately. For example, the proposed Class Counsel have performed the following investigative and other work thus far:

   a.  Investigated potential legal claims arising from Defendant's closure of its campus and failure to provide in-person classes during the Spring 2020 semester;

   b.  Reviewed and analyzed numerous articles describing Defendant's challenged conduct, and conduct of other colleges and universities;

   c.  Reviewed and analyzed Defendant's website;

   d.  Reviewed and analyzed Defendant's policies, student handbooks, and course catalogs;

   e.  Conferred with potential consulting experts regarding the technical aspect of Defendant's conduct;

   f.  Reviewed an analyzed Defendant's initial production of documents;

   g.  Investigated the nature of the challenged conduct at issue by reviewing social media, message boards, and websites;

   h.  Reviewed and analyzed the public comments and statements made by Defendant related to the challenged conduct at issue;

   i.  Investigated the adequacy of the named Plaintiff to represent the putative classes;

   j.  Drafted the class action complaint in this action;

   k.  Drafted the amended complaint in this action;

   l.  Assisted the named Plaintiff in drafting responses to Defendant's discovery requests; and

   m.  Drafted the present motion.

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, marshaled to identify, develop, and demonstrate the claims alleged in the Complaint.  These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider when appointing class counsel.

Concerning tuition refund litigation generally, the Anastopoulo Law Firm is believed to have filed, on April 8, 2020, the second tuition refund case in the nation, and thereafter filed the third, fifth, and sixth complaints of this type nationally. Since then, thousands of students throughout the country have contacted their undersigned attorneys regarding bringing tuition refund lawsuits against their university for COVID-related closures. Currently, the Anastopoulo Law Firm has over 40 such cases pending throughout the country in various state and federal courts and is in contact with hundreds of students at those schools.

Thus, Plaintiff proposes the appointment of Anastopoulo Law Firm, LLC for the proposed Classes.

## CONCLUSION

The proposed classes meet all the requirements of Rule 23 to be certified.  The classes meet the tests for numerosity, commonality, and typicality. Common questions of law and fact predominate over all individual questions.  Furthermore, litigation as a class action is the superior method to filing over 100 individual actions seeking the identical relief resulting from the same actions taken by Defendant.  Additionally, the class representative is adequate and has retained attorneys who have significant experience and will vigorously litigate this action on behalf of all class members.  For all reasons stated above, Plaintiff respectfully requests the Court to certify the above described Classes.

Dated: February 15, 2022

Respectfully submitted,

/s/ *Roy T. Willey, IV*
Eric M. Poulin*
Roy T. Willey, IV*
Blake G. Abbott*
**ANASTOPOULO LAW FIRM, LLC**
32 Ann Street
Charleston, SC 29403
(P):  (843) 614-8888
(F):  (843) 494-5536
Email: eric@akimlawfirm.com
        roy@akimlawfirm.com
        blake@akimlawfirm.com

     -AND-

Edward Toptani
**TOPTANI LAW OFFICES**
375 Pearl St
Ste 1410
New York, NY 10038
(P): 212-699-8930
(F): 212-699-8939
Email: edward@toptanilaw.com


**ATTORNEYS FOR PLAINTIFF**

* *Admitted Pro Hac Vice*