# EXHIBIT 2

*Waitt v Kent State Univ.*, Case No. 2020-00392, Order (Ohio Ct. Cl. Feb. 11, 2022)

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CAITLYN WAITT, et al. | Case No. 2020-00392JD |
| Plaintiffs | Judge Dale A. Crawford |
| v. | DECISION |
| KENT STATE UNIVERSITY | |
| Defendant | |

Before the Court is a motion for class certification filed by Plaintiffs Caitlyn Waitt and Jordan Worrell. Defendant Kent State University (KSU or University) opposes Waitt and Worrell's motion. Waitt and Worrell's motion for class certification has been fully briefed.

### I. Introduction

Waitt and Worrell generally contend in a Second Amended Complaint that, beginning with the University's Spring 2020 semester, KSU breached an implied contract or, express contract, with them, and others similarly situated, by providing online education, instead of an in-person college experience during a pandemic of the Novel Coronavirus Disease 2019 (COVID-19). Waitt and Worrell present a claim of breach of contract and, in the alternative, unjust enrichment. KSU generally disputes Waitt and Worrell's claims.

### II. Waitt and Worrell's motion for class certification is considered at a hearing.

The Court held a hearing on December 22, 2021, on Waitt and Worrell's motion for class certification. The parties did not call witnesses to testify at the hearing. Rather, the parties presented oral argument and relied on the written briefings that had been submitted to the Court in advance of the hearing.

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 11 PM 4:20

Case No. 2020-00392JD                    -2-                                          DECISION

Before the hearing, Waitt and Worrell proposed the following proposed class:

>  Plaintiffs bring this case on behalf of themselves and, pursuant to Rule 23 of the Ohio Rules of Civil Procedure, on behalf of the class defined as all persons who paid tuition and/or the Mandatory Fees for a student to be enrolled at Kent State for an on-campus program for the Spring 2020 Semester affected by Covid-19 and had their class(es) were moved to remote learning (the "Class").

(Second Amended Class-Action Complaint, ¶ 52.) Upon questioning by the Court, Waitt and Worrell revised the proposed class to consist of the following:

> All undergraduate students who paid an instructional fee, general fee, or non-resident fee for the Spring 2020 semester at Kent State University when classes were moved to remote learning. Excluded from the class are those undergraduate students who did not pay any fees.

At the hearing, Plaintiffs asserted that, in their view, two issues were in dispute: (1) whether Plaintiffs, and members of the proposed class, sustained a "common injury," and (2) whether Plaintiffs have shown a method for calculating class-wide damages. Plaintiffs further asserted that, when Plaintiffs (and members of the proposed class) enrolled in classes for the Spring 2020 semester at KSU, Plaintiffs (and members of the proposed class) expected to have access to in-person classes and on-campus services and, as a result of the pandemic, did not have access to in-person classes and on-campus services for a portion of the 2020 semester. Plaintiffs maintained that there is a "market difference" between what they expected to receive from KSU and what they actually received from KSU. Plaintiffs represented that the "common injury" among the proposed class consists of whether, if Plaintiffs (and members of the proposed class) had known in advance that they would not have access to in-person classes or on-campus services, or both, whether Plaintiffs (and members of the proposed class) would have agreed to pay the same price for tuition and fees.

Case No. 2020-00392JD -3- DECISION

In response, KSU maintained that, if there are injuries-in-fact to quantify, then it is impossible to quantify them with a common methodology that is non-speculative and that survives a rigorous analysis that is just and reasonable. KSU noted that Plaintiffs' proposed methodology rests on experts who have not yet conducted a survey or testified in this case. KSU contended that the Court should not certify a class without a common methodology having been identified. KSU disputed whether a methodology consisting of conjoint analysis was a proper methodology, because, according to KSU, conjoint analysis typically is used with consumer goods. KSU maintained that conjoint analysis that—(1) consists of a survey of people who are not involved in this case, (2) asks about preferences about online classes as opposed to in-person classes, and (3) asks about preferences about on-campus services as opposed to non-campus services—is not a proper methodology, especially if the circumstance of a pandemic is not included in the survey's methodology.

