# EXHIBIT 3

*Smith v. The Ohio State Univ.*, Case No. 2020-00321, Order (Ohio Ct. Cl. Jan. 21, 2022)

IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| BROOKE SMITH, Indv. | Case No. 2020-00321JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | DECISION |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

This matter is before the Court on Plaintiff's motion for class certification. Plaintiff Brooke Smith was a senior at Defendant The Ohio State University (Defendant or OSU), at the Columbus campus, during the Spring 2020 semester. She seeks to represent a class of all undergraduate students enrolled in classes at the Columbus campus of OSU during the Spring 2020 semester who paid tuition and/or fees. Plaintiff asserts that she and her fellow students contracted with OSU for in-person classes, and when OSU closed its Columbus campus and switched to online classes in March 2020 in response to the Novel Coronavirus Disease 2019 (COVID-19), it breached her contract. Plaintiff claims that the class is entitled to a partial refund of the tuition and fees that they paid. On December 13, 2021, the Court conducted a hearing on Plaintiff's Civ.R. 23 motion.

The Ohio Supreme Court, in its seminal class action case, *Cullen v. State Farm Mut. Auto. Ins. Co.*, held:

> A trial court must conduct a rigorous analysis when determining whether to certify a class pursuant to Civ.R. 23 and may grant certification only after finding that all of the requirements of the rule are satisfied; the analysis requires the court to resolve factual disputes relative to each requirement and to find, based upon those determinations, other relevant facts, and the applicable legal standard, that the requirement is met.


FILED
COURT OF CLAIMS
OF OHIO

2022 JAN 21  AM 10: 42

Case No. 2020-00321JD    -2-    DECISION

137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph one of the syllabus. The party seeking class certification must demonstrate by a preponderance of the evidence that the proposed class meets each of the requirements of Civ.R. 23. *Cullen*, at paragraph three of the syllabus. Upon review of the evidence and applicable law, the Court finds that class certification is appropriate.

**Factual Background**

On March 16, 2020, OSU closed its Columbus campus in response to the COVID-19 pandemic.[1] OSU refunded a prorated portion of some fees when it closed the campus, such as the room and board and the recreational fee, but it did not refund any tuition or any of the following fees: general fee, student activity fee, student union facility fee, learning technology fee, course fees, program fees, and the COTA bus fee.[2]

Plaintiff argues that OSU should have refunded a prorated amount of tuition because the students lost part of the benefit of the bargain for which they paid tuition when the school transitioned from in-person classes to online classes. (Motion, p. 1.) Plaintiff also asserts that OSU should have refunded a prorated amount of the fees listed above when OSU closed the campus because the students could no longer use any of the facilities that the fees were paid to secure. (Motion, p. 3.)

**Proposed Class**

Plaintiff moves the Court to certify a class of "all undergraduate students enrolled in classes at the Columbus campus of The Ohio State University during the Spring 2020

---

[1] Plaintiff asserts that OSU closed its campus on March 9, 2020. However, March 9, 2020 was the beginning of spring break. If not for the COVID-19 pandemic, in-person classes would have resumed on March 16, 2020. (Bricker Aff., ¶ 21.)

[2] The motion for class certification does not include a list of the fees for which Plaintiff seeks a prorated reimbursement. Counsel for Plaintiff provided the list of fees to the Court during the December 13, 2021 hearing. Counsel also listed the instructional fee and the non-resident surcharge, which for purposes of this decision shall be referred to as "tuition."

FILED
COURT OF CLAIMS
OF OHIO

2022 JAN 21 AM 10: 42

Case No. 2020-00321JD                     -3-                                              DECISION

semester who paid tuition and/or fees." During the hearing, counsel for Plaintiff provided the following list of fees: general fee, student activity fee, student union facility fee, learning technology fee, course fees, program fees, and the COTA bus fee.

During the hearing, the undersigned requested that the parties confer and refine the proposed class definition. On December 22, 2021, the parties filed a notice informing the Court that they were unable to reach an agreement on a revised class definition. Nevertheless, the Court itself has the authority to modify the class definition when the Court concludes that it is warranted. See Civ.R. 23(C)(1)(b); see also Civ.R. 23(D)(1) (providing that in conducting an action under Civ.R. 23, the court "may issue orders that: * * * (c) impose conditions on the representative parties or on intervenors; * * * or (e) deal with similar procedural matters"); Ritt v. Billy Blanks Enters, 171 Ohio App.3d 204, 2007-Ohio-1695, 870 N.E.2d 212, ¶ 104-105 (8th Dist.) (modifying the class definition); In re NHL Players' Concussion Injury Litigation, D.Minn. No. 14-2551 (SRN/BRT), 2017 U.S. Dist. LEXIS 115159, at *5 (July 24, 2017) (courts possess administrative and procedural authority over the course of class action proceedings under Fed.R.Civ.P. 23(d)(1)(A) and 23(d)(1)(E) and inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases).

