# EXHIBIT 4

*Weiman v. Miami Univ.*, Case No. 2020-00614, Order (Ohio Ct. Cl. Dec. 13, 2021)

FILED
COURT OF CLAIMS COURT OF
OF OHIO
2021 DEC 13 AM 11: 11

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MACKENZIE WEIMAN<br>Plaintiff | Case Nos. 2020-00614JD and<br>2020-00644JD |
| v. | Judge Dale A. Crawford |
| MIAMI UNIVERSITY<br>Defendant | <u>DECISION</u> |
| AND | |
| SARAH BAUMGARTNER<br>Plaintiff | |
| v. | |
| MIAMI UNIVERSITY<br>Defendant | |

### I. Introduction

Before the Court are Plaintiff Mackenzie Weiman's motion for class certification and Plaintiff Sarah Baumgartner's motion for class certification filed in consolidated Ct. of Cl. No. 2020-00614JD and Ct. of Cl. No. 2020-00644JD, respectively. Weiman and Baumgartner bring class-action lawsuits against Defendant Miami University (University) that present claims of breach of contract and unjust enrichment. Weiman and Baumgartner generally contend that, beginning with the University's Spring 2020 semester, the University breached an implied contract with them, and others similarly situated, by providing online education, instead of an in-person college experience, during a pandemic of the Novel Coronavirus Disease 2019 (COVID-19).

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 13 AM 11: 11

-2-

## II. Weiman's and Baumgartner's motions for class certification are considered at a hearing.

The Court held a hearing on November 19, 2021, on Weiman's and Baumgartner's motions for class certification.[1] At the hearing, Weiman and Baumgartner urged there was one implied contract (not individual contracts) that the

---

[1] Plaintiff Mackenzie Weiman proposed the following classes and class exclusions:

This action is brought, and may properly be maintained as, a class action pursuant to FED R. CIV. P. 23(b)(3) on behalf of the following classes:
a): Spring 2020 Semester Class

Plaintiff seeks to represent a class defined as all people who paid Miami University Spring Semester 2020 tuition and/or fees for in-person educational services that Miami University did not provide, and whose tuition and fees have not been refunded (the "Spring 2020 Semester Class"). Specifically excluded from the Spring 2020 Semester Class are Miami University, Miami University's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Miami University, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Miami University and/or Miami University's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.
b): Fall 2020 Semester and Beyond Class

Plaintiff seeks to represent a class defined as all people who paid Miami University Fall Semester 2020 and/or any subsequent semester tuition and/or fees for in-person educational services that Miami University did not provide, and whose tuition and fees have not been refunded (the "Fall 2020 Semester Class"). Specifically excluded from the Fall 2020 Semester Class are Miami University, Miami University's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Miami University, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Miami University and/or Miami University's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

(Emphasis omitted.) (Weiman Amended Complaint, ¶ 60.)

Plaintiff Sarah Baumgartner proposed the following class and exclusions from the proposed class:

Plaintiff seeks to represent a class defined as all [Miami University] students who paid Defendant Spring Semester 2020 tuition and/or fees for in-person educational services that Defendant failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

(Baumgarter Complaint, at ¶ 21.)

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 13 AM 11: 11

-3-

University breached and, in view of this alleged breach, their cases are suitable for class certification.

In response, the University concedes that Weiman and Baumgartner have met four requirements for class certification, but the University maintains that class certification is not warranted because neither Weiman nor Baumgartner have satisfied by a preponderance of the evidence three prerequisites for class certification. The University maintains that (1) the proposed classes are not identifiable due to overbreadth, (2) neither Weiman nor Baumgartner are adequate class representatives, and (3) the proposed classes lack commonality. The University represents that in April 2020—before Weiman and Baumgartner filed their lawsuits—the University refunded on a pro rata basis seven fifteenths of certain fees (i.e., resident fees, parking fees, portions of general fees, and certain course fees identified by deans at the University), which in total exceed $27 million. But, according to the University, instructional fees and fees charged to out-of-state students were not refunded to undergraduate students.

