# EXHIBIT 5

*Cross v. Univ. of Toledo*, Case No. 2020-00274, (Ohio Ct. Cl. Apr. 26, 2021)

IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| TREVOR CROSS | Case No. 2020-00274JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | DECISION |
| UNIVERSITY OF TOLEDO | |
| Defendant | |

## I. Introduction

Plaintiff Trevor Cross has sued Defendant University of Toledo (UT), seeking remediation because, according to Cross, UT has refused to provide adequate restitution for tuition, room and board, fees, and other applicable costs after he, and similarly situated students, allegedly were forced to leave UT due to a COVID-19 pandemic. Cross asserts claims of breach of contract and unjust enrichment against UT.

Pursuant to Civ.R. 23, Cross moves to certify this case as a class action. Cross asks the Court to certify three classes: "Tuition Class," "Room and Board Class," and "Fee Class." UT opposes Cross's motion for class certification. The parties have submitted briefing on the issue of class certification. The Court also held an evidentiary hearing to consider Cross's Civ.R. 23 motion. After the hearing Cross moved to bifurcate the proffered Tuition Class and its tuition-related claims from the proffered Room and Board Class and Fee Class. UT opposes Cross's motion for bifurcation.

## II. Cross proposes three classes—Tuition Class, Room and Board Class, and Fee Class—and exclusions to these classes.

In Cross's Civ.R. 23 motion, Cross asks the Court to certify the following three classes:


FILED
COURT OF CLAIMS
OF OHIO

2021 APR 26 PM 4:21

Case No. 2020-00274JD     -2-     DECISION

> Tuition Class: All people who were charged for or paid tuition for students enrolled in classes at the University for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the remainder of the academic year.
>
> Room and Board Class: All people who were charged for or paid the costs of room and board (housing and meals) for students enrolled in classes at the University for the Spring 2020 semester who moved out of their on-campus housing prior to the completion of that semester because of the University's policies and announcements related to COVID-19.
>
> Fee Class: All people who were charged for or paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

In Cross's complaint, Cross proffers the following exclusion to the proposed classes:
> Excluded from the Classes are: the Board of Trustees of the University of Toledo, and any of its respective members and their family members; the judicial officers assigned to this matter, and their immediate family members; and, Court staff assigned to this case. Plaintiff reserves the right to modify or amend the Class Definitions, as appropriate, during the course of this litigation.

(Complaint, ¶ 48.)

### III. Law and Analysis
#### A. Civ.R. 23 and requirements for certifying a class action.

A class action is "'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only,' *Califano v. Yamasaki*, 442 U.S. 682, 700-701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), and '[t]o come within the exception, a party seeking to maintain a class action "must affirmatively demonstrate his compliance"

FILED
COURT OF CLAIMS
OF OHIO

2021 APR 26 PM 4: 21

Case No. 2020-00274JD                    -3-                                    DECISION

with Rule 23,'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013), quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551-2552, 180 L.Ed.2d 374 (2011)." *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 11

Rule 23 of the Ohio Rules of Civil Procedure governs class actions in Ohio. *See* Civ.R. 23. The Ohio Supreme Court has determined that federal authority may aid Ohio courts in interpreting Civ.R. 23. *See Cullen* at ¶ 14, quoting *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 201, 31 Ohio B. 398, 509 N.E.2d 1249 (1987) ("[b]ecause Civ.R. 23 is virtually identical to Fed.R.Civ.P. 23, we have recognized that 'federal authority is an appropriate aid to interpretation of the Ohio rule'").

The party who seeks to maintain a class action under Civ.R. 23 "'bears the burden of demonstrating by a preponderance of the evidence that the proposed class meets each of the requirements set forth in the rule.'" *Madyda v. Ohio Dept. of Pub. Safety*, 10th Dist. Franklin No. 20AP-217, 2021-Ohio-956, ¶ 12, quoting *Cullen* at ¶ 15, citing *Warner v. Waste Mgt.*, 36 Ohio St.3d 91, 94, 521 N.E.2d 1091 (1988). And a party who seeks to maintain a class action "satisfies its burden when it establishes that all the prerequisites of Civ.R. 23(A) are met and that at least one of the conditions of Civ.R. 23(B) exists." *Madyda* at ¶ 12.

A trial judge "has broad discretion in determining whether a class action may be maintained." *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus. The Ohio Supreme Court has cautioned, however, that the trial court's discretion in deciding whether to certify a class action "is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23." *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998). The Ohio Supreme Court has further cautioned: "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton* at 70.

