# EXHIBIT 8

*Little v. Grand Canyon Univ.*, Case No. CV-20-00795, (D. Ariz. Jan. 28, 2022)

Little v. Grand Canyon University, Slip Copy (2022)
2022 WL 266726

2022 WL 266726
Only the Westlaw citation is currently available.
United States District Court, D. Arizona.

Carson LITTLE, Plaintiff,
v.
GRAND CANYON UNIVERSITY, Defendant.

No. CV-20-00795-PHX-SMB
|
Signed 01/28/2022

**Attorneys and Law Firms**

Adam J. Levitt, Pro Hac Vice, Amy E. Keller, Pro Hac Vice, Laura E. Reasons, Pro Hac Vice, DiCello Levitt Gutzler LLC, Matthew S. Miller, Pro Hac Vice, Matthew S. Miller LLC, Chicago, IL, Robert David Ryan, Law Offices of Robert D. Ryan PLLC, Phoenix, AZ, for Plaintiff.

Jon Peter Kardassakis, Pro Hac Vice, Lewis Brisbois Bisgaard & Smith LLP, Los Angeles, CA, Kathryn Ann Honecker, Sean Patrick Healy, Lewis Brisbois Bisgaard & Smith LLP, Phoenix, AZ, for Defendant.

### ORDER

Susan M. Brnovich, United States District Judge

**\*1** Pending before the Court is Plaintiff Carson Little's Amended Motion for Class Certification and Appointment of Class Representative and Class Counsel. (Doc. 57.) Defendant Grand Canyon University ("GCU") filed a Response, (Doc. 60), and Plaintiff replied, (Doc. 61). The Court held oral argument on the motion on January 25, 2022. After considering the pleadings and applicable law, the Court will now grant in part and deny in part Plaintiff's motion.

### I. BACKGROUND

On April 24, 2020, Plaintiff filed a class action complaint (the "Complaint") against GCU alleging that the university failed to provide proper refunds of housing expenses, meal plans, and student fees after GCU sent students home in response to the COVID-19 pandemic during the Spring 2020 semester. (*See generally* Doc. 1.) Plaintiff's Complaint sought to bring claims on behalf of two classes: (1) those who paid room and board fees to GCU and (2) those who paid fees during the Spring 2020 semester. (Doc. 1 at 14 ¶ 51.) The Complaint brought claims for breach of contract, unjust enrichment, and conversion. (Id. at 17–22 ¶¶ 60–103.) On January 29, 2021, the Court ruled on Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. 40.) In its ruling, the Court allowed Plaintiff's breach of contract and unjust enrichment claims to proceed while dismissing the conversion claim. The basic factual allegations in Plaintiff's Complaint are as follows.[1]

Plaintiff is a GCU student who paid the cost of room and board and fees for the Spring 2020 semester. (Doc. 1 at 4 ¶ 9.) While Plaintiff lists in his Complaint fees which students pay, he did not specify which ones he paid for the 2019–2020 academic year. (*Id.* at 6 ¶ 21.) Furthermore, although the Complaint lists housing and meal plan costs, he does not specify how much he paid in housing costs. (*Id.* at 5–6 ¶¶ 19–20.) Students at GCU moved into on-campus housing for the Spring 2020 semester on or around January 4 and 5, 2020. (*Id.* at 5 ¶ 16.) Prior to the COVID-19 outbreak, non-graduating students were required to move out of campus housing by April 23, 2020. (*Id.*) Graduating students were required to move out by April 25, 2020. (*Id.*) However, on or around March 12, 2020, GCU announced that due to the COVID-19 pandemic, all but a few classes would be moved online for the remainder of the Spring 2020 semester. (*Id.* at 2 ¶ 2, 10 ¶ 33.) At that time, GCU encouraged students to return to their homes and complete their coursework online. (*Id.* at 10 ¶ 33.) On March 21, 2020, GCU told students, "We are asking all students—other than international students who can not travel to their home countries and students who have special circumstances—to leave campus as soon as possible." (*Id.* at 11 ¶ 36.) The communication also stated that if students stayed, they would be restricted to their rooms, the campus grocery/convenience store, and the health and wellness clinic. (*Id.*) It also stated that students who remained on campus could expect a significant cutback of food services beginning on March 23, 2020. (*Id.*) On March 23, 2020, GCU announced that limited credits would be offered to students who moved out of their on-campus housing by March 25, 2020, with credits ranging from $260-$450 based on dorm location and

