IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRYSTIAN WNOROWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF NEW HAVEN,<br><br>Defendant. | No. 3:20-cv-01589 (MPS) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, Krystian Wnorowski ("Plaintiff"), respectfully submits this brief response to Defendant's Notice of Supplemental Authority.

On June 27, 2022, Defendant University of New Haven ("UNH") submitted a decision out of the Southern District of New York for the Court's consideration regarding Plaintiff's pending motion for class certification. ECF No. 61. As addressed below, *Garcia De Leon v. New York University*, No. 21-cv-05005, Order (S.D.N.Y. June 22, 2022) is erroneous, factually distinctive and not instructive to Plaintiff's pending motion for class certification.

The court in *Garcia De Leon* erroneously relied on the named plaintiff's use/attempted use of on-campus facilities in its analysis of the commonality and typicality requirements of Fed. R. Civ. P. 23(a). As this Court (and almost all others) has already recognized, it is the uniformly prohibited *access* to physical facilities and services that lies at the heart of this matter – not use. ECF No. 37, at 13. Accordingly, *Garcia De Leon* provides little guidance on the commonality and typicality of Plaintiff Wnorowski.

*Garcia De Leon* provides even less guidance on the predominance requirement of Fed. R. Civ. P. Rule 23(b). The New York court erroneously failed to recognize that the actions of the defendant university predominated over all individualized issues, cutting against the great weight of authority in COVID-19 tuition and fee refund actions. *See, e.g.*, *Little v. Grand Canyon University*, No. cv-20-795, 2022 WL 266726, *7 (D. Az. Jan. 28, 2022)("Even though some matters will need to be tried separately, such as fees students paid (damages), [the university] took actions which uniformly affected students and potentially resulted in a breach of contract."). Moreover, unlike the defendant university in *Garcia De Leon*, UNH's papers do not indicate that its campus closure and related financial decisions were anything other than uniform. *See* Decl. Synodi paras. 4 & 5. These factual distinctions render UNH's supplemental authority inapposite.

Lastly, in its submission, UNH provided unnecessary briefing inapplicable to its opposition. UNH purports to have the Court rely on the New York decision in its consideration of adequacy of Plaintiff and his counsel – arguments waived by UNH. *See* ECF No. 53. UNH does not challenge the adequacy of Plaintiff Wnorowski or his counsel, and accordingly, Plaintiff respectfully requests that this Court disregard UNH's filing to the extent it attempts to advance new arguments in opposition to Plaintiff's pending motion for class certification.

For these reasons, *Garcia De Leon* is clearly distinguishable from the case at hand, and the Court should disregard it to the extent UNH attempts to advance new arguments.

[signatures on the following page]

Respectfully Submitted,

/s/ *Edward Toptani*
Edward Toptani
**TOPTANI LAW, PLLC**
375 Pearl Street, suite 1410
New York, NY 10038
(P): 212-699-8930
(E): edward@toptanilaw.com

-AND-

Blake G. Abbott
Roy T. Willey, IV
Eric M. Poulin
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
(P): 843-614-8888
(E): blake@akimlawfirm.com
    roy@akimlawfirm.com
    eric@akimlawfirm.com

*Attorneys for Plaintiff and Putative Classes*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed today through the Court's CM/ECF system will be sent electronically to all counsel of record via the Court's CM/ECF system.

Date: July 8, 2021                    /s/ *Edward Toptani*
                                       Edward Toptani