## AMENDED SETTLEMENT AGREEMENT

This Amended Settlement Agreement ("Amended Settlement Agreement," "Settlement Agreement," or "Agreement") is made and entered into as of this 7th day of June, 2023, by and among the following parties, as hereinafter defined: (1) Krystian Wnorowski ("Plaintiff" or "Named Plaintiff"), on behalf of himself and the Settlement Classes, by and through Class Counsel in this Action; and (2) the University of New Haven ("UNH"), by and through UNH's Counsel in this Action. The Named Plaintiff and UNH are individually each a "Party" and collectively, the "Parties." This Amended Settlement Agreement supersedes and replaces the Original Settlement Agreement entered into by the Parties on April 21, 2023 ("Original Settlement Agreement").

## RECITALS

On October 22, 2020, Plaintiff Krystian Wnorowski filed a putative class action complaint in the United States District Court for the District of Connecticut styled *Krystian Wnorowski, on behalf of himself and others similarly situated v. University of New Haven*, Case No. 3:20-cv-1589 (the "Action").

On November 12, 2020, Plaintiff filed an Amended Class Action Complaint and Jury Demand (ECF 9) (the "Complaint"). The Complaint alleged that Named Plaintiff and putative class members are entitled to refunds of certain amounts of tuition, fees, and other charges because, beginning in March 2020, UNH provided classes remotely and closed on-campus services in response to the COVID-19 pandemic. The Complaint alleged that Named Plaintiff and all other UNH students who paid tuition and/or fees for the Spring 2020 semester had express and implied contracts with UNH that entitled them to in-person instruction and services, and that, by switching to remote education and closing on-campus services in response to the pandemic without reducing or refunding tuition or fees, UNH was liable for breach of contract. (Compl. at ¶¶ 59, 97, 126-129.) The Complaint also included two claims for unjust enrichment in the alternative to

Plaintiff's two breach of contract claims. ( *Id* . at ¶¶ 105-119, 132-145.) Named Plaintiff sought damages representing the "difference between the fair market value of the online learning provided versus the fair market value of the live, in-person instruction in a physical classroom on a physical campus with all the attendant benefits for which they contracted." *Id.* ¶ 104.

On February 1, 2021, UNH filed a Motion to Dismiss the Complaint in its entirety (ECF 18). The Court denied UNH's Motion to Dismiss on August 3, 2021. (ECF 37.) On February 16, 2022, Named Plaintiff moved to certify two putative classes of plaintiffs comprising of:

**The Tuition Class:**

All persons whom paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 Semester and were denied live in-person instruction from March 9, 2020 until the end of the Semester.

**The Fees Class:**

All persons whom paid fees for or on behalf of students enrolled at the University of New Haven who were charged fees for services, facilities, resources, events, and/or activities for the Spring 2020 Semester that were not provided in whole or in part.

(ECF 52 at 1.) Named Plaintiff also moved for the court to appoint him as class representative and to appoint the Anastopoulo Law Firm, LLC (now known as Poulin | Willey | Anastopoulo, LLC) as class counsel. (*Id.*) UNH filed an Opposition to Plaintiff's Motion for Class Certification on April 1, 2022. (ECF 53.) Plaintiff replied on April 15, 2022. (ECF 57.)

The parties also engaged in substantial class-related and merits discovery, including issuing and responding to written discovery requests, collecting and producing responsive documents, and deposing Plaintiff and certain representatives from UNH.

On July 15, 2022, Plaintiff moved for summary judgment on its two breach of contract claims. (ECF 66.) UNH opposed Plaintiff's Motion for Partial Summary Judgment on August 22, 2022; (ECF

82); and Plaintiff filed a reply on September 9, 2022. (ECF 90.) On July 18, 2022, UNH moved for summary judgment on all counts of Plaintiff's Complaint. (ECF 70.) Plaintiff opposed UNH's Motion for Summary Judgment on August 22, 2022; (ECF 85); and UNH filed a reply on September 9, 2022. (ECF 91.) On September 15, 2022, at the request of the Parties, the Court referred the case for mediation with the Honorable Magistrate Judge S. Dave Vatti. The Court also denied without prejudice the Plaintiff's Motion to Certify Class and indicated that the Plaintiff had the plenary right to renew the motion if the mediation did not result in settlement.

Thereafter, the Parties participated in several mediation sessions with the Honorable S. Dave Vatti. The first mediation session took place virtually on November 9, 2022 after the Parties submitted detailed statements analyzing the case to Judge Vatti. This initial session lasted over four hours but did not result in a settlement. The Parties returned for a second virtual mediation session with Judge Vatti on December 16, 2022. This second session lasted for over three hours but still did not result in a settlement. The Parties participated in a third mediation session on January 10, 2023, followed by a fourth on January 30, 2023; however, a settlement still was not reached. Thereafter, counsel for each Party participated multiple ex parte conversation with Judge Vatti in an effort to reach a settlement. On March 1, 2023, following their ex parte discussions with Judge Vatti, the Parties agreed upon the essential terms of a settlement and the case was reported settled, pending a fairness hearing by the Court. In light of this, the Court denied without prejudice the Parties' motions for summary judgment. (ECF 126.)

Thereafter, the Parties negotiated and agreed to the particular terms of the settlement in a settlement agreement, which the Parties entered into on April 21, 2023 (ECF 133-1) ("Original Settlement Agreement"). The Original Settlement Agreement included as supporting exhibits proposed Long and Short Form Notices of the settlement to Potential Settlement Class Members

(ECF 133-2 & 133-4); a Proposed Order Granting Preliminary Approval of the Settlement, Directing Notice to the Class, Setting a Hearing on Final Approval, and Provisionally Certifying the Proposed Settlement Class (ECF 133-3) ("Proposed Preliminary Approval Order"); and a Proposed Final Judgment (ECF 133-5). On the same day, Plaintiff filed an Unopposed Motion to Preliminary Approve Class Action Settlement, Certify Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule Final Approval Hearing (ECF 132) ("Motion for Preliminary Approval") and memorandum of law in support of the same (ECF 132-1). Plaintiff also filed the Declaration of Paul Doolittle in Support of Plaintiff's Motion for Preliminary Approval (ECF 133), which included the Settlement Agreement and its supporting exhibits.

On May 1, 2023, the Settlement Administrator, on behalf of UNH, caused the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") to be served upon the Attorneys General of each U.S. State or territory in which, based on a preliminary Class List, Settlement Class Members reside, the Attorney General of the United States, and other government officials as required by law.

