UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KRYSTIAN WNOROWSKI,
individually and on behalf of
others similarly situated,

    Plaintiff,

v.

UNIVERSITY OF NEW HAVEN,

    Defendant.

No. 3:20-cv-01589 (MPS)

# [PROPOSED] FINAL JUDGMENT

**WHEREAS**, the Plaintiff Krystian Wnorowski and the Defendant University of New Haven ("UNH"), the Parties to the above-captioned putative class action (the "Action"), executed a Settlement Agreement dated as of April 21, 2023 (ECF 133-1) (the "Original Settlement Agreement"), and subsequently an Amended Settlement Agreement, dated June 7, 2023 (ECF 138-1) (the "Amended Settlement Agreement"), which superseded and replaced the Original Settlement Agreement (the "Settlement");

**WHEREAS**, on June 12, 2023, the Court entered an Order Granting Preliminary Approval of the Settlement, Directing Notice to the Class, Setting a Hearing on Final Approval, and Provisionally Certifying the Settlement Class (ECF 141) ("Preliminary Approval Order"), which, inter alia: (i) preliminarily approved the Settlement; (ii) preliminarily determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class comprising:

> All UNH students who were enrolled in any UNH course as of March 24, 2020, with the exception of: (i) any non-matriculated high school student who took a UNH course; (ii) any person who properly executes and files a proper and timely opt-out request to be excluded from the Settlement Class; and (iii) the legal representatives, successors or assigns of any such excluded person.

(iii) preliminarily appointed Krystian Wnorowski as Settlement Class Representative; (iv) preliminarily appointed Poulin | Willey | Anastopoulo, LLC as Class Counsel; (v) approved the forms and manner of notice of the Settlement to Potential Settlement Class Members; (vi) directed that appropriate notice of the Settlement be given to the Potential Settlement Class; and (vii) set a hearing date to consider Final Approval of the Settlement;

**WHEREAS**, notice of the Settlement was provided to Potential Settlement Class Members in accordance with the Court's Preliminary Approval Order;

**WHEREAS**, on October 3, 2023 at 10:00 a.m. EST at the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut, 06103, this Court held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Settlement Class ("Fairness Hearing");

**WHEREAS**, at the Fairness Hearing, the Court ordered the Parties to file a modification to the Amended Settlement Agreement that is consistent with Court's oral orders at the Final Approval Hearing and that reflects the changes to the Settlement proposed in UNH's Supplemental Statement Regarding Fall 2023 Enrollments and Tuition Credit Requests and Notice (ECF 154);

**WHEREAS**, on October 10, 2023, pursuant to the Court's oral orders at the Fairness Hearing, the Parties entered into an Agreement to Modify the Amended Settlement Agreement ("Modification Agreement"), which revised the provisions in the Amended Settlement Agreement regarding the Non-Cash Tuition Credit and incorporated additional provisions regarding supplemental notice about the same; and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement and all other files, records, and proceedings in the Action,

and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

  A. This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and all the Settlement Class Members for purposes of the Settlement.

  B. This Order incorporates the definitions in the Amended Settlement Agreement, as modified by the Modification Agreement, and all terms used in the Order have the same meanings as set forth in the Amended Settlement Agreement, as modified by the Modification Agreement, unless otherwise defined herein.

  C. The Short Form Notice and Long Form Notice ("the Notices") provided to the Potential Settlement Class in accordance with the Preliminary Approval Order constituted the best notice practicable under the circumstances of this Action and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled to notice. The Notices fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

  D. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

  E. For purposes of the Settlement only, the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

  F. Class Counsel and the Settlement Class Representative have fairly and adequately represented the Settlement Class, both with respect to litigation of the Action and for purposes of negotiating, entering, and implementing the Settlement. Class Counsel and the Settlement Class Representative have satisfied the requirements of Rules 23(a)(4) and 23(g) of the

Federal Rules of Civil Procedure.

G.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement, as: (i) it is in all respects fair, reasonable, and adequate to the Settlement Class; (ii) it was the product of informed, arm's-length negotiations among competent, able counsel, and the negotiations were facilitated by an experienced mediator and U.S. Magistrate Judge, the Honorable S. Dave Vatti; (iii) it was based on a record that is sufficiently developed to have enabled the Settlement Class Representative and UNH to adequately evaluate their positions; (iv) the relief provided to the Settlement Class is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined in the Settlement; (v) the Settlement treats Settlement Class Members equitably relative to one another; and (vi) the Settlement was positively received by the Settlement Class.

H.  No persons have requested to be excluded from the Settlement Class. (*See* ECF No. 146-4, Decl. of Heather Follensbee, ¶ 19.)