KSU contended that the facts of this case show a lack of injury. KSU acknowledged that—about 9 weeks after the Spring 2020 semester began—KSU pivoted to online learning for safety reasons due to the COVID-19 pandemic. And KSU acknowledged that, at the beginning of the Spring 2020 semester, about 57% percent of undergraduate students had enrolled in at least one online course. But, according to KSU, about 98.5% of students enrolled in the Fall 2020 semester and paid the same fees as they did in the Spring 2020 semester—despite KSU's announcement before Fall enrollment that all classes would be taught in an online format after the Thanksgiving break and that classes would proceed on in-person basis or on a hybrid basis before Thanksgiving break. KSU reasoned that such evidence demonstrates an absence of injury-in-fact in this case. KSU further noted that Worrell graduated from KSU after the Spring 2020 semester and that Waitt was on pace to graduate from KSU. KSU urged that Worrell's graduation from KSU and Waitt's progress toward graduation support its position of a lack of injury-in-fact.



FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 11 PM 4:20

Case No. 2020-00392JD -4- DECISION

At the hearing the Court inquired of Plaintiffs about the nature of the proposed conjoint analysis. And the Court inquired of KSU whether its criticism about the suitability of conjoint analysis concerned the merits of Plaintiffs' case, rather than whether prerequisites for class certification had been satisfied.

### III. Law and Analysis

The relationship between a student and a university is contractual in nature. The Ohio Supreme Court has remarked,

> Students evaluate and determine which university best meets their needs, and then pay a fee to attend that university. The relationship formed under these conditions has previously been characterized as contractual.
> * * * The student pays a fee and agrees to abide by the university rules. In exchange, the university provides the student with a worthwhile education.

*Hanson v. Kynast*, 24 Ohio St.3d 171, 174, 494 N.E.2d 1091 (1986). *Accord Behrend v. State*, 55 Ohio App.2d 135, 139, 379 N.E.2d 617 (10th Dist.1977) ("[g]enerally it may be stated that when a student enrolls in a college or university, pays his or her tuition and fees, and attends such school, the resulting relationship may reasonably be construed as being contractual in nature").

Civ.R. 23 governs class actions in Ohio.[1] Civ.R. 23(C)(1)(a) provides, "At an early practicable time after a person sues or is sued as a class representative, the court shall determine by order whether to certify the action as a class action." Under Civ.R. 23(C)(1)(c), "[a]n order that grants or denies class certification may be altered or amended before final judgment." The party who seeks to maintain a class action under Civ.R. 23 "'bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of the requirements set forth in the rule.'" *Madyda v.*

---

[1] The Ohio Supreme Court has determined that federal authority may aid Ohio courts in interpreting Civ.R. 23. *See Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 14, quoting *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 201, 509 N.E.2d 1249 (1987).



FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 11 PM 4: 20

Case No. 2020-00392JD            -5-            DECISION

*Ohio Dept. of Pub. Safety*, 10th Dist. Franklin No. 20AP-217, 2021-Ohio-956, ¶ 12 (quoting *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 15), *appeal not accepted*, 163 Ohio St.3d 1505, 2021-Ohio-2401, 170 N.E.3d 904, *reconsideration denied*, 164 Ohio St.3d 1449, 2021-Ohio-3336, 173 NE.3d 1247. And a party who seeks to maintain a class action "satisfies its burden when it establishes that all the prerequisites of Civ.R. 23(A) are met and that at least one of the conditions of Civ.R. 23(B) exists." *Madyda* at ¶ 12.

A trial judge "has broad discretion in determining whether a class action may be maintained." *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus. The Ohio Supreme Court has cautioned, however, that the trial court's discretion in deciding whether to certify a class action "is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23." *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998). The Ohio Supreme Court has further cautioned: "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton* at 70. The Ohio Supreme Court has stated, "In resolving a factual dispute when a requirement of Civ.R. 23 for class certification and a merit issue overlap, a trial court is permitted to examine the underlying merits of the claim as part of its rigorous analysis, but only to the extent necessary to determine whether the requirement of the rule is satisfied." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph two of the syllabus, clarifying *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 466 N.E.2d 875 (1984). *Accord Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 44 ("hold[ing] that at the certification stage in a class-action lawsuit, a trial court must undertake a rigorous analysis, which may include probing the underlying merits of the plaintiff's claim, but only for the purpose of



FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 11 PM 4:20

Case No. 2020-00392JD      -6-      DECISION

determining whether the plaintiff has satisfied the prerequisites of Civ.R. 23"). In *Stammco* at ¶ 33, the Ohio Supreme Court stated:

> [A] trial court's consideration of the underlying merits of a plaintiff's claim at the certification stage is not unfettered. "[T]he office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Amgen v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. ___, 133 S.Ct. 1184, 1191, 185 L.Ed.2d 308 (2013). *Amgen* confirmed that the rigorous analysis at the certification stage "may 'entail some overlap with the merits of plaintiff's underlying claim'" but stated: "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 1194-1195, quoting [*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011)].