In another case before this Court against this same Defendant, McDermott v. The Ohio State University, Ct. of Cl. No. 2020-00286JD, the Court certified a class of undergraduate and graduate students enrolled at the Columbus campus of OSU for the Spring 2020 semester who paid the student union fee. If Plaintiff's proposed class definition were certified in this case, it would overlap with the class in McDermott in regard to the student union fee. Because the class in McDermott was certified first, the Court concludes that the McDermott class effectively has staked its claim on the student

union fee.[3]  See *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969 (3rd Cir.1988) (providing an overview of the first-filed rule, which is analogous to the instant situation).  Therefore, the Court modifies the class definition in the instant case to exclude the student union fee.

The Court hereby defines the class as "all undergraduate students enrolled in classes at the Columbus campus of The Ohio State University during the Spring 2020 semester who paid tuition, the general fee, student activity fee, learning technology fee, course fees, program fees, and/or the COTA bus fee."

**Requirements for Class Certification**

Rule 23 of the Ohio Rules of Civil Procedure governs class actions in Ohio.  See Civ.R. 23.[4]  A trial judge "has broad discretion in determining whether a class action may be maintained."  *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus.  The Ohio Supreme Court has cautioned, however, that the trial court's discretion in deciding whether to certify a class action "is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23."  *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998).  The Ohio Supreme Court has further cautioned: "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied."  *Hamilton* at 70.

The United States Supreme Court too has emphasized that courts should engage in rigorous analysis in determining whether a proposed class should be certified

---

[3] Every student who would have been a member of the class in this case due to paying the student union fee is also included in the *McDermott* class.

[4] The Ohio Supreme Court has determined that federal authority may aid Ohio courts in interpreting Civ.R. 23.  See *Cullen* at ¶ 14, quoting *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 201, 31 Ohio B. 398, 509 N.E.2d 1249 (1987) ("[b]ecause Civ.R. 23 is virtually identical to Fed.R.Civ.P. 23, we have recognized that 'federal authority is an appropriate aid to interpretation of the Ohio rule'").



Case No. 2020-00321JD                          -5-                                    DECISION

in class action case. In *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013), the Court stated:

> Repeatedly, we have emphasized that it "'may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Id. at 350-351* (quoting *General Telephone Co. of Southwest* v. *Falcon*, 457 U.S. 147, 160-161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)). Such an analysis will frequently entail "overlap with the merits of the plaintiff's underlying claim." 564 U.S., at 351, 131 S. Ct. 2541, 180 L. Ed. 2d 374. That is so because the "'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Ibid.* (quoting *Falcon, supra,* at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740).

A party seeking class certification must meet the following requirements before the action may be maintained as a class pursuant to Civ.R. 23:

> (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.

*Cullen*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 11 (citations omitted).

FILED
COURT OF CLAIMS
OF OHIO

2022 JAN 21  AM 10: 42

Case No. 2020-00321JD                               -6-                                           DECISION

**Identifiable Class**

"An identifiable class must exist before certification is permissible. The definition of the class must be unambiguous." *Warner v. Waste Mgt.,* 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988), paragraph two of the syllabus. "[T]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 71-72, 69 N.E.2d 442 (1998) (citations omitted). The class definition "must be precise enough 'to permit identification within a reasonable effort.'" *Id*. at 72, quoting *Warner* at 96.

Plaintiff argues that the proposed class is identifiable and unambiguous because "[e]ach member of this class can be easily identified from Defendant's records." (Motion, p. 6.)