The University asserts that a proposed class of all University students who paid "tuition/and or fees" for classes is overbroad because, before the University pivoted to online classes, some students were enrolled in online courses by choice. The University reasons that, if the proposed class is certified, some students would receive compensation even though they expressly chose to enroll in online courses. Moreover, in the University's view, under Weiman's and Baumgartner's proposed classes, students who receive certain financial aid—e.g., grants, and scholarships—and who did not pay tuition would receive a benefit even though they were not damaged. And in the University's view, the proposed refund of a fee charged to out-of-state students which, according to the University, is legislatively mandated, may not be returned. The University maintains that Weiman and Baumgartner are inadequate class representatives because during the Spring 2020 semester they lived off campus in non-university housing and they were able to enter the University's Oxford campus even

though in-person classes were transitioned to online classes. The University further maintains that Weiman and Baumgartner are inadequate class representatives because, when they were deposed, neither Weiman nor Baumgartner knew what constituted tuition or the nature of certain fees. And, in the University's view, differences in damages militate against commonality and the actions taken by the University differentiate Weiman's and Baumgartner's cases from other class-action lawsuits against other state universities in Ohio.

Upon questioning by the Court, Weiman's and Baumgartner's counsel acknowledged that the University refunded many of the fees, but, as a matter of streamlining this case, counsel for Weiman and Baumgartner advised that the sole focus of the cases was on the reimbursement of instructional fees and out-of-state surcharge fees that the University has not refunded. Weiman and Baumgartner maintain that they, as well as other similarly situated, were damaged because they did not receive the benefit of their bargain with the University.

At the close of the hearing, the Court announced that it intended to certify a class and the Court proposed that the parties submit a redefined class for the Court's consideration.

### III. Weiman and Baumgartner propose a redefined class after the hearing on Weiman's and Baumgartner's motions for class certification.

Weiman and Baumgartner have submitted a proposed redefined class, which they define as:

> All undergraduate students enrolled in classes at the Oxford campus of Miami University during the Spring 2020 semester who paid the Instructional Fee and/or the Non-Resident Surcharge, and who were not given a full refund of those fees (pro-rated for the number of days remaining in the semester from when classes transitioned online to the

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 13 AM 11: 11

-5-

last day of exams).

(Amended Class Definition Submission, November 29, 2021.)[2]

## IV. Law and Analysis

The relationship between a student and a university is contractual in nature. The Ohio Supreme Court has remarked,

> Students evaluate and determine which university best meets their needs, and then pay a fee to attend that university. The relationship formed under these conditions has previously been characterized as contractual. * * * The student pays a fee and agrees to abide by the university rules. In exchange, the university provides the student with a worthwhile education.

*Hanson v. Kynast*, 24 Ohio St.3d 171, 174, 494 N.E.2d 1091 (1986). *Accord Behrend v. State*, 55 Ohio App.2d 135, 139, 379 N.E.2d 617 (10th Dist.1977) ("[g]enerally it may be stated that when a student enrolls in a college or university, pays his or her tuition and fees, and attends such school, the resulting relationship may reasonably be construed as being contractual in nature").

Civ.R. 23 governs class actions in Ohio.[3] Civ.R. 23(C)(1)(a) provides, "At an early practicable time after a person sues or is sued as a class representative, the court

---

[2] In the Amended Class Definition Submission, Weiman and Baumgartner state:

> Defendant, through counsel, does not object to the amendment but in so doing does not waive any of its objections previously stated in its class certification briefing and/or at the November 19, 2021 class certification hearing. Further, by not objecting to the amended class definition, the Defendant is not waiving its right to appeal any class certification Order in this case.
>
> Defendant otherwise has no objection to Plaintiff's amended class definition in light of the Judge's determination that class certification is warranted.

(Amended Class Definition Submission, November 29, 2021.)

[3] The Ohio Supreme Court has determined that federal authority may aid Ohio courts in interpreting Civ.R. 23. *See Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 14, quoting *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 201, 509 N.E.2d 1249 (1987).