FILED
COURT OF CLAIMS
OF OHIO

2021 APR 26 PM 4:21

Case No. 2020-00274JD -4- DECISION

The United States Supreme Court too has emphasized that courts should engage in rigorous analysis in determining whether a proposed class should be certified in class action case. In *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013), the Court stated:

> Repeatedly, we have emphasized that it "'may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Id. at 350-351* (quoting *General Telephone Co. of Southwest* v. *Falcon*, 457 U.S. 147, 160-161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)). Such an analysis will frequently entail "overlap with the merits of the plaintiff's underlying claim." 564 U.S., at 351, 131 S. Ct. 2541, 180 L. Ed. 2d 374. That is so because the "'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Ibid.* (quoting *Falcon*, *supra*, at 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740).

The Ohio Supreme Court has enumerated requirements for maintaining a class action under Civ.R 23. *See Cullen* at ¶ 12. The Ohio Supreme Court has stated:

> Civ.R. 23 provides seven requirements for maintaining a class action:
>
>> "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately



Case No. 2020-00274JD  -5-  DECISION

> protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met."
>
> *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, at ¶ 6, quoting *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 71, 1998-Ohio-365, 694 N.E.2d 442 (1998), citing Civ.R. 23(A) and (B) and *Warner v. Waste Mgt.*, 36 Ohio St. 3d 91, 521 N.E.2d 1091 (1988).

*Cullen* at ¶ 12.[1]  Accord *Madyda* at ¶ 11.  See Civ.R. 23(A) (prerequisites) and (B) (types of class actions).[2]

---

[1] Some commentators have suggested that the Ohio Supreme Court may have crafted an eighth requirement: whether the definition of the class is too "broad." *Weissenberger's Ohio Civil Procedure Litigation Manual* 210 (2021 Ed.).  Adjunct Professor A.J. Stephani and Professor of Law Emeritus Glen Weisssenberger state, "Gently probing the facts of the case, the *Stammco* court [*Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d, 2013-Ohio-3019, 994 N.E.2d 408] noted that the defendant had 'no records regarding which charges are authorized and which are not * * * [and thus] [u]nauthorized third-party charges are better resolved on an individual basis with the third party or UTO.' *Id.* at ¶ 65."

[2] Civ.R. 23 provides:

**(A) Prerequisites.**

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and class.

(4) the representative parties will fairly and adequately protect the interests of the class.

**(B) Types of class actions.**

A class action may be maintained Civ.R. 23(A) is satisfied, and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(a) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(b) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; or

```
                                    FILED
                                COURT OF CLAIMS
                                    OF OHIO

                               2021 APR 26  PM 4: 21
```

Case No. 2020-00274JD        -6-        DECISION

Recently, the Tenth District Court of Appeals stated, "[A]lthough it is the preferred course, Civ.R. 23 does not mandate that the trial court make specific findings on each of the seven prerequisites for class certification, nor that it articulate its reasoning for such findings as part of its rigorous analysis." *Madyda v. Ohio Dept. of Pub. Safety*, 10th Dist. Franklin No. 20AP-217, 2021-Ohio-956, ¶ 10. Notably, the Ohio Supreme Court has stated that "any doubts about adequate representation, potential conflicts, or class affiliation should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand, including the augmentation or substitution of representative parties." *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 487, 727 N.E.2d 1265 (2000). *See* Civ.R. 23(C)(1)(c) (altering or amending an order) (providing that an order that "grants or denies class certification may be altered or amended before final judgment").

### B. Cross has satisfied requirements for class-certification by a preponderance of the evidence.

The Court finds that the proffered classes with proposed exclusions, as defined by Cross, are identifiable and unambiguous. *See generally State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 11 (stating that "no clear standard

---

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(a) the class members' interests in individually controlling the prosecution or defense of separate actions;

(b) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(d) the likely difficulties in managing a class action.

* * *.