**Little v. Grand Canyon University, Slip Copy (2022)**
2022 WL 266726

occupancy. (*Id.* at 12 ¶ 39.) Plaintiff alleges that the credits offered by GCU are insufficient because they are not the full-prorated, unused portion of students' room and board payments. (*Id.* ¶ 42.) GCU also announced that, in lieu of providing refunds for meal plans, any "Dining Dollars" left in students' accounts would roll over to the next semester. (*Id.* ¶ 41.) Graduating students would have their balance of the Dining Dollars refunded at the end of the semester. (*Id.*) Plaintiff alleges that the rollover plan for the Dining Dollars was insufficient. (*Id.* at 12–13 ¶ 43.) GCU did not provide or offer students any refund of miscellaneous fees they paid for the Spring 2020 semester. (*Id.* at 13 ¶ 44.) Despite complaints and demands by students and parents, GCU stood by its policy of refusing refunds. (*Id.* ¶ 49.) Plaintiff left campus on March 13, 2020 and did not return to campus, in accordance with GCU's policies.[2] (*Id.* at 4 ¶ 9.)

**\*2** Plaintiff seeks the "disgorgement" of the pro-rated amount of monies paid for fees, room and board, and meal plans from GCU. (*Id.* at 13–14 ¶¶ 50–51.) Plaintiff offers the following definition of the class that he seeks to certify: "All students enrolled in on-campus classes at Grand Canyon University for the Spring 2020 semester and who were charged fees for services, facilities, resources, activities, and/or events that were not provided, in whole or in part, during the Spring 2020 semester." (Doc. 57 at 2.)

## II. LEGAL STANDARD

Class actions are governed by Federal Rule of Civil Procedure 23, which provides as follows:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentration the litigation of the claims in the particular forum; and

(D) The likely difficulties in managing a class action.

Fed. R. Civ. P. 23(a) and (b). Plaintiffs seeking class certification must show that they have met the requirements of the four subsections in Rule 23(a) and at least one subsection in Rule 23(b). *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). The district court has broad discretion to certify a class as long as it is exercised within the framework of Rule 23. *Id.* "The party seeking class certification has

the burden of affirmatively demonstrating that the class meets the requirements of [Rule 23]." *Mazza v. Am. Honda Motor. Co.*, 666 F.3d 581, 588 (9th Cir. 2012). "The plaintiff must prove entitlement to class certification by a preponderance of the evidence." *Bobbitt v. Milberg LLP*, No. CV-09-00629-TUC-RCC, 2021 WL 2002950, at *4 (D. Ariz. May 19, 2021).

## III. DISCUSSION

### A. Objection to Plaintiff's Notice of Supplemental Authority

**\*3** As a threshold matter, GCU filed an objection to the first of Plaintiff's three notices of supplemental authority. (Doc. 63.) The objection argues that Plaintiff's First Notice of Supplemental Authority, (Doc. 62), contains improper argument. Plaintiff's First Notice of Supplemental Authority, indeed, contains multiple paragraphs with improper argument. The purpose of a notice of supplemental authority is to inform a court of a newly decided case that is relevant to the dispute before it, but it is not a venue for submission of additional argument or factual evidence. See *Nichols v. Harris*, 17 F. Supp. 3d 989, 996 n. 3 (C.D. Cal. 2014) ("Filing a notice of supplemental authority to inform the Court of a new judicial opinion that has been issued is appropriate, but it is an improper occasion to argue outside the pleadings."); *see also Hagens Berman Sobol Shapiro LLP v. Rubinstein*, 2009 WL 3459741, at *1 (W.D. Wash. Oct. 22, 2009) (finding a notice of supplemental authority improper "because it contained argument regarding the case" submitted for the court's review). Because Plaintiff used the notice as an improper opportunity to make argument, the document will be stricken.