On May 24, 2023, the Parties attended a telephonic status conference with the Court to address questions from the Court regarding certain terms of the proposed settlement. Following the status conference, the Court issued orders (ECF 135 and 137) requiring the parties to file a submission clarifying these issues or an amended settlement agreement and amended proposed preliminary approval order. The Parties have agreed to enter into this Amended Settlement Agreement to address the issues raised by the Court in the May 24, 2023 status conference. This Amended Settlement Agreement will be jointly filed by the Parties as an exhibit to a Joint Supplement Statement Clarifying Settlement Terms.

Named Plaintiff believes that the claims asserted in the Action have merit. Nonetheless,

Named Plaintiff and his counsel recognize that UNH raised factual and legal defenses in the Action that present a risk that Named Plaintiff may not prevail at trial or on appeal. Named Plaintiff and his counsel have also taken into account the costs, risks, and delays associated with the continued litigation of the Action, including litigating any appeal of the dismissal of all claims seeking a refund of tuition. Therefore, Named Plaintiff and his counsel believe that it is desirable that the Released Settlement Class Parties' Claims and the Released UNH Claims (as defined herein) be fully and finally compromised, settled, and resolved with prejudice, and barred under the terms and conditions set forth in the Settlement Agreement.

Based on their comprehensive examination and evaluation of the law and facts relating to the matters at issue in the Action, Named Plaintiff's counsel have concluded that the terms and conditions of the Settlement are fair, reasonable, and adequate to resolve the alleged claims of the Settlement Class Members (as defined herein), and that it is in the best interests of the Settlement Class Members to settle the claims raised in the Action under the terms and conditions set forth in the Settlement.

At all times, UNH has continued to maintain that its staff performed in an exemplary fashion to continue to provide the excellent quality educational services for which it is known despite the challenges imposed by a global pandemic and therefore denies all allegations of liability on any basis and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nevertheless, taking into account the costs of continued litigation, the uncertainty and risks inherent in litigation generally and the benefits that current and former students will receive from a negotiated settlement, UNH considers it desirable to resolve the Action on the terms and conditions stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that the

Settlement on the terms and conditions set forth herein is in UNH's best interests.

As more fully explained below, neither the Settlement nor any actions taken to carry out the Settlement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability by any person or entity, or of the validity of any claim, defense, or any point of fact or law by any Party. All such liability is expressly denied. Neither the Settlement, nor the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault, wrongdoing, or culpability by UNH, or be offered or received in evidence as an admission, concession, presumption, or inference of any fault, wrongdoing, or culpability by UNH in any action or proceeding.

Although the Parties have agreed that a class may be certified for purposes of the Settlement, such certification shall not be binding or have any legal effect if the Settlement is terminated, if the Settlement is ultimately not approved, or if the approval is reversed or modified on appeal. UNH reserves all of its objections to class certification for litigation purposes and does not consent to certification of the proposed Settlement Class for any purpose other than to effectuate the Settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, by and through their respective counsel, that subject to final approval of the Court, after a hearing as provided for in the Settlement pursuant to Federal Rule of Civil Procedure 23(e), and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Settlement Class Parties' Claims and the Released UNH Claims shall be fully and finally compromised, settled, and released and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in the Settlement.

## DEFINITIONS

1.      As used in this Settlement Agreement, the following terms have the meanings specified below:

a.      **"Action"** means *Krystian Wnorowski, on behalf of himself and others similarly situated v. University of New Haven*, Case No. 3:20-cv-1589.

b.      **"Administrative Expenses"** means: (a) the costs, fees, and expenses that are incurred by the Settlement Administrator in connection with providing notice to the Settlement Class, providing the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715(b), on behalf of UNH, and administering the Settlement, including but not limited to, (a) distributing the Net Settlement Fund to the Settlement Class Members; (b) responding to inquiries from Settlement Class Members; (c) fees and expenses incurred in connection with the Escrow Account; and (d) Taxes.

c.      **"Cash Settlement Amount"** means One Million Dollars and Zero Cents ($1,000,000.00) consideration to be paid by UNH as part of this Settlement.

d.      **"Cash Settlement Fund"** means the Cash Settlement Amount plus any and all interest earned thereon.

e.      **"Class Counsel"** means the law firm of Poulin | Willey | Anastopoulo, LLC.

f.      **"Court"** means the United States District Court for the District of Connecticut, the Honorable Michael P. Shea presiding.

g.      **"Effective Date"** means the first date after which all of the following events and conditions have been met or have occurred: (i) the Parties' counsel have executed the Settlement; (ii) the Court has entered the Preliminary Approval Order; (iii) the Court has entered the Final Judgment; and (iv) the Final Judgment becomes Final.

h.      **"Escrow Agent"** means the Settlement Administrator.

i.      **"Fee Award"** means the amount of attorneys' fees awarded by the Court to Class Counsel from the Cash Settlement Fund.

j.      **"Final"** (with respect to a judgment or any other court order) means: (i) if no appeal is taken, the expiration of the time to file a notice of appeal under the Federal Rules of Appellate Procedure; or (ii) if an appeal is taken from the judgment or order, the latest of: (1) the date of final dismissal of any such appeal, or the final dismissal of any proceeding on certiorari or otherwise; or (2) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

k.      **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment approving the Settlement to be entered by the Court and the Court will determine the Fee Award and the Service Award, and award any Litigation Expenses to Class Counsel.

l.      **"Final Judgment"** means the order (or orders) both (1) granting final approval of the Settlement and (2) entering final judgment.

m.      **"Gross Settlement Fund"** means the sum (Two Million, Two Hundred and Eighty-Five Thousand and Six Hundred Dollars and Zero Cents ($2,285,600.00)) of the (i) Cash Settlement Fund (One Million Dollars and Zero Cents ($1,000,000.00)); and (ii) the value (One Million, Two Hundred and Eighty-Five Thousand and Six Hundred Dollars and Zero Cents ($1,285,600.00)) of the Non-Cash Tuition Credit (Two Hundred Dollars and Zero Cents ($200.00)) multiplied by the estimated number of Potential Settlement Class Members (6,428).

n.    **"Litigation Expenses"** means costs and expenses incurred by Class Counsel in connection with commencing, litigating, and settling the Action.