I.  The Settlement Class Representative and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.  The Settlement is fair, reasonable, and adequate to the Settlement Class. Accordingly, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

2.  All Parties to this Action, and all Settlement Class Members, are bound by the Settlement and this Final Judgment.

3.  Final Judgment shall be, and hereby is, entered dismissing the Action with prejudice, and without taxation or costs in favor of or against any Party.

4. The Settlement Class Representative, Class Counsel, and all other Settlement Class Members, and each of their respective present, future, and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to UNH on their behalf (hereinafter "Releasing Settlement Class Parties"), are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged UNH and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former officers, directors, trustees, academic affiliates, employees, faculty members, students, agents, representatives, attorneys, outside counsel, predecessors, successors, insurers, agents, and assigns (hereinafter "Released UNH Parties"), from any and all suits, claims, controversies, rights, agreements, promises, debts, liabilities, accounts, reckonings, demands, damages, judgments, obligations, covenants, contracts, costs (including, without limitation, attorneys' fees and costs), losses, expenses, actions or causes of action of every nature, character, and description, in law or in equity, that any Releasing Settlement Class Party ever had, or has, or may have in the future, against the Released UNH Parties upon or by reason of any matter, cause, or thing whatever from the beginning of the world to the Effective Date, arising out of, concerning, or relating in any way to UNH's transition to remote education or other services during and following the COVID-19 pandemic through the end of the Spring 2020 semester, or the implementation or administration of such remote education or other services, including but not limited to all claims that were brought or could have been brought in the Action (hereinafter "Released Settlement Class Parties' Claims").

5. The Releasing Settlement Class Parties are hereby barred and permanently

enjoined from instituting, asserting, or prosecuting any or all of the Released Settlement Class Parties' Claims against any of the Released UNH Parties.

6. UNH and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former predecessors, successors, and assigns (hereinafter "Releasing UNH Parties"), are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged the Settlement Class Representative, Class Counsel, and all other Settlement Class Members, and each of their respective present, future, and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to UNH on their behalf (hereinafter "Released Settlement Class Parties"), from any and all claims UNH may have, had, or discover against the Released Settlement Class Parties arising out of or related in any way to the Released Settlement Class Parties' investigation, filing, prosecution, or settlement of this Action (hereinafter the "Released UNH Claims").

7. The Releasing UNH Parties are hereby barred and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released UNH Claims against any of the Released Settlement Class Parties.

8. The manner of distribution of the Net Settlement Fund and the Non-Cash Tuition Credit as described in the Settlement, as modified by the Modification Agreement, is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Net Settlement Fund or the Non-Cash Tuition Credit, so long

as they are not materially inconsistent with this Final Judgment, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

9. After the Effective Date of this Settlement, UNH shall implement the three forms of supplemental notice to the Settlement Class Members regarding the Non-Cash Tuition Credit, described in Paragraphs 3 through 5 of the Modification Agreement.

10. For a period of two years after the Effective Date of the Settlement, UNH, through its Counsel, shall provide the Court with status reports every ____ months regarding UNH's compliance with the supplemental notices to Settlement Class Members described in Paragraphs 4 and 5 of the Modification Agreement.

11. The Court hereby decrees that neither the Settlement, nor this Final Judgment, nor the fact of the Settlement is an admission or concession by UNH of any fault, wrongdoing, or liability whatsoever. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against UNH or the Released UNH Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement.

12. Class Counsel are awarded attorneys' fees in the amount of $274,550.00 and reimbursement of litigation expenses in the amount of $15,951.45 with such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Settlement.

13. Administrative Expenses, which shall not exceed $75,000, are to be paid out of the Settlement Fund to JND Legal Administration for the performance of its responsibilities as the Settlement Administrator, in accordance with the terms of the Settlement.

14. Settlement Class Representative is awarded a case contribution award in the

amount of $10,000. The Settlement Class Representative's award is to be paid from out of the Settlement Fund in accordance with the terms of the Settlement.

15. Without affecting the finality of this Final Judgment in any way, the Court retains and reserves jurisdiction over: (a) the implementation of this Settlement, including the issuance of Non-Cash Tuition Credits and any distributions from the Cash Settlement Fund; (b) the Action, until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement and any further orders of the Court; and (c) the Parties, for the purpose of enforcing and administering the Settlement.

16. There is no just reason to delay the entry of this Final Judgment as a Final Judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Action and to close the case.

17. In the event that this Final Judgment does not become Final, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and this Order shall be vacated. In such event, all orders entered, and releases delivered in connection with the Settlement, shall be null and void, except those necessary to effect termination of the Settlement. In such event, the Action shall return to its status immediately prior to execution of the Settlement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: _____

_____
The Hon. Michael P. Shea
United States District Judge