The Tenth District Court of Appeals has stated that, "although it is the preferred course, Civ.R. 23 does not mandate that the trial court make specific findings on each of the seven prerequisites for class certification, nor that it articulate its reasoning for such findings as part of its rigorous analysis." *Madyda v. Ohio Dept. of Pub. Safety*, 10th Dist. Franklin No. 20AP-217, 2021-Ohio-956, ¶ 10, citing *Hamilton* at 70-71.

The Ohio Supreme Court has enumerated requirements for maintaining a class action under Civ.R. 23. The Ohio Supreme Court has stated:

> Civ.R. 23 provides seven requirements for maintaining a class action:
>
> > "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so



FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 11 PM 4:22

Case No. 2020-00392JD                            -7-                                        DECISION

> numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met."
>
> *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, at ¶ 6, quoting *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 71, 1998-Ohio-365, 694 N.E.2d 442 (1998), citing Civ.R. 23(A) and (B) and *Warner v. Waste Mgt.*, 36 Ohio St. 3d 91, 521 N.E.2d 1091 (1988).

*Cullen* at ¶ 12.[2]  Accord *Madyda* at ¶ 11.  See Civ.R. 23(A) (prerequisites) and (B) (types of class actions).[3]

---

[2] Some commentators have suggested that the Ohio Supreme Court may have crafted an eighth requirement: whether the definition of the class is too "broad." *Weissenberger's Ohio Civil Procedure Litigation Manual* 210 (2021 Ed.).  Adjunct Professor A.J. Stephani and Professor of Law Emeritus Glen Weisssenberger state, "Gently probing the facts of the case, the *Stammco* court [*Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d, 231, 2013-Ohio-3019, 994 N.E.2d 408] noted that the defendant had 'no records regarding which charges are authorized and which are not…. [and thus] [u]nauthorized third-party charges are better resolved on an individual basis with the third party or UTO [United Telephone Company of Ohio].' *Id.* at ¶ 65." Supreme Court may have crafted an eighth requirement: whether the definition of the class is too "broad." *Weissenberger's Ohio Civil Procedure Litigation Manual* at 210.

[3] Civ.R. 23 provides:
**(A)Prerequisites.**
One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
**(1)** the class is so numerous that joinder of all members is impracticable,
**(2)** there are questions of law or fact common to the class,
**(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class, and class.
**(4)** the representative parties will fairly and adequately protect the interests of the class.

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 11 PM 4:22

Case No. 2020-00392JD                    -8-                                   DECISION

The Ohio Supreme Court has stated that "any doubts about adequate representation, potential conflicts, or class affiliation should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand, including the augmentation or substitution of representative parties." *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 487, 727 N.E.2d 1265 (2000). See Civ.R. 23(C)(1)(c) (altering or amending an order of class certification).

The Court finds that the proffered class, as identified at the hearing, is identifiable and unambiguous, see *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 11 (stating that "no clear standard has evolved to determine the level of lucidity necessary for a writing to be unambiguous"), and that, if individual class members were to separately prosecute actions against the University, inconsistent or varying adjudications may establish incompatible standards for the University.

---

**(B)Types of class actions.**
A class action may be maintained Civ.R. 23(A) is satisfied, and if:
**(1)** prosecuting separate actions by or against individual class members would create a risk of:
**(a)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
**(b)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; or
**(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
**(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
**(a)** the class members' interests in individually controlling the prosecution or defense of separate actions;
**(b)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
**(c)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
**(d)** the likely difficulties in managing a class action.

* * *

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 11 PM 4:22

Case No. 2020-00392JD            -9-            DECISION

The Court also finds that, whether Waitt and Worrell, as well as those similarly situated, are entitled to remediation for payment of an instructional fee, general fee, or non-resident surcharge, are questions of law or fact common to Waitt, Worrell, and those similarly situated. And the Court finds that questions of law or fact common to the putative class members predominate over any questions affecting only individual members. *See Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 33 (plaintiffs in class-action suits "must demonstrate that they can prove, through common evidence, that all class members were in fact injured by the defendant's actions. * * * Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, * * * they must adduce common evidence that shows all class members suffered *some* injury"); *Comcast Corp. v. Behrend*, 569 U.S. 27, 35, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013) (observing that, at the class-certification stage, any model supporting a plaintiff's damages case must be consistent with its liability case). *See generally* 5 Moore's Federal Practice – Civil, Section 23.45[1] (2021) (absence of bright-line test for determining whether common questions of law or fact predominate).[4]