Defendant does not argue that it is unable to identify class members from its records. Instead, Defendant argues that the proposed class is defined too broadly such that it includes members who have not been harmed. For instance, the class is overly broad because there were 826 students who were exclusively enrolled in distance learning classes and thus could not be part of Plaintiff's class. And other students "took a mixture of both in-person classes and classes through another mode of instruction." (Memorandum in Opposition, p. 7.) Defendant cites an Ohio Supreme Court case for the proposition that if "a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification." *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 53, citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 824 (7th Cir.2012). In *Stammco*, some of the putative class members may not have been harmed because they may have authorized the allegedly improper charges on their accounts. *Stammco* was thus unsuitable for class certification because the court would

FILED
COURT OF CLAIMS
OF OHIO

2022 JAN 21 AM 10: 42

Case No. 2020-00321JD                    -7-                                DECISION

have to determine, on an individual basis, whether each putative class member authorized the charges.

However, *Stammco* does not apply here because Defendant is able to clearly identify from its records which students paid tuition and the various fees. Furthermore, because the class has been defined as students enrolled in classes at the Columbus campus, the 826 students who were exclusively enrolled in distance learning are clearly not part of the class.[5] The students who were enrolled in a mixture of in-person classes on the Columbus campus and other modes of instruction clearly fall within the class. The Court need not consider at this time how the amount of damages will be affected for those students. *See Behrend*, 569 U.S. at 35 ("calculations need not be exact, but at the class-certification stage (as at trial), any model supporting a plaintiff's damages case must be consistent with its liability case); *see also Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 33 (plaintiffs in class-action suits "must demonstrate that they can prove, through common evidence, that all class members were in fact injured by the defendant's actions. * * * Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, * * * they must adduce common evidence that shows all class members suffered *some* injury").

Defendant also argues that "some students who exclusively took in-person classes suffered no injury as a result of the transition to virtual instruction." (Memorandum in Opposition, p. 7.) However, as the Court previously stated, the Court will not recast Plaintiff's claim. (Entry Denying Defendant's Motion to Dismiss, Sept. 9, 2020.) The injury suffered by the class, according to Plaintiff's theory of the case, is losing the benefit for which they contracted: in-person classes and access to the campus. The terms of an implied contract can be inferred from the parties' external

---

[5] Plaintiff's original proposed class definition also limited the class to students "enrolled in classes at the Columbus campus of The Ohio State University."

Case No. 2020-00321JD                              -8-                                    DECISION

conduct. *See Hercules Inc. v. United States*, 516 U.S. 417, 424, 116 S.Ct. 981 (1996) ("An agreement implied in fact is founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding."); *see also Columbus H. v. & T. R. Co. v. Gaffney*, 65 Ohio St. 104, 115, 61 N.E. 152 (1901) ("whereas in the other case the contract is established by the conduct of the parties, viewed in the light of surrounding circumstances, and is called a contract implied in fact"). In this case, OSU advertised in-person classes as an option and advertised its campus on which the students would take said classes. OSU charged tuition and fees. And the students paid the tuition and fees and could not attend classes or use campus facilities.

Therefore, the Court finds that the proposed class is not overbroad, but rather is identifiable and unambiguous.

**Class Representative and Membership**

In order to establish class membership, it is necessary to demonstrate that "the representative[s] have proper standing. In order to have standing to sue as a class representative, the plaintiff must possess the same interest and suffer the same injury shared by all members of the class that he or she seeks to represent." *Hamilton*, 82 Ohio St.3d at 74, 694 N.E.2d 442.

Plaintiff was an undergraduate student at the Columbus campus of OSU during the 2020 Spring semester. She asserts that she possesses the same interest and suffered the same injury as the other class members because none of them received the benefit of their bargain.

Defendant argues, however, that Plaintiff's experiences and alleged injuries differed from other undergraduate students because she was a student teacher in the Spring 2020 semester. According to Plaintiff's deposition, she took two classes during the Spring 2020 semester: a student teaching field placement and a seminar at OSU



FILED
COURT OF CLAIMS
OF OHIO

2022 JAN 21  AM 10: 42

Case No. 2020-00321JD                                    -9-                                        DECISION

that reflected on the student teaching experience. (Smith Depo., p. 55.) Prior to March 16, 2020, Plaintiff's seminar was taught in-person at the Columbus campus. (Zurmehly Aff., Ex. D.) Starting March 16, 2020, the seminar was taught online. (Smith Depo., p. 281-282.) Therefore, even though her student teaching assignment was conducted off-campus, Plaintiff still took one class at the Columbus campus that was converted to online learning due to the pandemic. It is not necessary that the class representative be the most injured member of the class. Furthermore, the fact that she only took one class on campus and how that might affect the damages she is due is not relevant at this time. *See Felix, supra*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, at ¶ 33. Therefore, the Court finds that Plaintiff possesses the same interests and suffered the same injury shared by all members of the class.