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 13 AM 11: 11

-6-

shall determine by order whether to certify the action as a class action." Under Civ.R. 23(C)(1)(c), "[a]n order that grants or denies class certification may be altered or amended before final judgment." The party who seeks to maintain a class action under Civ.R. 23 "'bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of the requirements set forth in the rule.'" *Madyda v. Ohio Dept. of Pub. Safety*, 10th Dist. Franklin No. 20AP-217, 2021-Ohio-956, ¶ 12 (quoting *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 15), *appeal not accepted*, 163 Ohio St.3d 1505, 2021-Ohio-2401, 170 N.E.3d 904, *reconsideration denied*, 164 Ohio St.3d 1449, 2021-Ohio-3336, 173 NE.3d 1247. And a party who seeks to maintain a class action "satisfies its burden when it establishes that all the prerequisites of Civ.R. 23(A) are met and that at least one of the conditions of Civ.R. 23(B) exists." *Madyda* at ¶ 12.

A trial judge "has broad discretion in determining whether a class action may be maintained." *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus. The Ohio Supreme Court has cautioned, however, that the trial court's discretion in deciding whether to certify a class action "is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23." *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998). The Ohio Supreme Court has further cautioned: "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton* at 70. The Ohio Supreme Court has stated, "In resolving a factual dispute when a requirement of Civ.R. 23 for class certification and a merit issue overlap, a trial court is permitted to examine the underlying merits of the claim as part of its rigorous analysis, but only to the extent necessary to determine whether the requirement of the rule is satisfied." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, paragraph two of the syllabus, clarifying *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 466

FILED
COURT OF CLAIMS
OF OHIO
2021 DEC 13 AM 11:11

-7-

N.E.2d 875 (1984). And the Tenth District Court of Appeals has stated that, "although it is the preferred course, Civ.R. 23 does not mandate that the trial court make specific findings on each of the seven prerequisites for class certification, nor that it articulate its reasoning for such findings as part of its rigorous analysis." *Madyda v. Ohio Dept. of Pub. Safety*, 10th Dist. Franklin No. 20AP-217, 2021-Ohio-956, ¶ 10, citing *Hamilton* at 70-71.

The Ohio Supreme Court has enumerated requirements for maintaining a class action under Civ.R 23. The Ohio Supreme Court has stated:

> Civ.R. 23 provides seven requirements for maintaining a class action:
>
>> "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met."
>
> *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, at ¶ 6, quoting *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 71, 1998-Ohio-365, 694 N.E.2d 442 (1998), citing Civ.R. 23(A) and (B) and *Warner v. Waste Mgt.*, 36 Ohio St. 3d 91, 521 N.E.2d 1091 (1988).

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 13 AM 11: 11

-8-

*Cullen* at ¶ 12.[4]  *Accord Madyda* at ¶ 11.  *See* Civ.R. 23(A) (prerequisites) and (B) (types of class actions).[5]

---

[4] Some commentators have suggested that the Ohio Supreme Court may have crafted an eighth requirement: whether the definition of the class is too "broad." *Weissenberger's Ohio Civil Procedure Litigation Manual* 210 (2021 Ed.). Adjunct Professor A.J. Stephani and Professor of Law Emeritus Glen Weisssenberger state, "Gently probing the facts of the case, the *Stammco* court [*Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d, 231, 2013-Ohio-3019, 994 N.E.2d 408] noted that the defendant had 'no records regarding which charges are authorized and which are not…. [and thus] [u]nauthorized third-party charges are better resolved on an individual basis with the third party or UTO [United Telephone Company of Ohio].' *Id.* at ¶ 65." Supreme Court may have crafted an eighth requirement: whether the definition of the class is too "broad." *Weissenberger's Ohio Civil Procedure Litigation Manual* at 210.

[5] Civ.R. 23 provides:
**(A)Prerequisites.**
One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
**(1)** the class is so numerous that joinder of all members is impracticable,
**(2)** there are questions of law or fact common to the class,
**(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class, and class.
**(4)** the representative parties will fairly and adequately protect the interests of the class.