FILED
COURT OF CLAIMS
OF OHIO

2021 APR 26 PM 4: 21

Case No. 2020-00274JD                           -7-                                              DECISION

has evolved to determine the level of lucidity necessary for a writing to be unambiguous"). Based on the submitted evidence the Court finds that joinder of all members of the proposed classes is impracticable due to, among other things, the number of students who have been affected by UT's response to the COVID-19 pandemic, judicial economy, and potential requests for relief that would involve future class members. *See Pennsylvania Pub. School Emp. Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir.2014) ("[n]umerosity is presumed for classes larger than forty members * * * However, the numerosity inquiry is not strictly mathematical but must take into account the context of the particular case, in particular whether a class is superior to joinder based on other relevant factors including: (i) judicial economy, (ii) geographic dispersion, (iii) the financial resources of class members, (iv) their ability to sue separately, and (v) requests for injunctive relief that would involve future class members").

There is no dispute that UT students were not provided a refund for tuition and fees during the period at issue, as UT has admitted that UT students were not provided a refund for tuition and fees. (Second Amended Answer, ¶ 28.) And the evidence shows that UT students pay the same tuition for in-person and online classes, except there is a $25 fee for online courses (according to testimony presented during the evidentiary hearing).

UT denies, however, that UT students were not provided a refund for room and board and meal plan. (Second Amended Answer, ¶ 28.) UT asserts that it offered a credit of up to $1,230 for students who lived in the residence halls and had a meal plan. (Second Amended Answer, ¶ 3.)

Cross alleges that he was enrolled at UT for the Spring 2020 semester and lived in university housing. (Complaint, ¶ 10.) UT admits that Cross was enrolled at UT for Spring 2020 semester and that Cross lived in university housing. (Second Amended Answer, ¶ 10). Cross further alleges that, except for a portion of his education that was

FILED
COURT OF CLAIMS
OF OHIO

2021 APR 26 PM 4:21

Case No. 2020-00274JD              -8-                           DECISION

paid with scholarships, the remaining balance of his cost for tuition, room, board, and fees for the Spring 2020 semester was paid by him and his family on an out-of-pocket basis. (Complaint, ¶ 10.)

The Court finds that Cross, as the named representative, is a member of the proposed three classes. Based on the evidence submitted the Court finds that it has no reason to doubt that Cross will fairly and adequately protect the interests of the proposed classes.

Whether Cross, as well as those similarly situated, are entitled to remediation for tuition, room and board costs, and fees are questions of law or fact common to Cross and those similarly situated, and, in the Court's view, Cross's claims relative to remediation for tuition, room and board costs, and fees are typical of the claims of the proposed classes. The Court therefore finds that there are questions of law or fact common to members of the proposed classes and the Court finds that the claims relative to remediation for tuition, room and board costs, and fees are typical of the proposed classes. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), quoting *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury'").

The Court further finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, especially given the desirability of concentrating the litigation of the claims in this forum. *See* Civ.R. 23(B)(3). *See also Behrend*, 569 U.S. at 35 (predominance requirement) ("calculations need not be exact, but at the class-certification stage (as at trial), any model supporting a plaintiff's damages case must be consistent with its liability case); *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 33 (plaintiffs in class-action suits "must

Case 3:20-cv-01589-MPS   Document 52-9   Filed 02/15/22   Page 10 of 13

FILED
COURT OF CLAIMS
OF OHIO

2021 APR 26 PM 4:21

Case No. 2020-00274JD                          -9-                          DECISION

demonstrate that they can prove, through common evidence, that all class members were in fact injured by the defendant's actions. * * * Although plaintiffs at the class-certification stage need not demonstrate through common evidence the precise amount of damages incurred by each class member, * * * they must adduce common evidence that shows all class members suffered *some* injury"). *See generally* 5 Moore's Federal Practice – Civil, Section 23.45[1] (2021) (absence of bright-line test for determining whether common questions of law or fact predominate).[3]

In sum, the Court determines that Cross has satisfied requirements for class certification by a preponderance of the evidence. A class action would achieve economies of time, expense and effort, as well as promote a uniformity of decisions relative to similarly situated persons.

---

[3] Commentators have noted in 5 Moore's Federal Practice – Civil, Section 23.45[1] (2021):

There is no precise test for determining whether common questions of law or fact predominate, however. Instead, the Rule requires a pragmatic assessment of the entire action and all the issues involved. In making that assessment, courts have enunciated a number of standards, finding predominance if:

- The plaintiff can establish that resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and that these particular issues are more substantial than the issues subject to individualized proof.
- The substantive elements of class members' claims require the same proof for each class member.
- The proposed class is bound together by a mutual interest in resolving common questions more than it is divided by individual interests.
- The resolution of an issue common to the class would significantly advance the litigation.
- One or more common issues constitute significant parts of each class member's individual cases.
- The common questions are central to all of the members' claims.
- The same theory of liability is asserted by or against all class members, and all defendants raise the same basic defenses.
- It is more efficient, in terms both of economy of judicial resources and of the expense of litigation to the parties, to decide some issues on a class basis, rather than decide all issues in separate trials.