### B. Standing

GCU argues that Plaintiff lacks standing to bring the proposed class claims because his parents paid for his room, board, fees, and textbooks. (Doc. 60 at 10–11.) "Every class member must have Article III standing in order to recover individual damages." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2208 (2021). Named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40, n. 20 (1976)).

GCU argues that because Plaintiff's parents paid for his room and board, fees, and textbooks, he has not established a particularized and concrete injury to give him standing to represent the class. (Doc. 60 at 11.) GCU also argues that Plaintiff seeks to pursue claims for fees that he was not required to pay because they did not apply to him. (*Id.* at 11.) GCU additionally contends that Plaintiff lacks a personalized or concrete injury to assert claims for fees unaffected by GCU's response to COVID-19. (*Id.* at 12.) Moreover, GCU argues that Plaintiff does not have standing to pursue claims for fees for which he does not know the purpose, that he cannot pursue claims for fees paid for facilities because he did not use them, and that he has abandoned his claims for room and board by not specifically mentioning it in his amended class definition. (*Id.* at 12–13.) And regarding room and board, GCU contends that Plaintiff did not vacate his apartment until the end of the semester. (*Id.* at 13.)

GCU's argument that Plaintiff lacks standing because his parents paid his fees and costs must be rejected. While Plaintiff's parents paid his fees and costs, he is ultimately the individual who had a contract with GCU. In other words, if he had failed to pay, he—not his parents—would be on the hook. It does not matter how he procured the money to pay his obligations to GCU, it was ultimately his obligation. As Plaintiff points out, if this were not the case, students could rarely sue a university because students often do not have the means to pay their own tuition, fees, and room and board. This would lead to absurd results. It is irrelevant if Plaintiff got the money from his parents, a student loan, or a scholarship. Thus, the Court rejects GCU's argument that Plaintiff lacks standing on this basis.

The Court will also reject GCU's argument that Plaintiff lacks standing because he did not pay every type of fee that GCU charged students. Under Plaintiff's theory of liability, he suffered the same type of harm as other students at GCU: he was unable to take advantage of the services, facilities, and amenities for which he paid fees and room and board charges because GCU encouraged students to leave campus and closed facilities on campus due to the COVID-19 pandemic. What matters most is that the same decision, made by GCU, deprived students of campus benefits they contracted with GCU to receive. The exact fees paid by each student is a matter of

damages, which the Court need not address at this stage in the case.

**\*4** Likewise, the Court also rejects GCU's argument that Plaintiff lacks standing because he did not use all the services or facilities for which he paid. Regardless of whether Plaintiff used the facilities, GCU breached the contract between the parties if GCU failed to offer the facilities or services due to the COVID-19-related closures on campus. Plaintiff is correct that he is entitled to have what he paid for regardless of whether he chose to use those services. Thus, this argument, too, is rejected.

GCU's argument that Plaintiff has abandoned his claims for room and board lacks merit. Under the newly amended class definition, Plaintiff seeks relief for students who paid for services which were not provided by GCU. This could clearly include room and board expenses, which were paid for but not provided. Accordingly, GCU's argument on this point will be rejected.

Lastly, GCU argues—regarding Plaintiff's room and board claim—that he was not injured because he accepted $450 from GCU to move out of his apartment early and did not move out of his apartment until the end of the semester. (Doc. 60 at 13.) As evidence of this, GCU points out that Plaintiff used his key fob to access his apartment on several dates after students were supposed to move off campus. (*See id.* at 18.) Through this evidence, GCU seems to imply that Plaintiff continued living on campus. However, as Plaintiff claims, he simply used the key fob to return to campus to collect his belongings from his apartment. (*See* Doc. 61 at 7.) Thus, GCU fails to show evidence that Plaintiff continued to live on campus and the credit would impact damages, not standing. Accordingly, Plaintiff does not lack standing as class representative.