o.    **"Long Form Notice**" means the Notice of Class Action Settlement and Hearing, substantially in the form attached hereto as Exhibit A.

p.    **"Named Plaintiff"** means the lead, named plaintiff in this Action: Krystian Wnorowski.

q.    **"Net Settlement Fund"** means the Cash Settlement Fund less any (i) Administrative Expenses, (ii) Fee Award and Litigation Expenses, and (iii) Service Award.

r.    **"Non-Cash Tuition Credit"** means a one-time non-cash $200 credit from UNH that will be used solely to reduce the tuition for enrollment in a UNH course commencing in September 2023 or later. All Settlement Class Members who enroll in a UNH course commencing in September 2023 or later shall be eligible for the Non-Cash Tuition Credit. Upon notifying UNH's Bursar's Office of his or her eligibility for the credit by email at bursar@newhaven.edu, each eligible Settlement Class Member will receive the credit directly into his or her UNH student account. The Non-Cash Tuition Credit will be in addition to any other credits or scholarships award by UNH to Settlement Class Members. The Non-Cash Tuition Credit is available only to the Settlement Class Members and may not be assigned, conveyed, or otherwise transferred to anyone else.

s.    **"Potential Settlement Class"** means all students who were enrolled in any UNH course as of March 24, 2020 with the exception of any non-matriculated high school student who took a UNH course.

t.    **"Potential Settlement Class Member"** means a person who falls within the definition of the Potential Settlement Class as set forth above in Paragraph 1(s).

DocuSign Envelope ID: 752FE398-C7B0-4F3A-9CBF-A554BD9A34C6

u.      **"Preliminary Approval Order"** means an order granting preliminary approval of the Settlement, substantially in the form attached hereto as Exhibit B.

v.      **"Released Settlement Class Parties' Claims"** means any and all suits, claims, controversies, rights, agreements, promises, debts, liabilities, accounts, reckonings, demands, damages, judgments, obligations, covenants, contracts, costs (including, without limitation, attorneys' fees and costs), losses, expenses, actions or causes of action of every nature, character, and description, in law or in equity, that the Releasing Settlement Class Parties ever had, or has, or may have in the future, against the Released UNH Parties upon or by reason of any matter, cause, or thing whatever from the beginning of the world to the Effective Date, arising out of, concerning, or relating in any way to UNH's transition to remote education or other services during and following the COVID-19 pandemic through the end of the Spring 2020 semester, or the implementation or administration of such remote education or other services. This definition includes but is not limited to all claims that were brought or could have been brought in the Action. This definition includes but is not limited to both so called "tuition" and "fees."

w.      **"Released UNH Claims"** means any and all claims the Releasing UNH Parties may have, had, or discover against the Released Settlement Class Parties arising out of or related in any way to the Released Settlement Class Parties' investigation, filing, prosecution, or settlement of this Action.

x.      **"Released UNH Parties"** means UNH and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former officers, directors, trustees, academic affiliates, employees, faculty members, students, agents, representatives, attorneys, outside counsel, predecessors, successors, insurers, agents, and assigns.

y.      **"Released Parties"** means each and any of the Released UNH Parties and each and any of the Released Settlement Class Parties.

z.      **"Released Settlement Class Parties"** means the Settlement Class Representative, Class Counsel, and all other Settlement Class Members, and each of their respective present, future, and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to UNH on their behalf.

aa.     **"Releasing UNH Parties"** means UNH and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former predecessors, successors, and assigns.

bb.     **"Releasing Parties"** means each and any of the Releasing UNH Parties and each and any of the Releasing Settlement Class Parties.

cc.     **"Releasing Settlement Class Parties"** means the Settlement Class Representative, Class Counsel, and all other Settlement Class Members, and each of their respective present, future, and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to UNH on their behalf.

dd.     **"Service Award"** means any payments from the Cash Settlement Fund granted by the Court to the Settlement Class Representative.

ee.     **"Settlement"** means the settlement described in this Settlement Agreement.

ff.     **"Settlement Administrator"** means JND Legal Administration or a replacement administrator upon which the Parties agree if JND Legal Administration becomes

unable to serve as the Settlement Administrator.

        gg.     **"Settlement Benefit"** means each Settlement Class Member's share of the Net Settlement Fund.

        hh.     **"Settlement Class"** means all UNH students who were enrolled in any UNH course as of March 24, 2020, with the exception of: (i) any non-matriculated high school student who took a UNH course; (ii) any person who properly executes and files a proper and timely opt-out request to be excluded from the Settlement Class; and (iii) the legal representatives, successors or assigns of any such excluded person.

        ii.     **"Settlement Class Member"** means a person who falls within the definition of the Settlement Class as set forth above in Paragraph 1(hh).

        jj.     **"Settlement Class Representative"** means Named Plaintiff Krystian Wnorowski.

        kk.     **"Settlement Website"** means the website established by the Settlement Administrator to aid in administering the Settlement.

        ll.     **"Short Form Notice"** means the notice provided for in Paragraphs 18-19, substantially in the form attached hereto as Exhibit C.

        mm.     **"Taxes"** means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Cash Settlement Fund; (ii) the reasonable expenses and costs incurred in connection with determining the amount of, and paying, any taxes owed by the Cash Settlement Fund (including, without limitation, the reasonable expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Cash Settlement Fund, including withholding taxes.

        nn.     **"Uncashed Settlement Checks"** means any checks sent to Settlement

Class Members that remain uncashed after a period of one hundred and eighty (180) days from the date of distribution of the checks to Settlement Class Members.

> oo.    **"UNH"** means the University of New Haven.
>
> pp.    **"UNH's Counsel"** means Shipman & Goodwin LLP.

2.      The word "or" means "and/or."

3.      The plural includes the singular and vice versa.

## **MONETARY RELIEF TO SETTLEMENT CLASS MEMBERS**

4.      The Net Settlement Fund will be divided and distributed equally among Settlement Class Members.

5.      Each Settlement Class Member's Settlement Benefit will be distributed to that Settlement Class Member automatically, with no action required by that Settlement Class Member.

6.      Settlement Class Members will be paid by a check issued by the Settlement Administrator, and the check will be mailed by first class U.S. Mail by the Settlement Administrator to the Settlement Class Member's last known mailing address on file with the University Registrar. The Settlement Administrator will also provide a form on the Settlement Website that Settlement Class Members may visit to (a) provide an updated address for sending a check; or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check. These remaining Settlement Class Members must provide an updated address or elect to receive the Settlement Benefit by Venmo or PayPal no later than sixty (60) days after the Effective Date.