---

[4] Commentators have noted in 5 Moore's Federal Practice – Civil, Section 23.45[1] (2021): There is no precise test for determining whether common questions of law or fact predominate, however. Instead, the Rule requires a pragmatic assessment of the entire action and all the issues involved. In making that assessment, courts have enunciated a number of standards, finding predominance if:
- The plaintiff can establish that resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and that these particular issues are more substantial than the issues subject to individualized proof.
- The substantive elements of class members' claims require the same proof for each class member.
- The proposed class is bound together by a mutual interest in resolving common questions more than it is divided by individual interests.
- The resolution of an issue common to the class would significantly advance the litigation.
- One or more common issues constitute significant parts of each class member's individual cases.
- The common questions are central to all of the members' claims.



Case No. 2020-00392JD                     -10-                                      DECISION

See *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-454, 136 S.Ct. 1036, 194 L.Ed.2d 124 (2016).[5]

The Court further finds that Waitt and Worrell's claims relative to remediation for payment of an instructional fee, general fee, or non-resident surcharge, are typical of the claims of the proposed class that was identified at the hearing. See *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), quoting *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury'").

The Court also finds that the particular context of this case demonstrates that a class is superior to joinder, given the number of undergraduate students who may have paid the University's instructional fee, general fee, or non-resident surcharge, for the Spring 2020 semester, and who have not been refunded the instructional fee, general fee, or non-resident surcharge, on a pro rata basis from the date that the University's Spring 2020 semester classes transitioned to online instruction until the last day the Spring 2020 semester. Factors of geographic dispersion of students who attended the

---

- The same theory of liability is asserted by or against all class members, and all defendants raise the same basic defenses.
- It is more efficient, in terms both of economy of judicial resources and of the expense of litigation to the parties, to decide some issues on a class basis, rather than decide all issues in separate trials.

(Footnotes omitted.)

[5] In *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-454, 136 S.Ct. 1036, 194 L.Ed.2d 124 (2016), the United States Supreme Court stated,
  The predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." [2 W. Rubenstein, Newberg on Class Actions., §4:49, pp. 195-196. (5th Ed. 2012)]. When "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." 7AA C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1778, pp. 123-124 (3d ed. 2005) (footnotes omitted).

Case 3:20-cv-01589-MPS   Document 52-6   Filed 02/15/22   Page 12 of 16

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 11 PM 4:22

Case No. 2020-00392JD                          -11-                                    DECISION

Spring 2020 semester at KSU, potential requests for relief from other students who attended the Spring 2020 semester at KSU, as well as judicial economy, favor certification of a class rather than joinder. *See Pennsylvania Pub. School Emp. Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir.2014) ("[n]umerosity is presumed for classes larger than forty members * * * However, the numerosity inquiry is not strictly mathematical but must take into account the context of the particular case, in particular whether a class is superior to joinder based on other relevant factors including: (i) judicial economy, (ii) geographic dispersion, (iii) the financial resources of class members, (iv) their ability to sue separately, and (v) requests for injunctive relief that would involve future class members").

The Court further finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy presented by Waitt and Worrell, especially given a requirement and desirability that litigation of the presented claims should be litigated in this forum. *See* Civ.R. 23(B)(3); R.C. 2743.03(A)(1) (providing that the Ohio Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in [R.C. 2743.02] and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims").

The Court also finds that Waitt and Worrell, as the named representatives, are members of the proposed redefined class. And the Court finds that it has no reason to doubt that either Waitt or Worrell, or both, will fairly and adequately protect the interests of the proposed class.

In sum, the Court determines that Waitt and Worrell have satisfied requirements for class certification by a preponderance of the evidence. A class action would achieve economies of time, expense and effort, as well as promote a uniformity of decisions relative to similarly situated persons. *See Cross v. Univ. of Toledo*, Ct. of Cl. No. 2020-00274JD, 2021 Ohio Misc. LEXIS 43 (Apr. 26, 2021) (granting class certification to,