**Numerosity**

"Numerosity is presumed for classes larger than forty members * * * However, the numerosity inquiry is not strictly mathematical but must take into account the context of the particular case, in particular whether a class is superior to joinder based on other relevant factors including: (i) judicial economy, (ii) geographic dispersion, (iii) the financial resources of class members, (iv) their ability to sue separately, and (v) requests for injunctive relief that would involve future class members." *Pennsylvania Pub. School Emp. Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir.2014); *see also Warner v. Waste Mgmt.*, 36 Ohio St.3d 91, 521 N.E.2d 1091 (1988) (approving the maxim that if a class has more than forty people in it, numerosity is satisfied).

Defendant argues in a footnote that the proposed class does not meet the numerosity requirement because the proposed class includes uninjured class members. The Court already addressed this argument in analyzing whether there is an identifiable class. For the same reasons given above, the Court rejects that argument here. The Court finds that joinder of all members of the proposed class is impractical due to,



Case No. 2020-00321JD            -10-                                              DECISION

among other things, the number of students who have been affected by OSU's response to the COVID-19 pandemic, judicial economy, and potential requests for relief that would involve future class members. Therefore, the numerosity requirement has been met.

**Commonality**

Pursuant to Civ.R. 23(A)(2), there must be the presence of "questions of law or fact common to the class." Courts have generally given a permissive application to this requirement. *Warner*, 36 Ohio St.3d at paragraph three of the syllabus, 521 N.E.2d 1091. It requires a "common nucleus of operative facts." *Id*. However, "it is not necessary that all the questions of law or fact raised in the dispute be common to all the parties." *Hamilton* at 77.

Plaintiff asserts that there are common questions as to (1) "whether OSU was contractually bound to provide her with in-person classes[,]" (2) "whether [that contract] was breached[,]" and (3) "whether it was unjustified for OSU to retain the entirety of her tuition and fee payments even though it failed to provide in-person classes for the entirety of the Spring 2020 semester." (Motion, p. 8.)

Defendant argues that Plaintiff has not met the commonality requirement because there is no common, classwide proof of breach of contract because "an in-person class may be conducted between 0-24% by virtual means" and "when a course had reached more than 24% of online instruction in the spring 2020 semester will vary with each course and with each professor." (Memorandum in Opposition, p. 9.) However, Defendant also states that "the semester was nearly two-thirds complete when OSU transitioned to virtual instruction." (Memorandum in Opposition, p. 9.) Doing the math, while the alleged contract may not have been breached on the same day for each class member, it was certainly breached for all of them by the end of the semester.

Defendant also argues that there is no common, classwide proof of injury because "not all putative class members were injured by OSU's transition to virtual

Case No. 2020-00321JD                               -11-                                    DECISION

instruction in March 2020." (Memorandum in Opposition, p. 10.) However, as stated above in the analysis regarding whether the class was identifiable, the injury suffered by the class is losing the benefit for which they contracted: in-person classes and access to the campus. Proof of injury is therefore susceptible to classwide determination. Therefore, the commonality requirement has been met.

**Typicality**

"Under Civ.R. 23(A)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class. The typicality requirement has been found to be satisfied where there is no express conflict between the representatives and the class." *Warner*, 36 Ohio St.3d at 97-98, 512 N.E.2d 442.

> [A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.

*Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 485, 727 N.E.2d 1265 (2000).

Defendant argues that Plaintiff is atypical of her class because her alleged injuries are unique to her. In thus arguing, Defendant focuses on Plaintiff's injury of not being able to finish her student teaching assignment in-person, allegedly due to her assigned local school's—not OSU's—decisions. However, Plaintiff's injury is typical of the class because of her other course—the seminar that was originally scheduled to be taught in-person on OSU's Columbus campus. While Plaintiff also took a rather unique course, that does not put her interests in conflict with the class, and "the typicality

Case 3:20-cv-01589-MPS   Document 52-7   Filed 02/15/22   Page 13 of 19

FILED
COURT OF CLAIMS
OF OHIO

2022 JAN 21 AM 10: 42

Case No. 2020-00321JD                              -12-                                    DECISION

requirement is usually met irrespective of varying fact patterns which underlie individual claims." *Baughman*, at 485. Therefore, the typicality requirement has been satisfied.