**(B)Types of class actions.**
A class action may be maintained Civ.R. 23(A) is satisfied, and if:
**(1)** prosecuting separate actions by or against individual class members would create a risk of:
**(a)** inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
**(b)** adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; or
**(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
**(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
**(a)** the class members' interests in individually controlling the prosecution or defense of separate actions;
**(b)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
**(c)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
**(d)** the likely difficulties in managing a class action.
* * *.

FILED
COURT OF CLAIMS
OF OHIO
2021 DEC 13 AM 11: 12

-9-

The Ohio Supreme Court has stated that "any doubts about adequate representation, potential conflicts, or class affiliation should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand, including the augmentation or substitution of representative parties." *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 487, 727 N.E.2d 1265 (2000). *See* Civ.R. 23(C)(1)(c) (altering or amending an order of class certification).

The Court finds that the proffered redefined class is identifiable and unambiguous, *see State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 11 (stating that "no clear standard has evolved to determine the level of lucidity necessary for a writing to be unambiguous"), and that, if individual class members were to separately prosecute actions against the University, inconsistent or varying adjudications may establish incompatible standards for the University.

The Court also finds that, whether Weiman and Baumgartner, as well as those similarly situated, are entitled to remediation for payment of an instructional fee or non-resident surcharge, or both, are questions of law or fact common to Weiman, Baumgartner, and those similarly situated. And the Court finds that questions of law or fact common to the putative class members predominate over any questions affecting only individual members. *See Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 33 (plaintiffs in class-action suits "must demonstrate that they can prove, through common evidence, that all class members were in fact injured by the defendant's actions. * * * Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, * * * they must adduce common evidence that shows all class members suffered *some* injury"). *See generally* 5 Moore's Federal

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 13 AM 11: 12

-10-

Practice – Civil, Section 23.45[1] (2021) (absence of bright-line test for determining whether common questions of law or fact predominate).[6]

The Court further finds that Weiman's and Baumgartner's claims relative to remediation for payment of an instructional fees or non-resident surcharge, or both, are typical of the claims of the proposed redefined class. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), quoting *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury'").

The Court also finds that the particular context of this case demonstrates that a class is superior to joinder, given the number of undergraduate students who may have paid the University's instructional fee or non-resident surcharge, or both, for the Spring 2020 semester at the Oxford campus, and who have not been refunded the instructional

---

[6] Commentators have noted in 5 Moore's Federal Practice – Civil, Section 23.45[1] (2021):

There is no precise test for determining whether common questions of law or fact predominate, however. Instead, the Rule requires a pragmatic assessment of the entire action and all the issues involved. In making that assessment, courts have enunciated a number of standards, finding predominance if:

- The plaintiff can establish that resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and that these particular issues are more substantial than the issues subject to individualized proof.
- The substantive elements of class members' claims require the same proof for each class member.
- The proposed class is bound together by a mutual interest in resolving common questions more than it is divided by individual interests.
- The resolution of an issue common to the class would significantly advance the litigation.
- One or more common issues constitute significant parts of each class member's individual cases.
- The common questions are central to all of the members' claims.
- The same theory of liability is asserted by or against all class members, and all defendants raise the same basic defenses.
- It is more efficient, in terms both of economy of judicial resources and of the expense of litigation to the parties, to decide some issues on a class basis, rather than decide all issues in separate trials.

(Footnotes omitted.)

fee or non-resident surcharge, or both, on a pro rata basis from the date that the University's Spring 2020 semester classes transitioned to online instruction until the last day of final exams. Factors of geographic dispersion of students who attended the Spring 2020 semester at the University's Oxford campus, potential requests for relief from other students who attended the Spring 2020 semester at the Oxford campus, as well as judicial economy, favor certification of a class rather than joinder. *See Pennsylvania Pub. School Emp. Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir.2014) ("[n]umerosity is presumed for classes larger than forty members* * *  However, the numerosity inquiry is not strictly mathematical but must take into account the context of the particular case, in particular whether a class is superior to joinder based on other relevant factors including: (i) judicial economy, (ii) geographic dispersion, (iii) the financial resources of class members, (iv) their ability to sue separately, and (v) requests for injunctive relief that would involve future class members").