(Footnotes omitted.)

FILED
COURT OF CLAIMS
OF OHIO

2021 APR 26 PM 4: 22

Case No. 2020-00274JD                      -10-                                         DECISION

### C. Cross's motion for bifurcation is not well taken because, in the Court's view, bifurcation would not be conducive to the expedited disposition of the claims or judicial economy.

Cross asks the Court to bifurcate the Tuition Class and its tuition-related claims from the Room and Board Class and the Fee Class. UT opposes Cross's motion for bifurcation.

Under Civ.R. 42(B) a court may hold separate trials of claims or issues. Civ.R. 42(B) provides, "For convenience, to avoid prejudice, or to expedite or economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims. When ordering a separate trial, the court shall preserve any right to a jury trial." Whether to order a separate trial of claims or issues is within this Court's discretion. *See Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, 963 N.E.2d 1270, ¶ 14 ("[t]he language of Civ.R. 42(B) is * * * unambiguous: it vests a trial court with discretion to order a separate trial of any claims or issues and applies to all civil actions").

Upon review of the parties' submitted briefing, the Court determines that the Tuition Class and its tuition-related claims should <u>not</u> be bifurcated from the Room and Board Class and the Fee Class because such bifurcation will not be conducive to an expedited disposition of the claims or judicial economy.

### IV. Conclusion

The Court holds that Cross's motion for class certification should be granted. The Court also holds that Cross's motion for bifurcation should be denied.

*[Signature]*

DALE A. CRAWFORD
Judge

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| TREVOR CROSS<br><br>Plaintiff<br><br>v.<br><br>UNIVERSITY OF TOLEDO<br><br>Defendant | Case No. 2020-00274JD<br><br>Judge Dale A. Crawford<br><br><u>JUDGMENT ENTRY</u> |

2021 APR 26 PM 4:22 FILED COURT OF CLAIMS OF OHIO

For the reasons set forth in the decision filed concurrently herewith, the Court GRANTS Plaintiff's motion of January 6, 2021 to certify this case as a class action and the Court DENIES Plaintiff's motion of March 24, 2021 to bifurcate certain claims.

The Court hereby certifies the following classes and exclusion to the classes:

<u>Tuition Class</u>: All people who were charged for or paid tuition for students enrolled in classes at the University for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the remainder of the academic year.

<u>Room and Board Class</u>: All people who were charged for or paid the costs of room and board (housing and meals) for students enrolled in classes at the University for the Spring 2020 semester who moved out of their on-campus housing prior to the completion of that semester because of the University's policies and announcements related to COVID-19.

<u>Fee Class</u>: All people who were charged for or paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

JOURNALIZED

```
                                    FILED
                              COURT OF CLAIMS
                                   OF OHIO

                              2021 APR 26 PM 4: 22
```

Case No. 2020-00274JD　　　　　　-2-　　　　　　　　JUDGMENT ENTRY

Excluded from the Classes are the Board of Trustees of the University of Toledo, and any of its respective members and their family members, the judicial officers assigned to this matter, and their immediate family members, and Court staff assigned to this case.

Pursuant to Civ.R. 23(C)(1)(c), this Court may alter or amend the class certifications before final judgment.

The Court appoints the following attorneys as class counsel: Drew Legando (84209), Darryl G. Bressack (admitted pro hac vice), David H. Fink (admitted pro hac vice), Edward S. Jerse (13155), and Thomas Merriman (40906).

_____
DALE A. CRAWFORD
Judge

cc:

Drew Legando　　　　　　　　　　　　Darryl G Bressack
Tom Merriman　　　　　　　　　　　　David H Fink
Edward S Jerse　　　　　　　　　　　38500 Woodward Avenue Suite 350
1360 West 9th Street Suite 200　　　　Bloomfield Hills MI  48304
Cleveland OH  44113

Randall W Knutti
Peter E DeMarco
Jeanna V Jacobus
Michelle C Brizes
Assistant Attorneys General
30 East Broad Street 16th Floor
Columbus OH  43215

009

JOURNALIZED