### C. Scope of the Class

GCU's opposition argues that Plaintiff's proposed class cannot be certified because it goes beyond the Complaint's allegations and claims. (Doc. 60 at 3.) Some district courts in the Ninth Circuit have rejected attempts to amend a class definition at the certification stage without a plaintiff requesting leave to amend their complaint. *See, e.g.*, *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 597 (S.D. Cal. 2014) ("[T]he Court is bound by the class definition provided in the Complaint."); *see also* *Costelo v. Chertoff*, 258 F.R.D. 600, 604–605 (C.D. Cal. 2009) ("The Court is bound to class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it."). However, other courts in the Ninth Circuit take a more nuanced approach and entertain certification of a class other than that described in the complaint if the proposed modifications to the class definition are minor, require no additional discovery, and cause no prejudice to defendants. *See* *Davis v. AT&T Corp.*, No. 15CV2342-DMS (DHB), 2017 WL 1155350, at \*2 (S.D. Cal. Mar. 28, 2017). Furthermore, some will allow more than mere minor modifications to a class definition "if it is narrower than the class alleged in the complaint." *Id.*; *see* *Gold v. Lumber Liquidators Inc.*, No. 14-CV-05373-THE, 2017 WL 2688077, at \*3–\*4 (N.D. Cal. June 22, 2017) (allowing plaintiff to narrow the class definition without amending her complaint).

Here, Plaintiff's proposed change to the class definition is minor, will not require additional discovery, and will not prejudice GCU. Plaintiff proposes the following class definition: "All students enrolled in on-campus classes at Grand Canyon University for the Spring 2020 semester and who were charged fees for services, facilities, resources, activities, and/or events that were not provided, in whole or in part, during the Spring 2020 semester." (Doc. 57 at 2.) This definition encompasses students, like Plaintiff, who did not receive all the facilities, services, and amenities for which they paid due to GCU's COVID-19 related campus closure. The Court notes, however, that students would not be injured if they were merely charged fees for services but never paid.[3] This deficiency in the definition can be fixed with a simple modification. Accordingly, the Court will modify the class definition as follows: "All students enrolled in on-campus classes at Grand Canyon University for the Spring 2020 semester and who were charged ***and paid*** fees for services, facilities, resources, activities, and/or events that were not provided, in whole or in part, during the Spring 2020 semester."

### D. Definite and Ascertainable

**\*5** In addition to being a member of the class, Rule 23 has the additional threshold requirement that the class be adequately definite and ascertainable. *Gustafson v. Goodman Mfg. Co. LP*, No. CV-13-08274-PCT-JAT, 2016 WL 1029333, at \*6 (D. Ariz. Mar. 14, 2016). Here, the Court finds that the class is definite and ascertainable. GCU can readily ascertain the identity of class members from its records, which should show which students

stayed on campus after the campus closure and the amount of fees that each student paid. Thus, the Court finds that the threshold requirements of Rule 23 are satisfied.

### E. Rule 23(a) Requirements

#### 1. Numerosity

Rule 23 first requires that the class be so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a)(1). A proposed class of at least 40 members presumptively satisfies the numerosity requirement. *Mix v. Asurion Servs. Inc.*, No. CV-14-02357-PHX-GMS, 2016 WL 7229140, at *8 (D. Ariz. Dec. 14, 2016). Here, Plaintiff has proposed a class with at least 20,000 members. Accordingly, he has satisfied the numerosity requirement.

#### 2. Commonality

Rule 23 requires that there be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). This analysis requires a plaintiff to demonstrate that class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–350 (2011). Commonality requires a common contention that "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each on the claims in one stroke." *Id.* at 350.