7.      As described in Paragraph 17 herein, within 14 days of the entry of the Preliminary Approval Order, UNH will produce to the Settlement Administrator a list from the University Registrar's records that includes the names and last known email and postal addresses, to the

extent available, belonging to all Potential Settlement Class Members (the "Class List").[1]  The Settlement Administrator shall use the postal addresses provided in the Class List for purposes of sending the Settlement Benefits to Settlement Class Members.

8.      The Settlement Administrator will send the Settlement Benefits to Settlement Class Members within sixty (60) days of the Effective Date. Funds for Uncashed Settlement Checks shall be donated, as a *cy pres* award, to a fund to be created by UNH for the express benefit of UNH students and to be used for the purpose of improving or adding services for UNH students at the Beckerman Recreation Center at UNH's West Haven campus and/or for the purpose of making capital improvements to the same, which improvements would benefit UNH students.

## NON-CASH TUITION CREDIT

9.      All Settlement Class Members who enroll in a UNH course commencing in September 2023 or later shall be eligible for the Non-Cash Tuition Credit.  Upon notifying UNH's Bursar's Office of his or her eligibility for the credit by email at bursar@newhaven.edu, each eligible Settlement Class Member will receive the credit directly into his or her UNH student account.

## RELEASE

10.      The Releasing Settlement Class Parties shall be deemed to have, and by operation of law and of the Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Settlement Class Parties'

---

[1] Consistent with the requirements of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99 (collectively, "FERPA"), and UNH's policies, UNH may disclose directory information to the Settlement Administrator. *See* 34 C.F.R. § 99.37; *see also* University of New Haven, Policy on Directory Information, https://www.newhaven.edu/about/departments/registrar/ferpa/directory-information.php (last visited April 4, 2023).  Moreover, any order granting preliminary or final approval of the Settlement shall constitute a judicial order within the meaning of FERPA, *see* 34 C.F.R. § 99.31(a)(9)(i), and the Settlement and the Court's order shall constitute specific notice of UNH's intention to comply with that order, *see* 34 C.F.R. § 99.31(a)(9)(ii).

DocuSign Envelope ID: 752FE398-C7B0-4F3A-9CBF-A554BD9A34C6

Claims against the Released UNH Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Settlement Class Parties' Claims against any of the Released UNH Parties.

11.     The Releasing UNH Parties shall be deemed to have, and by operation of law and of the Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released UNH Claims against the Released Settlement Class Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released UNH Claims against any of the Released Settlement Class Parties.

12.     The Released Settlement Class Parties' Claims and the Released UNH Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Releasing Parties do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to agree to the Settlement, their decision to release the Released Settlement Class Parties' Claims (in the case of the Releasing Settlement Class Parties) or the Released UNH Claims (in the case of the Releasing UNH Parties), or their decision not to object to the Settlement.

13.     With respect to the Released Settlement Class Parties' Claims and the Released UNH Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, in connection with their respective claims as defined above, they shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law.  Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE

MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR THE RELEASING PARTY.

14.     The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Settlement Class Parties' Claims (in the case of the Releasing Settlement Class Parties) or the Released UNH Claims (in the case of the Releasing UNH Parties), but upon the Effective Date, the Releasing Settlement Class Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Settlement Class Parties' Claims against the Released UNH Parties, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, for damages, injunctive relief, rescission, disgorgement, or restitution or any other right, remedy, or relief of every nature and description whatsoever, whether based on federal, state local, statutory, or common law or any other law, rule, or regulation, including the law of any jurisdiction outside the United States, that were brought or could have been brought in this Action without regard to subsequent discovery or the existence of different or additional facts. Likewise, upon the Effective Date, the Releasing UNH Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released UNH Claims against the Released Settlement Class Parties, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, for damages, injunctive relief, rescission, disgorgement, or restitution or any other right, remedy, or relief of every nature and description whatsoever, whether based on federal, state local, statutory, or common law or any other law, rule, or regulation, including the law of any jurisdiction outside the United States, that were

brought or could have been brought in this Action without regard to subsequent discovery or the existence of different or additional facts.

15.     The Releasing Settlement Class Parties agree not to commence any legal or administrative action against any Released UNH Party with respect to any Released Settlement Class Parties' Claim, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.  The Releasing UNH Parties agree not to commence any legal or administrative action against any Released Settlement Class Party with respect to any Released UNH Claim, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

## CAFA NOTICE

16.     On May 1, 2023, the Settlement Administrator, on behalf of UNH, caused the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") to be served upon the Attorneys General of each U.S. State or territory in which, based on a preliminary Class List, Settlement Class Members reside, the Attorney General of the United States, and other government officials as required by law. Fees and costs associated with the CAFA notice shall constitute an Administrative Expense to be deducted from the Cash Settlement Fund. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, the Settlement Administrator, on behalf of UNH shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

## CLASS NOTICE

17.     Within fourteen (14) days of the entry of the Preliminary Approval Order, UNH will produce to the Settlement Administrator a list from the University Registrar's records that includes the names and last known email and postal addresses, to the extent available, belonging to all

DocuSign Envelope ID: 752FE398-C7B0-4F3A-9CBF-A554BD9A34C6

Potential Settlement Class Members (the "Class List"). The Class List will be provided to the Settlement Administrator for the sole purpose of the Settlement Administrator performing its obligations pursuant to the Settlement and shall not be used for any other purpose at any time. No charge to the Settlement Class or Cash Settlement Fund will be made by UNH for collection, correction, and provision of this information.

18.     Following the entry of the Preliminary Approval Order, the Settlement Administrator shall send the Short Form Notice substantially in the form attached hereto as Exhibit C via email to persons listed on the Class List.  If an email address is not available for a Potential Settlement Class Member, the Short Form Notice will be sent to the Potential Settlement Class Member's last known mailing address via U.S. mail.  Unless adjusted by Court order, the sending or mailing of the Short Form Notice shall be completed within thirty (30) days after the entry of the Preliminary Approval Order.

19.     The Short Form Notice shall advise the Potential Settlement Class Members of their rights under the Settlement, including the right to be excluded from and/or object to the Settlement or its terms.  The Short Form Notice shall also inform Potential Settlement Class Members that they can access the Long Form Notice on the Settlement Website, which the Long Form Notice shall advise the Potential Settlement Class Members of the procedures outlined in Paragraphs 23–27 and 28–30, specifying how to request exclusion from the Settlement or submit an objection to the Settlement.