FILED
COURT OF CLAIMS
OF OHIO

2022 FEB 11 PM 4: 22

Case No. 2020-00392JD          -12-                                    DECISION

among others, all people who people who were charged for or paid tuition for students enrolled in classes at the University of Toledo for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the remainder of the academic year), *on appeal*, 10th Dist. Franklin No. 21-AP-000279; *Weiman v. Miami Univ. & Baumgartner v. Miami Univ.*, Ct. of Cl. Nos. 2020-00614JD & 2020-00644JD (Dec. 13, 2021) (holding that a class defined as all undergraduate students enrolled in classes at the Oxford campus of Miami University during the Spring 2020 semester who paid certain fees during the COVID-19 pandemic satisfied requirements for class certification by a preponderance of the evidence), *on appeal*, 10th Dist. Franklin No. 22-AP-000036; *Morgan McDermott v. The Ohio State Univ.*, Ct. of Cl. No. 2020-00286JD (Dec. 27, 2021) (granting class certification to all students enrolled in graduate or undergraduate academic courses at the Columbus, Ohio campus of Ohio State University (OSU) for the Spring 2020 semester and who paid OSU's Student Union Facility Fee for that semester, and to all students enrolled in OSU College of Dentistry DDS courses for the Spring 2020 and/or Summer 2020 semesters and who paid OSU's clinical Education Support Fee for one or both semesters), *on appeal*, 10th Dist. Franklin No. 22-AP-000076.

### IV. Waitt and Worrell are asked to inform the Court of a preference for appointment of class counsel.

A review of the docket shows that Plaintiffs presently are represented by five attorneys from four different law firms. The Court asks Waitt and Worrell to inform the Court whether they have a preference concerning the appointment of class counsel and, if so, whom they prefer to be appointed class counsel with reasons therefor, and to provide any supporting evidence regarding the adequacy of proposed class counsel.

The Court advises Waitt and Worrell that, pursuant to Civ.R. 23(F)(2), this Court may appoint an applicant as class counsel "only if the applicant is adequate under Civ.R. 23(F)(1) and (4)" and, if more than one adequate applicant seeks appointment,



Case No. 2020-00392JD                    -13-                              DECISION

this Court is required to "appoint the applicant best able to represent the interests of the class." See Civ.R. 23(F)(1) and (4).[6] See generally In re NHL Players' Concussion Injury Litigation, D.Minn. No. 14-2551 (SRN/BRT), 2017 U.S. Dist. LEXIS 115159, at *5 (July 24, 2017) (courts possess administrative and procedural authority over the course of class action proceedings under Fed.R.Civ.P. 23(d)(1)(A) and 23(d)(1)(E) and inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases).

## V. Conclusion

The Court holds that Waitt and Worrell's proposed class, as stated at the class-certification hearing, satisfies requirements for class certification by a preponderance of the evidence.

_____
DALE A. CRAWFORD
Judge

---

[6] Civ.R. 23(F)(1) provides:
A court that certifies a class shall appoint class counsel. In appointing class counsel, the court:
(a) shall consider:
(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class;
(b) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
(c) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
(d) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Civ.R. 23(G); and
(e) may make further orders in connection with the appointment.
Civ.R. 23(F)(4) provides: "Class counsel shall fairly and adequately represent the interests of the class."

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CAITLYN WAITT, et al. | Case No. 2020-00392JD |
| Plaintiffs | Judge Dale A. Crawford |
| v. | <u>JUDGMENT ENTRY</u> |
| KENT STATE UNIVERSITY | |
| Defendant | |

FILED COURT OF CLAIMS OF OHIO 2022 FEB 11 PM 4:22

For reasons set forth in the Decision filed concurrently herewith, the Court holds that Plaintiff Caitlyn Waitt and Plaintiff Jordan Worrell's proposed class, as stated at a class-certification hearing of December 22, 2021, satisfies requirements for class certification by a preponderance of the evidence. Plaintiffs may inform the Court on or before *February 28, 2022*, whether they have a preference concerning the appointment of class counsel and, if so, whom they prefer to be appointed class counsel with reasons therefor, and to provide any supporting evidence regarding the adequacy of proposed class counsel.

_____
DALE A. CRAWFORD
Judge

cc:

Clifford P Bendau II
P.O. Box 97066
Phoenix, AZ  85060

James L Simon
5000 Rockside Road, Suite 520
Independence, OH  44131



JOURNALIZED

Case No. 2020-00392JD                -2-                    JUDGMENT ENTRY

Randall W Knutti                     Edward W Ciolko
Peter E DeMarco                      Gary F Lynch
Jeanna V Jacobus                     1133 Penn Avenue 5th Floor
Lindsey M Grant                      Pittsburgh, PA  15222
Assistant Attorneys General
30 East Broad Street, 16th Floor
Columbus, OH  43215

Kathleen P Lally
Carlson Lynch, LLP
111 West Washington Street Suite 1240
Chicago, IL  60602

009



JOURNALIZED