**Fair and Adequate Representation**

Adequate representation requires the Court to examine: (1) the adequacy of the representative class members themselves; and (2) the adequacy of counsel for the representative class members. *Warner* at 98. "A representative is deemed adequate so long as his interest is not antagonistic to that of other class members." *Marks v. C.P. Chemical Co., Inc.*, 31 Ohio St.3d 200, 203, 509 N.E.2d 1249 (1987), quoting 3B Moore's Federal Practice (1987) 23-188, paragraph 23.07[1]. Regarding the adequacy of counsel requirement,

> [t]he issue of whether counsel is competent to handle the action can be the most difficult in the Rule 23 analysis. The fact that an attorney has been admitted to practice does not end the judicial inquiry. An attorney should be experienced in handling litigation of the type involved in the case before class certification is allowed. Close scrutiny should be given to the attorney's qualifications to handle the matter with which he is entrusted.

*Warner*, 36 Ohio St.3d at 98, 521 N.E.2d 1091.

Defendant first contests the adequacy of Plaintiff to serve as class representative with the same arguments, and indeed in the same section of its brief, that it set forth regarding typicality—that she did not suffer the same injury as the class members. And for the same reasons, the Court finds this argument to be unpersuasive.

Defendant next argues that "Plaintiff and her counsel are inadequate representatives of the 33,334 class members who paid in-state tuition or the 3,669 international students who paid an International Undergraduate Student Fee in the spring 2020 semester." (Memorandum in Opposition, p. 18.) Defendant argues that Plaintiff, an out-of-state student, cannot adequately represent in-state students because

Case No. 2020-00321JD -13- DECISION

it is in her interest to increase the recovery for out-of-state students at the expense of in-state students. However, the case law cited by Defendant is not applicable, and the Court finds Defendant's argument to be unpersuasive. Plaintiff possesses the same interest and suffered the same injury as the other members of the class. Furthermore, even if she wanted to, it is not apparent to the Court—nor does Defendant explain—how Plaintiff herself could inappropriately influence the survey proposed by her experts. Therefore, the Court finds that Plaintiff is an adequate class representative.

While Defendant briefly asserts that Plaintiff's counsel are not adequate class counsel, it does provide a reason. Upon review of Plaintiff's exhibits A and B, the Court finds that Bursor & Fisher, P.A. and Climaco Wilcox Peca & Garfoli Co, LPA are both law firms with extensive experience with class actions and that the individual attorneys have experience with class actions. Furthermore, two of Plaintiff's attorneys, Scott Simpkins and Joshua Arisohn, have already been appointed class counsel in another case before this Court. *See Weiman v. Miami Univ.*, Ct. of Cl. Nos. 2020-00614JD and 2020-00644JD (Dec. 13, 2021). Therefore, the Court finds that Scott Simpkins, Joshua Arisohn, and Sarah Westcot are adequate class counsel.

**Predominance and Superiority**

In order for a class to be certified, it must meet one of the Civ.R. 23(B) requirements. Plaintiff seeks class certification under Civ.R. 23(B)(3). Civ.R. 23(B)(3) requires the trial court to make the following findings:

> [F]irst, "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and, second, "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." This inquiry requires a court to balance questions common among class members with any dissimilarities between them, and if the court is satisfied that common questions predominate, it then should "consider whether any alternative

FILED
COURT OF CLAIMS
OF OHIO

2022 JAN 21 AM 10: 43

Case No. 2020-00321JD            -14-                                    DECISION

methods exist for resolving the controversy and whether the class action method is in fact superior."

*Cullen,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 29, quoting *Ealy v. Pinkerton Govt. Servs., Inc.,* 514 Fed. Appx. 299 (4th Cir. 2013). "The purpose of Civ.R. 23(B)(3) was to bring within the fold of maintainable class actions cases in which the efficiency and economy of common adjudication outweigh the interests of individual autonomy." *Hamilton,* 82 Ohio St.3d at 80, 69 N.E.2d 442.

Plaintiff argues that each of the elements for the breach of contract claim presents a common question for the class and that they each have a common answer. Plaintiff asserts that the contents of the contract between each student and OSU will be determined by the same handbooks, catalogs, policies, and brochures. "Accordingly, whether OSU and class members were parties to a contract, and whether that contract contained a requirement that OSU would provide in-person classes, are questions that can be answered for all class members in one fell swoop." (Motion, p. 12.) Plaintiff further asserts that the elements for a claim of unjust enrichment are equally well suited to classwide treatment. Lastly, Plaintiff asserts that a class action would be superior to thousands of individual actions.