The Court further finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy presented by Weiman and Baumgartner, especially given a requirement and desirability that litigation of the presented claims should be litigated in this forum. *See* Civ.R. 23(B)(3); R.C. 2743.03(A)(1) (providing that the Ohio Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in [R.C. 2743.02] and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims").

The Court also finds that Weiman and Baumgartner, as the named representatives, are members of the proposed redefined class. And the Court finds that it has no reason to doubt that either Weiman or Baumgartner, or both, will fairly and adequately protect the interests of the proposed class.

FILED
COURT OF CLAIMS
OF OHIO
2021 DEC 13 AM 11: 12

-12-

Based on Weiman's and Baumgartner's counsel's representations, the Court finds no reason to doubt that Weiman's and Baumgartner's counsel would adequately represent the interests of the proposed redefined class. *See* Civ.R. 23(F)(1) (appointment of class counsel). The Court notes that, at the class-certification hearing, the University did not object to Weiman's and Baumgartner's counsel's fitness to serve as class counsel.

In sum, the Court determines that Weiman and Baumgartner have satisfied requirements for class certification by a preponderance of the evidence. A class action would achieve economies of time, expense and effort, as well as promote a uniformity of decisions relative to similarly situated persons. And the Court determines that Weiman or Baumgartner, or both, would adequately represent the interests of the proposed redefined class and that their counsel would adequately represent the interests of the proposed redefined class.

## V. Litigation and judicial economy would not be advanced if Weiman's <u>and</u> Baumgartner's motions for class certification were granted.

On Weiman and Baumgartner's joint motion, the Court previously ordered that Ct. of Cl. Nos. 2020-00614JD and 2020-00644JD continued to maintain their separate character and that the consolidation of these cases did not make a single multiple party, multiple claim action. (Entry, February 22, 2021.) *See generally E.C. Redman v. Ohio Dept. of Indus. Relations*, 10th Dist. Franklin No. 93APE12-1670, 1994 Ohio App. LEXIS 3953, at *14 (Sep. 6, 1994) ("hold[ing] that, although actions may be consolidated, they continue to maintain their separate character and do not make a single multiple party, multiple claim action"). Thus, if the Court were to grant both Weiman's motion for class certification and Baumgartner's motion for class certification, then the Court would be presented with two class-action cases against the same defendant that contain identical classes and two different class representatives. Such a circumstance would frustrate efficiency and economy of litigation—a principal purpose

of a class action—and defy common sense. *See* 5 Moore's Federal Practice - Civil Section 23.02 (2021) ("[c]lass action suits serve several basic purposes. One primary purpose is to promote judicial economy and efficiency by avoiding multiple adjudications of the same issues" (footnote omitted)).

Under Ohio law a trial court has inherent authority to manage its own proceedings and control its own docket. *See State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23; *Lupo v. City of Columbus*, 10th Dist. Franklin No. 13AP-1063, 2014-Ohio-2792, ¶ 20. But, as the Third District Court of Appeals stated, "[W]hile we are mindful that a trial court has the inherent authority to manage its own proceedings and control its own docket, this authority must be exercised within bounds of due process." *State v. Orta*, 3d Dist. Seneca No. 13-20-05, 2020-Ohio-4514, ¶ 30.