Here, Plaintiff clearly has satisfied the commonality requirement for his breach of contract claim, but not his unjust enrichment claim as explained further in Section III(F)(1) below. The class members allegedly all suffered a common injury: GCU failed to provide campus services and facilities for which students paid for the Spring 2020 semester. Whether GCU breached contracts when it encouraged students to go home during the Spring 2020 semester and retained money for some services are questions that can be resolved on a class basis. Additionally, contrary to GCU's argument, the fact that GCU may have charged different fees to different students does not preclude a finding of commonality. Whether or not the fees charged were the same student is not the issue. Instead, the issue is whether GCU's alleged breach of contract or unjust enrichment was the same for each student. Accordingly, the Court finds that Plaintiff has satisfied the requirement for commonality.

#### 3. Typicality

Rule 23's typicality requirement necessitates that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). This requirement is satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (internal quotation marks and citation omitted). "Like the commonality requirement, the typicality requirement is permissive and requires only that the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (internal quotation marks omitted). "The requirement of typicality is not primarily concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017).

**\*6** GCU argues that Plaintiff cannot satisfy the requirement for typicality because he lacks standing to assert any of the putative class members' claims. (Doc. 60 at 21.) The Court disposed of this argument above. The Court thus finds that Plaintiff has met the requirement for typicality. Plaintiff's injury is based on the same conduct of GCU suffered by the rest of the class—that GCU potentially breached its contracts with students and was unjustly enriched by failing to provide all facilities, services, and events to students due to the COVID-19 related closure of campus. That Plaintiff did not pay the same fees as every member of the class is irrelevant as long as Plaintiff endured a course of conduct directed against the class. *Id.* Accordingly, Plaintiff has satisfied the requirement for typicality.

#### 4. Representative Party

Rule 23(a)(4) requires that the class representative

"will fairly and adequately represent the interests of the class." "Adequacy of representation is satisfied if the named representatives appear 'able to prosecute the action vigorously through qualified counsel' and if the representatives have no 'antagonistic or conflicting interests with the unnamed members of the class.' " *Winkler v. DTE, Inc.*, 205 F.R.D. 235, 242 (D. Ariz. 2001) (quoting *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

GCU does not argue that Plaintiff cannot fairly and adequately represent the interests of the class. Instead, it merely argues that Plaintiff lacks standing to bring his claims. (*See* Doc. 60 at 21.) The Court has already disposed of this argument. Further, Plaintiff avows that he has no conflict of interest with unnamed class members, that he will prosecute the case vigorously, and that his counsel is qualified. (Doc. 57 at 9–10.) Thus, the Court finds that Plaintiff has satisfied Rule 23(a)(4) and will adequately represent the class.

### F. Rule 23(b)

Having determined that Plaintiff has satisfied the requirements of Rule 23(a), the Court now turns to analyze whether Plaintiff has satisfied at least one subsection in section 23(b). *See Zinser*, 253 F.3d at 1186.

Plaintiff first argues that the class satisfies Rule 23(b)(3). That rule requires that "the questions of law or fact common to the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Matters pertinent to these findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

*Id.*

#### 1. Predominance

" 'The predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation.' " *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (quoting *Anchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). "When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Id.* at 453–454 (internal quotation marks and citation omitted).

GCU contends that individual issues predominate for the breach of contract claims and the unjust enrichment claim. (Doc. 60 at 14–20.) It argues that Plaintiff does not have proof to meet the essential elements for his breach of contract claim for class members. (*Id.* at 14-15.) Additionally, GCU argues that, as a general matter, unjust enrichment claims should not be certified. (Doc. 60 at 20.)

**\*7** The Court finds that questions of law or fact predominate over questions affecting only individual members for Plaintiff's breach of contract claims. Besides international students and students who obtained a waiver from GCU—both of which GCU can readily ascertain—GCU told all students to move home for the remainder of the Spring 2020 semester. Further, it is not disputed that GCU closed various campus amenities for which fees were paid. These closures, and the failure to refund any money for the fees students paid, affected all students. They were no longer able to use the amenities or services for which they paid fees. Thus, Plaintiff has proffered evidence which would enable a trier of fact to be able to prove a contract existed between students and GCU, a breach, and resulting damages. *See Dylan Consulting Servs. LLC v. SingleCare Servs. LLC*, No. CV-16-02984-PHX-GMS, 2018 WL 1510440, at \*2 (D. Ariz. Mar. 27, 2018). Even though some matters will need to be tried separately, such as which fees students paid (damages), GCU took actions which uniformly affected students and potentially resulted in a breach of contract. Accordingly, Plaintiff has met the predominance requirement for his breach of contract claim.