20.     No later than fourteen (14) days after the entry of the Preliminary Approval Order, and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website.  The Settlement Website will allow Settlement Class Members to provide an updated mailing address to receive a paper check or to elect to receive their Settlement Benefit via

Venmo or PayPal. The Settlement Website shall include, in downloadable format, the following: (i) the Long Form Notice; (ii) the Preliminary Approval Order; (iii) the Settlement Agreement (including all of its exhibits); (iv) a Question and Answer section agreed to in good faith by the Parties anticipating and answering Settlement related questions from prospective class members; (v) contact information for the Settlement Administrator, including a Toll Free number, as well as Settlement Class Counsel; (vi) all preliminary and final approval motions filed by the Parties, and any orders ruling on such motions and (vii) any other materials agreed upon by the Parties and/or required by the Court.

21.     No later than fifteen (15) days after the entry of the Preliminary Approval Order and until the date the Final Judgment is entered, UNH will provide a link to the Settlement Website at https://www.newhaven.edu/. No later than thirty (30) days after the entry of the Preliminary Approval Order, UNH will cause the Settlement Administrator to provide for supplemental access to the information in the Short and/or Long Form Notices in a manner to be ordered by the Court.

22.     Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions of the Preliminary Approval Order concerning the distribution of the Short Form Notice to the Settlement Class as well as a summary of activity on/visits to the dedicated Settlement Website.

**REQUESTS FOR EXCLUSION**

23.     A Potential Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator, in care of the address provided in the Long Form Notice, postmarked no later than forty-five (45)

days after the issuance of the Short Form Notice (the "Objection/Exclusion Deadline"), which date shall be included in the Short Form Notice and on the dedicated Settlement Website, provided that (1) if there is no legible post mark, the request for exclusion must be received by the Settlement Administrator within fourteen (14) days of the Objection/Exclusion Deadline.

24.     The written request for exclusion must:

        (a)    include a statement requesting exclusion from the Settlement Class;

        (b)    be personally signed by the Potential Settlement Class Member; and

        (c)    include the caption for the Action and the Potential Settlement Class Member's name, address, and either a telephone number or email address.

25.     A request to be excluded from the Settlement Class that does not include all of the foregoing information in Paragraph 24, that is sent to an address other than that designated in the Long Form Notice, or that is not postmarked or received within the time specified, shall be invalid, unless otherwise agreed to by the Parties, and any individual sending such request shall be deemed to remain in the Settlement Class and shall be bound as a Settlement Class Member by the Settlement, if approved by the Court. Any Potential Settlement Class Member who properly elects to be excluded, in compliance with the requirements set forth in Paragraphs 23–24, shall not: (a) be bound by any orders of the Court or the Final Judgment; (b) be entitled to relief under the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be permitted to object to any aspect of the Settlement.

26.     A request to be excluded from the Settlement Class must be personal. Any particular Potential Settlement Class Member may not purport to opt other Potential Settlement Class Members out of the Settlement Class on a class or representative basis.

27.     UNH has the right to audit the exclusion process for evidence of fraud or error, and

DS
GSS

the Court will be the final arbiter of an exclusion's validity.

### OBJECTIONS BY SETTLEMENT CLASS MEMBERS

28. Any Settlement Class Member may submit a written objection to the Settlement, the Service Award, and/or the Fee Award. The Settlement Class Member must mail their written objection(s) to the Clerk of Court with a postmark no later than the Objection/Exclusion Deadline, provided that (1) if there is no legible post mark, the objection must be received by the Clerk of Court within fourteen (14) days of the Objection/Exclusion Deadline and (2) if the Settlement Class Member is represented by counsel, such counsel may submit the written objection via the Court's electronic case filing system no later than the Objection/Exclusion Deadline. Copies must also be sent at the same time via mail, hand, or overnight delivery service to Class Counsel and UNH's Counsel at the addresses set forth below in Paragraph 71.

29. The written objection(s) must:

(a) state that the person objecting is a Settlement Class Member;

(b) include the name, address, email, and telephone number of the Settlement Class Member objecting;

(c) be personally signed by the objecting Settlement Class Member;

(d) contain a statement that includes all objections, provides whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and provides the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); and

(e) include a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel.

30. Any Settlement Class Member who fails to timely file a written objection with the Court and/or timely file notice of their intent to appear at the Final Approval Hearing in accordance

with the terms of Paragraphs 28–29 and as detailed in the Long Form Notice, with copies to designated counsel for each of the Parties, shall not be permitted to object to the Settlement, the Service Award, and/or the Fee Award at the Final Approval Hearing; shall be foreclosed from seeking any review of the Settlement, the Service Award, and/or the Fee Award by appeal or other means; and shall be deemed to have waived their objection(s) and be forever barred from making any such objection(s) in the Action or any other related action or proceeding.

## SETTLEMENT ADMINISTRATION

31.    The Settlement Administrator shall administer the Settlement and shall act under Class Counsel's supervision and subject to the jurisdiction of the Court.  Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund, subject to Court approval.

32.    The Settlement Administrator shall, inter alia:

(a)    send Short Form Notice to the Potential Settlement Class Members, as described in Paragraph 19;

(b)    establish the Settlement Website, and dedicated toll free informational phone number as described in Paragraph 20;

(c)    serve as Escrow Agent for the Cash Settlement Fund;

(d)    forward to Class Counsel, with copies to UNH's Counsel, all documents and other materials received in connection with the administration of the Settlement promptly upon receipt;

(e)    receive requests for exclusion and other requests from the Potential Settlement Class Members and promptly provide a copy of such requests to Class Counsel and UNH's Counsel upon receipt, including any requests received after the Objection/Exclusion

Deadline;

        (f)      provide (at least) weekly reports to Class Counsel and UNH's Counsel, including without limitation, reports regarding any requests for exclusion received;

        (g)      make available for inspection by Class Counsel and UNH's Counsel any documentation related to the Settlement submitted to the Settlement Administrator, and any correspondence related to the Settlement sent or received by the Settlement Administrator, at any time upon reasonable notice;

        (h)      provide reports and other information to the Court as the Court may require; and

        (i)      undertake other administrative tasks in a rational, responsive, cost effective, and timely manner.