Regarding damages, Plaintiff avers that her experts have set out a method for measuring damages on a classwide basis regarding tuition. Plaintiff's experts propose to conduct a market research survey and analysis, using a conjoint analysis, to compare the market value for in-person classes and full access to OSU's campus and facilities to the market value of virtual classes and no access to OSU's campus and facilities. (Motion, p. 13-14.) The experts will then use those numbers to determine the percent by which in-state students and out-of-state students overpaid for tuition.

Defendant argues that predominance is lacking because "the transition to virtual instruction is not itself an injury." (Memorandum in Opposition, p. 11.) Accordingly, the Court would have to examine whether each class member suffered an injury.

FILED
COURT OF CLAIMS
OF OHIO

2022 JAN 21  AM 10: 43

Case No. 2020-00321JD                              -15-                                    DECISION

Therefore, class certification is not appropriate. Defendant illustrates its argument by comparing the students within Plaintiff's academic program and by comparing students across several different programs and types of classes. However, as stated above in the analysis regarding whether the class was identifiable, the injury suffered by the class is losing the benefit of in-person classes and access to the campus. The determination of whether in-person classes ceased and whether the campus was closed is well suited for classwide determination.

Defendant next argues that predominance is lacking because students were assessed different rates of fees and received different amounts of financial aid. However, Plaintiff has proposed a model of determining damages that is consistent with its liability case. The precise application of Plaintiff's model to the students' various circumstances, and the resultant amount of damages for each student, is not addressed at this time. *See Behrend*, *supra*, 569 U.S. at 35; *see also Felix*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, at ¶ 33.

The Court agrees with Plaintiff that the elements of each claim are well suited for classwide determination. Accordingly, the Court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members. *See McDermott v. Ohio State University*, Ct. of Cl. No. 2020-00286JD (Dec. 27, 2021); *see also Cross v. Univ. of Toledo*, Ct. of Cl. No. 2020-00274JD, 2021 Ohio Misc. LEXIS 43 (April 26, 2021); *Weiman v. Miami Univ.*, Ct. of Cl. Nos. 2020-00614JD and 2020-00644JD (Dec. 13, 2021).

The Court further finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy presented by Plaintiff, especially given a requirement and desirability that litigation of the presented claims should be litigated in this forum. *See* Civ.R. 23(B)(3); *see also* R.C. 2743.03(A)(1) (providing that the Ohio Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in [R.C. 2743.02] and exclusive

FILED
COURT OF CLAIMS
OF OHIO

2022 JAN 21  AM 10: 43

Case No. 2020-00321JD          -16-                                    DECISION

jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims").

## Conclusion

For the reasons discussed above, the Court concludes that Plaintiff's motion for class certification will be granted.

_____
DALE A. CRAWFORD
Judge

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| BROOKE SMITH, Indv. | Case No. 2020-00321JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | **JUDGMENT ENTRY** |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

*FILED COURT OF CLAIMS OF OHIO 2022 JAN 21 AM 10: 43*

For the reasons set forth in the decision filed concurrently herewith, the Court GRANTS Plaintiff's motion for class certification. The Court hereby certifies the following class: all undergraduate students enrolled in classes at the Columbus campus of The Ohio State University during the Spring 2020 semester who paid tuition, the general fee, student activity fee, learning technology fee, course fees, program fees, and/or the COTA bus fee.

Pursuant to Civ.R. 23(C)(1)(c), this Court may alter or amend the class certifications before final judgment.

The Court appoints the following attorneys as class counsel: Scott Simpkins (0066775), Joshua Arisohn (admitted pro hac vice), and Sarah Westcot (admitted pro hac vice).

*/s/ Dale A. Crawford*
DALE A. CRAWFORD
Judge

JOURNALIZED

Case No. 2020-00321JD -2- JUDGMENT ENTRY

cc:

Josh Arisohn
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019

John Ryan Gall
Aneca Elizabeth Lasley
E Joseph DAndrea II
2000 Huntington Center
41 South High Street
Columbus, OH 43215-6106

012

Scott D Simpkins
55 Public Square, Suite 1950
Cleveland, OH 44113

Sarah N Westcot
Bursor & Fisher, P.A.
701 Brickell Avenue, Suite 1420
Miami, FL 33131

FILED
COURT OF CLAIMS
OF OHIO
2022 JAN 21 AM 10:43

JOURNALIZED