The Court advises the parties that the Court intends to combine Ct. of Cl. Nos. 2020-00614JD and 2020-00644JD into <u>one case</u>, <u>with one set of lead counsel for each party</u>, and <u>to limit the potential award of attorney fees to one set of lead counsel</u>. Weiman and Baumgartner, as well as the University, therefore should confer about Ct. of Cl. Nos. 2020-00614JD and 2020-00644JD, respectively. If Weiman and Baumgartner, as well as the University, can agree how to proceed with the prosecution of Ct. of Cl No. 2020-00614JD and Ct. of Cl. No. 2020-00644JD, respectively, then they should <u>jointly</u> inform the Court. If Weiman and Baumgartner, as well as the University, cannot agree how to proceed with the prosecution of Ct. of Cl. No. 2020-00614JD and 2020-00644JD, or both, then the Court sua sponte will combine Ct. of Cl. No. 2020-00614JD and Ct. of Cl. No. 2020-00644 into one case and sua sponte dismiss either Ct. of Cl. No. 2020-00614JD or Ct. of Cl. No. 2020-00644JD. *See generally* Civ.R. 23(D)(1) (providing that in conducting an action under Civ.R. 23, the court "may issue orders that: * * * (c) impose conditions on the representative parties or on intervenors; * * * or (e) deal with similar procedural matters"); *In re NHL Players' Concussion Injury*



-14-

*Litigation*, D.Minn. No. 14-2551 (SRN/BRT), 2017 U.S. Dist. LEXIS 115159, at *5 (July 24, 2017) (courts possess administrative and procedural authority over the course of class action proceedings under Fed.R.Civ.P. 23(d)(1)(A) and 23(d)(1)(E) and inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases).

## VI. Conclusion

The Court holds that Weiman's and Baumgartner's proposed redefined class satisfies requirements for class certification by a preponderance of the evidence.

_____
DALE A. CRAWFORD
Judge

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 13 AM 11: 12

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MACKENZIE WEIMAN<br>　　Plaintiff | Case Nos. 2020-00614JD and<br>2020-00644JD |
| v. | Judge Dale A. Crawford |
| MIAMI UNIVERSITY<br>　　Defendant | <u>JUDGMENT ENTRY</u> |
| AND | |
| SARAH BAUMGARTNER<br>　　Plaintiff | |
| v. | |
| MIAMI UNIVERSITY<br>　　Defendant | |

　　For reasons set forth in the Decision filed concurrently herewith, the Court holds that Plaintiff Mackenzie Weiman's and Plaintiff Sarah Baumgartner's proposed redefined class in Ct. of Cl. No. 2020-00614JD and Ct. of Cl. No. 2020-00644JD, respectively, satisfies requirements for class certification by a preponderance of the evidence.

　　The Court advises the parties that the Court intends to combine Ct. of Cl. Nos. 2020-00614JD and 2020-00644JD into <u>one case, with one set of lead counsel for each party,</u> and <u>to limit the potential award of attorney fees to one set of lead counsel</u>. Plaintiff Weiman and Plaintiff Baumgartner, as well as Defendant Miami University (University), therefore should confer about Ct. of Cl. Nos. 2020-00614JD and 2020-00644JD, respectively. If Weiman and Baumgartner, as well as the University, can

**JOURNALIZED**

FILED
COURT OF CLAIMS
OF OHIO

2021 DEC 13 AM 11: 12

-2-

agree how to proceed with the prosecution of Ct. of Cl No. 2020-00614JD and Ct. of Cl. No. 2020-00644JD, respectively, then they should jointly inform the Court within *30 days* of the date of this entry.

If Weiman and Baumgartner, as well as the University, cannot agree how to proceed with the prosecution of Ct. of Cl. No. 2020-00614JD and 2020-00644JD, or both, then the Court sua sponte will combine Ct. of Cl. No. 2020-00614JD and Ct. of Cl. No. 2020-00644 into one case and sua sponte dismiss either Ct. of Cl. No. 2020-00614JD or Ct. of Cl. No. 2020-00644JD.

DALE A. CRAWFORD
Judge

cc:

Mitchel Luxenburg
P.O. Box 22282
Beachwood, OH 44122

Diane Marie Menashe
Madison Rae Troyer
250 West Street, Suite 700
Columbus, OH 43215

John Soumilas
James A Francis
1600 Market Street, Suite 2510
Philadelphia, PA 19103

Larry P Smith
55 West Monroe Street Suite 1200
Chicago, IL 60603

Scott D Simpkins
55 Public Square, Suite 1950
Cleveland, OH 44113

Josh Arisohn
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019

009

JOURNALIZED