Conversely, Plaintiff has failed to show predominance for

its unjust enrichment claim. To prevail on a claim of unjust enrichment under Arizona law, a Plaintiff must prove: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Perez v. First Am. Title Ins. Co.*, 810 F. Supp. 2d 986, 991 (D. Ariz. 2011) (quoting *Freeman v. Sorchych*, 245 P.3d 927, 936 (App. 2011)). Because of the necessity of examining the circumstances of a particular case before a court can grant relief on such an equitable claim, courts have found unjust enrichment claims inappropriate for class treatment. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009) ("[C]ommon questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts."); *see also Collinge v. IntelliQuick Delivery, Inc.*, No. 2:12-CV-00824 JWS, 2015 WL 129444, at *14 (D. Ariz. Mar. 23, 2015)*Collinge v. IntelliQuick Delivery, Inc.*, No. 2:12-CV-00824 JWS, 2015 WL 129444, at *14 (D. Ariz. Mar. 23, 2015) (finding that unjust enrichment claims "are inherently unsuitable for class certification"). The Court agrees with other courts who have refused to certify a class for unjust enrichment claims. The individualized analysis that the court must perform before granting relief on such a claim makes it unsuitable for class certification. Accordingly, the Court finds that Plaintiff has not met the predominance requirement for his unjust enrichment claim.

### 2. Superiority of Class Action

The Court finds that a class action is superior to other forms of adjudication to fairly and efficiently resolve this controversy for Plaintiff's breach of contract claims. "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). In light of this policy and the Rule 23 factors, it is clear that a class action is the most efficient way to manage this controversy. Otherwise, roughly 20,000 students would need to individually litigate their breach of contract claims against GCU, and students would likely not be able to collect enough in damages in order to bring suit on their own. Litigating the claims as a class would also allow the Court to resolve common questions of law and fact in one case and avoid inconsistent results. Thus, the Court finds that a class action is superior to other forms of adjudication. Therefore, Plaintiff has satisfied the Rule 23(b)(2) claims for his breach of contract claims.[4]

### IV. CONCLUSION
**\*8** Accordingly,

**IT IS ORDERED** granting in part and denying in part Plaintiff's Motion for Class Certification as outlined above. (Doc. 57.) The Court will certify Plaintiff's breach of contract claims but will not certify his unjust enrichment claims.

**IT IS FURTHER ORDERED** striking Plaintiff's First Notice of Supplemental Authority, (Doc. 62), from the docket.

**IT IS FURTHER ORDERED** that the class definition will be amended as outlined above.

**All Citations**

Slip Copy, 2022 WL 266726

---

### Footnotes

[1] For a more robust recitation of the factual allegations in Plaintiff's complaint, please refer to the Court's order granting in part and denying in part Defendant's Motion to Dismiss. (*See generally* Doc. 40.)

[2] During discovery, the parties ascertained that Plaintiff did, in fact, return to campus several times after that date, but Plaintiff claims it was only to retrieve belongings. (Doc. 60 at 17–18; Doc. 61 at 7.)

**Little v. Grand Canyon University, Slip Copy (2022)**
2022 WL 266726

| | |
|---|---|
| 3 | As discussed above, how students obtained money to pay is irrelevant. |
| 4 | As the Court has found that the contract claims satisfy the requirements of Rule 23(b)(3) and that the unjust enrichment claims are not suitable for class consideration, the Court declines to address Plaintiff's arguments that the class satisfies Rule 23(b)(2) and/or Rule 23(c)(4). |

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.