33.      The Settlement Administrator shall keep the Class List and all personal information, including the identity and mailing addresses of the Potential Settlement Class Members, confidential. The Parties agree that this information may not be used for any purpose other than effectuating the terms of the Settlement or the duties or obligations arising hereunder.

34.      The Settlement Administrator shall maintain reasonably detailed records of its activities under the Settlement, including all such records as are required by applicable law, in accordance with its normal business practices, which will be made available to Class Counsel and UNH's Counsel upon request. Should the Court request, Class Counsel, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator.

## **SETTLEMENT APPROVAL ORDER AND FINAL APPROVAL ORDER**

35.      In coordination with UNH's Counsel, on April 21, 2023, Class Counsel moved for

preliminary approval of the settlement as it was described in the Original Settlement Agreement, and for provisional certification of the Settlement Class for settlement purposes only, appointment of Named Plaintiff as Settlement Class Representative, appointment of Class Counsel as counsel for the Settlement Class, and the scheduling of the Final Approval Hearing. (*See* ECF 132 and 132-1). Concurrently with the Motion for Preliminary Approval, Class Counsel applied to the Court for, and UNH agreed to, entry of the proposed Preliminary Approval Order, substantially in the form attached to the Original Settlement Agreement as Exhibit B. The Parties agree that the changes in this Amended Settlement Agreement are being made solely for the purpose of addressing the issues raised by the Court in the May 24, 2023 status conference described above and that the changes are minimal enough that the Court may rely on Plaintiff's Motion for Preliminary Approval (ECF 132) and memorandum of law in support of the same (ECF 132-1) as the basis to approve the Settlement as described in this Amended Settlement Agreement. In conjunction with this Amended Settlement Agreement, the Parties shall also file an Amended Proposed Order Granting Preliminary Approval of the Settlement, Directing Notice to the Class, Setting a Hearing on Final Approval, and Provisionally Certifying the Proposed Settlement Class ("Amended Proposed Preliminary Approval Order"), which shall replace and supersede the proposed Preliminary Approval Order attached to the Original Settlement Agreement as Exhibit B.

36.     Class Counsel has requested that the Court hold a Final Approval Hearing, which shall be held no less than seventy-five (75) days after the Short Form Notice is disseminated.

37.     After the Short Form Notice is disseminated, and no later than ten (10) days before the Final Approval Hearing, Class Counsel, in coordination with UNH's Counsel, shall file a motion asking the Court to issue a Final Judgment, substantially in the form attached hereto as

DocuSign Envelope ID: 752FE398-C7B0-4F3A-9CBF-A554BD9A34C6

Exhibit D, which Final Judgment will, subject to any modifications that the Court may deem necessary, among other things:

          (a)     approve the Settlement as fair, reasonable, and adequate to the Settlement Class, and direct consummation of the Settlement in accordance with the terms and provisions of the Settlement;

          (b)     fully and finally dismiss the Action with prejudice, and without costs (except as may be provided herein) to any Party as against any other;

          (c)     incorporate the releases set forth above in Paragraphs 10–15, make the releases effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

          (d)     approve the manner of distribution of the Net Settlement Fund and order that payments be made to Settlement Class Members only in accordance with same;

          (e)     award Class Counsel from out of the Cash Settlement Fund such Fee Award and Litigation Expenses as the Court may allow;

          (f)     award the Settlement Class Representative from out of the Cash Settlement Fund such Service Awards as the Court may allow; and

          (g)     reserve jurisdiction over: (i) implementation of the Settlement and any distribution to Settlement Class Members, pursuant to further orders of the Court; (ii) disposition of the Cash Settlement Fund; (iii) the Action, until each and every act agreed to be performed pursuant to the Settlement shall have been performed, pursuant to further orders of the Court; and (iv) the Parties, for the purpose of enforcing and administering the Settlement.

SG-20253989v3

## SETTLEMENT CONSIDERATION

38.     The Cash Settlement Amount shall be the sum of One Million Dollars and Zero Cents ($1,000,000.00). Within ten (10) business days after the Court enters the Preliminary Approval Order, UNH shall deposit into an escrow account established by the Settlement Administrator / Escrow Agent (the "Escrow Account"), the sum of $1,000,000.00. No person or entity shall be liable to pay any amount pursuant to the Settlement except as set forth in this paragraph.

## USE OF SETTLEMENT

39.     The Cash Settlement Fund shall be used to pay: (a) any Administrative Expenses incurred in accordance with Paragraph 1(b); (b) any Fee Award and Litigation Expenses granted by the Court; and (c) any Service Award granted by the Court. The remaining funds, the Net Settlement Fund, shall be distributed to Settlement Class Members according to the Settlement.

40.     The Cash Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Cash Settlement Fund is distributed as provided in Paragraphs 4–8.

41.     Until the Effective Date, the Escrow Account shall be under the control of the Escrow Agent, on behalf of the Settlement Class Representative, the Settlement Class, and UNH. The Escrow Agent shall cause the Cash Settlement Fund to be invested exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments), except that any cash balances up to the amount that is insured by the Federal Deposit Insurance Corporation ("FDIC") may be deposited in any account that is fully insured by the FDIC. The Escrow Agent shall cause all interest on the Escrow Account to be collected and reinvested. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds

held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. The Released UNH Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Cash Settlement Fund shall be borne solely by the Cash Settlement Fund.

42.     The Cash Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator, as administrator of the Cash Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Cash Settlement Fund. The Settlement Administrator shall also be responsible for causing payment to be made from the Cash Settlement Fund of any Taxes owed with respect to the Cash Settlement Fund. The Released UNH Parties shall not have any liability or responsibility for any such Taxes. Upon written request, UNH will provide to the Settlement Administrator the statement described in Treasury Regulation § 1.468B-3(e). The Settlement Administrator, as administrator of the Cash Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

43.     All Taxes shall be paid out of the Cash Settlement Fund and shall be timely paid pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Cash Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Cash Settlement Fund shall be paid out of the Cash Settlement Fund as provided herein.  The Released UNH Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator with respect to the payment of Taxes.

44.     This Settlement is not a claims-made settlement.  As of the Effective Date, all rights of UNH in or to the Cash Settlement Fund shall be extinguished.

45.     Prior to the Effective Date, no disbursements shall be made out of the Cash Settlement Fund except: (a) upon order of the Court; or (b) as provided in the Settlement.  Prior to the Effective Date, the Escrow Agent may pay from the Cash Settlement Fund Administrative Expenses actually incurred and paid or payable, which shall not exceed $75,000.  If, prior to the Effective Date, Administrative Expenses exceed $75,000, such additional amounts shall be paid only after approval by both Class Counsel and UNH's Counsel, which shall not be unreasonably withheld. After the Effective Date, the Escrow Agent may pay from the Cash Settlement Fund any additional, unpaid Administrative Expenses only after approval by both Class Counsel and UNH's Counsel. The Released UNH Parties are not responsible for, and shall not be liable for, any Administrative Expenses.

46.     If the Effective Date does not occur, or if the Settlement is voided, terminated, or cancelled pursuant to the terms of the Settlement, the Settlement Class Representative and Class Counsel shall have no obligation to repay any of the Administrative Expenses that have been paid

DocuSign Envelope ID: 752FE398-C7B0-4F3A-9CBF-A554BD9A34C6

or incurred in accordance with Paragraph 1(b). Any amounts remaining in the Cash Settlement Fund after payment of Administrative Expenses incurred in accordance with Paragraph 1(b), including all interest earned on the Cash Settlement Fund net of any Taxes, shall be returned to UNH. No other person or entity shall have any further claim whatsoever to such amounts.

47.    The Net Settlement Fund will be distributed in the manner set forth in Paragraphs 4–8. The manner of distribution of the Net Settlement Fund, as described in Paragraphs 4–8, the treatment of Uncashed Settlement Checks, as described in Paragraph 8, and the identity of the Settlement Administrator, as described in Paragraph 1(ff), are not necessary terms of the Settlement, and it is not a condition of the Settlement that any particular manner of distribution of the Net Settlement Fund be approved by the Court. The Settlement Class Representative and Class Counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the manner of distribution of the Net Settlement Fund or any other plan of distribution in this Action. Any order or proceeding relating to the manner of distribution of the Net Settlement Fund or any other plan of distribution in this Action, or any appeal from any such order, shall not operate to terminate or cancel the Settlement.

48.    Payment pursuant to the Final Judgment shall be final and conclusive against all Settlement Class Members. All Settlement Class Members who have not opted out of the Settlement Class shall be bound by all terms of the Settlement, including the Final Judgment to be entered in this Action, and will be permanently barred and enjoined from bringing any action against the Released UNH Parties with respect to any and all of the Released Settlement Class Parties' Claims.

49.    No person or entity shall have any claim or cause of action against the Settlement Class Representative, Class Counsel, the Settlement Administrator, or any other agent designated

by Class Counsel arising from distributions made substantially in accordance with the Settlement, the manner of distribution of the Net Settlement Fund as approved by the Court, or any order of the Court.

50.     The Released UNH Parties shall have no responsibility for, interest in, or liability whatsoever with respect to distribution of the Net Settlement Fund, the payment or withholding of Taxes, the Escrow Account, the Escrow Agent, the Settlement Administrator, Administrative Expenses, or any losses incurred in connection with the foregoing. No person, including the Settlement Class Representative, Settlement Class Members, and Class Counsel, shall have any claim of any kind against the Released UNH Parties with respect to the matters set forth in this paragraph.

## AWARDS FOR ATTORNEYS' FEES
## AND SETTLEMENT CLASS REPRESENTATIVE

51.     Settlement Class Representative may seek, and the Court may award, reasonable case contribution Service Award to him for his service in the case and to the Settlement Class not to exceed Ten Thousand Dollars and Zero Cents ($10,000.00), which shall come from the Cash Settlement Fund. This shall be in addition to any Settlement Benefit that Settlement Class Representative may receive as Settlement Class Members. If the Court approves a request for a Service Award, the Settlement Administrator will distribute the Service Award to the Settlement Class Representative along with his Settlement Benefit no later than sixty (60) days after the Effective Date.

52.     No later than fourteen (14) days prior to the Objection/Exclusion Deadline, Class Counsel will apply to the Court for a Fee Award to Class Counsel to be paid from (and out of) the Cash Settlement Fund and not to exceed Five Hundred Thousand Dollars and Zero Cents ($500,000.00). In addition to the Fee Award, Class Counsel also will apply to the Court for

reimbursement of their Litigation Expenses, which may include a request for reimbursement of the Settlement Class Representative's costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Cash Settlement Fund.

53.     Any Fee Award and Litigation Expenses shall be paid to Class Counsel from out of the Cash Settlement Fund upon request after entry of an order by the Court awarding such Fee Award and Litigation Expenses. In the event that there is no Effective Date or the Settlement is terminated pursuant to the terms of the Settlement, Class Counsel shall repay to UNH the full amount of the Fee Award and Litigation Expenses paid to Class Counsel from the Cash Settlement Fund, including any accrued interest. In the event that the Fee Award or award of Litigation Expenses is vacated, modified, reversed, or rendered void as the result of any appeal, further proceedings on remand, or successful collateral attack, Class Counsel shall repay to the Cash Settlement Fund the amount of the Fee Award and/or Litigation Expenses reversed, vacated, or modified, including any accrued interest. Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from UNH's Counsel notice of the termination of the Settlement; or (b) any order reversing or modifying the Final Judgment, vacating the Final Judgment, or reducing or reversing the Fee Award or Litigation Expenses has become Final.

54.     The granting by the Court of any Service Award, Fee Award, or Litigation Expenses is not a necessary term of the Settlement, and it is not a condition of the Settlement that any particular Service Award, Fee Award, or Litigation Expenses be approved by the Court. The Settlement Class Representative and Class Counsel may not cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to any Service Award, Fee Award, or Litigation Expenses. Any order or proceeding relating to any Service Award, Fee Award, or Litigation Expenses, or any appeal from any such order, shall not operate to terminate or cancel

the Settlement. However, distribution of all or a portion of the Cash Settlement Fund may be delayed in the event of an appeal concerning any Service Award, Fee Award or Litigation Expenses.

## NO ADMISSION OF WRONGDOING

55.    UNH denies any wrongdoing or culpability. Neither the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, is, may be construed as, or may be used as an admission by or against UNH of any fault, wrongdoing, or liability whatsoever.

56.    Pursuant to Federal Rule of Evidence 408, entering into or carrying out the Settlement, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by UNH, and shall not be offered or received into evidence in any action or proceeding against the Released UNH Parties in any court or before any administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of the Settlement or the provisions of any related agreement or exhibit hereto.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL CANCELLATION, OR TERMINATION

57.    The Parties agree that, if the number of persons who properly execute and file a timely request for exclusion from the Settlement reaches four percent (4%) of the Potential Settlement Class Members, UNH has the unilateral right, in its sole discretion, to declare the Settlement void in its entirety upon notice to Class Counsel.

(a)    Class Counsel shall promptly, and in any event not less than ten (10) days prior to the Final Approval Hearing, notify UNH's Counsel of all requests for exclusion submitted by Potential Settlement Class Members and provide UNH's Counsel with copies of any such

requests for exclusion.

(b)     If UNH intends to exercise its unilateral right of termination set forth herein, written notice of such intent must be provided to Class Counsel at least seven (7) days prior to the Final Approval Hearing.  Within five (5) days of such notice, Class Counsel and UNH's Counsel shall meet and confer concerning the potential termination of the Settlement.

(c)     Following the meet and confer, and at least seven (7) days prior to the Final Approval Hearing, UNH shall provide Class Counsel with written notice that UNH is exercising its unilateral right of termination set forth herein.  UNH may withdraw its termination by providing written notice of such withdrawal to Class Counsel no later than one (1) business day prior to the scheduled Final Approval Hearing.

(d)     If UNH elects to terminate the Settlement in accordance with the terms set forth herein, the Settlement shall be deemed terminated and cancelled, and the provisions of Paragraph 58 shall apply.

58.     If (i) UNH exercises its right to terminate the Settlement as provided in Paragraph 57; (ii) the Court disapproves the Settlement; or (iii) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     the Settlement shall be cancelled and terminated;

(b)     the terms and provisions of the Settlement shall have no further force and effect whatsoever;

(c)     Class Counsel shall repay to UNH any Fee Award and/or Litigation Expenses paid to Class Counsel from the Cash Settlement Fund, including any accrued interest, within thirty (30) days after: (1) receiving from UNH's Counsel notice of the termination of the Settlement; or (2) any

DocuSign Envelope ID: 752FE398-C7B0-4F3A-9CBF-A554BD9A34C6

order reversing or vacating the Final Judgment;

(d)    within ten (10) business days after written notice is sent by UNH or its counsel to the Escrow Agent and Class Counsel, the Escrow Agent shall cause the Cash Settlement Fund and all interest earned thereon (subject to the expiration of any time deposit not to exceed ninety (90) days) to be refunded to UNH, less any Administrative Expenses paid or incurred in accordance with the terms of the Settlement; and

(e)    the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of the Settlement, and they shall proceed in all respects as if the Settlement, its exhibits, and any related agreements or orders, had never been executed.  In such event, the Parties jointly will seek to vacate any order entered or actions taken in connection with the Settlement.

## MISCELLANEOUS PROVISIONS

59.    The Settlement will be executed by UNH, UNH's Counsel, the Named Plaintiff, and Class Counsel. All counsel executing the Settlement represent and warrant that they are authorized and empowered to execute the Settlement on behalf of their clients, and that the signature of such counsel is intended to and does legally bind the clients of such counsel.

60.    Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement to effectuate its terms. Class Counsel also are authorized to enter into any modifications or amendments to the Settlement on behalf of the Settlement Class which such counsel deem appropriate.

61.    All of the exhibits attached hereto are hereby incorporated by this reference as though

fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of the Settlement and the terms of any exhibit attached hereto, the terms of the Settlement shall prevail.

62.     The Settlement may be amended or modified only by a written instrument signed by or on behalf of the Settlement Class Representative and UNH or their successors-in-interest, except to the extent that any modification would be inconsistent with any order by the Court.

63.     The waiver by one Party of any breach of the Settlement by any other Party shall not be deemed a waiver, by that Party or by any other Party to the Settlement, of any other prior or subsequent breach of the Settlement.

64.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

65.     The Settlement and its exhibits constitute the entire agreement among the Parties hereto, and no other agreements, representations, warranties, or inducements have been made to any Party concerning the Settlement or its exhibits other than those contained and memorialized in such documents.

66.     The Settlement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Signatures may be originals, or facsimile or pdf copies.

67.     The Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to the Settlement.

68.     The construction, interpretation, operation, effect, and validity of the Settlement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of

Connecticut, without regard to conflicts of laws, except to the extent federal law requires that federal law govern.

69. Any action arising under or to enforce the Settlement or any portion thereof, shall be commenced and maintained only in the United States District Court for the District of Connecticut.

70. The Parties and their counsel agree to use their best efforts, and to take all reasonable steps necessary, to obtain the entry of the Final Judgment, and to effectuate the Settlement. Any such actions taken by the Parties, and any actions taken by the Parties to comply with the Settlement, will be in accordance with federal, state, and/or local law, including but not limited to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. Part 99.

71. If any Party is required to give notice to another Party under the Settlement, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to the Settlement Class Representative or Class Counsel:

> **POULIN | WILLEY | ANASTOPOULO, LLC**
> Attn: Paul Doolittle
> 32 Ann Street
> Charleston, SC 29403
> Email: pauld@akimlawfirm.com

If to the University of New Haven:

> **SHIPMAN & GOODWIN LLP**
> Attn: Linda L. Yoder
> One Constitution Plaza
> Hartford, CT 06103
> lyoder@goodwin.com

72. The Parties intend the Settlement to be a final and complete resolution of all

disputes asserted or which could be asserted by the Settlement Class Representatives, and any other Settlement Class Members, against the Released UNH Parties with respect to the Released Settlement Class Parties' Claims. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a Settlement that was reached voluntarily after (1) extensive negotiations through an extensive mediation process conducted by an experienced magistrate judge suggested by the Court and (2) consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed, by their duly authorized attorneys, as for the date stated above:

ACCEPTED AND AGREED:
**PLAINTIFF**

Krystian Wnorowski

Dated: 6/7/2023

**POULIN | WILLEY | ANASTOPOULO, LLC**
(Counsel for Plaintiff)

By: _____
Paul Doolittle

Dated: 06/07/2023

**UNIVERSITY OF NEW HAVEN**

By: George S. Synodi
George S. Synodi
*Vice President for Finance & Administration*

Dated: 6/7/2023

**SHIPMAN & GOODWIN LLP**
(Counsel for Defendant University of New Haven)

By: _____
Linda L. Yoder

Dated: 6/7/2023